**HORTON, OBERRECHT, KIRKPATRICK & MARTHA**
Cheryl A. Kirkpatrick, Esq. (SBN 149906)
Peter C.L. Chen, Esq. (SBN 246720)
3 Park Plaza, Suite 350
Irvine, CA 92614
PH: (949) 251-5100
FX: (949) 251-5104
Email: ckirkpatrick@hortonfirm.com / pchen@hortonfirm.com

Attorneys for Defendant Corona Seeds, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agricola Cuyuma SA;<br>Corporacion Agricola Vinasol SAC;<br><br>          Plaintiffs,<br>v.<br><br>Corona Seeds, Inc.;<br><br>          Defendant. | **CASE NO. 2:17-cv-8220 DMG (SKx)**<br><br>**CORONA SEEDS, INC.'S EX PARTE APPLICATION TO REVISE SCHEDULING ORDER**<br><br>**[Filed Concurrently with Declaration of Peter C.L. Chen; [Proposed] Order**<br><br>**District Judge: Hon. Dolly M. Gee**<br><br>**Date: TBD**<br>**Time: TBD**<br>**Courtroom: 8C, 8th Floor**<br><br>Complaint Served: December 21, 2017<br>Trial Date: January 14, 2020<br><br>Judge: Hon. Dolly M. Gee<br>Magistrate: Hon. Steve Kim |

**TO THE HONORABLE DOLLY M. GEE, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to Local Rule 7-19, Corona Seeds, Inc. (hereinafter referred to as "CORONA") will move *ex parte* for an Order modifying the Scheduling Order. Plaintiffs Agricola Cuyuma SA ("Cuyuma") and Corporacion Agricola Vinasol SAC's ("AVSA") (collectively referred to as "Plaintiffs") filed their original complaint on December 21, 2017. Plaintiffs subsequently filed their third

1
CORONA SEEDS, INC.'S EX PARTE APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER

amended, and operative, complaint on February 26, 2019.  Plaintiffs named, for the first time, Crites Seeds, Inc. (hereinafter referred to as "CRITES") in their third amended complaint (hereinafter referred to as "TAC").  CORONA filed its answer to the operative complaint on March 11, 2019.  CRITES answered on April 26, 2019.

This Court entered the governing scheduling order on January 2, 2019, prior to the filing of the TAC or entry of CRITES.  CRITES is the "manufacturer" of the seeds in question.  CORONA sold the seeds to Plaintiffs.  Currently, discovery cut-off is September 10, 2019, motion cut-off September 20, 2019, initial expert disclosure is November 1, 2019 and rebuttal expert disclosure is November 12, 2019. The parties seek to extend the aforementioned dates as follows:

1.  Discovery cut-off: October 10, 2019;

2.  Motion cut-off: October 20, 2019

3.  Initial expert disclosure: November 1, 2019; and

4.  Rebuttal expert disclosure: November 15, 2019.

Good cause exists for the Court to grant the relief sought via *ex parte* application as follows:

1) The parties will be irreparably harmed if the Court does not hear this request on an *ex parte* basis.  Discovery cut-off is rapidly approaching.  CRITES only appeared in this action in late April 2019, leaving little time to conduct discovery.  In addition, as CRITES is the manufacturer of the seeds in question, and Plaintiffs are based in Peru, economic efficiency was maximized by conducting discovery such as depositions, testing, etc., simultaneously and after CRITES appeared.

2) Currently, representatives from CORONA and CRITES are set to appear for deposition in the first week of August 2019.  Representatives from Plaintiffs are set to appear during that same time frame.  However, as several representatives from Peru do not have travel Visas, the parties may not be able to conduct the discovery in time.  In addition, Plaintiffs' counsel advised that the last week of July 2019 is a period of national

celebration in Peru, and will result in delays with respect to Visa processing and deponent availability.

3) Given the recent entry of CRITES, limited time to complete discovery, and uncertainty concerning the deponents in Peru, the parties will be severely prejudiced unless the Scheduling Order is modified. Similarly, the parties will be severely prejudiced because they will be unable to complete necessary discovery in time prior to the current cut-off dates.

2) CORONA has been diligent in bringing about this *ex parte*. As indicated above, the parties discussed the issues noted above and agreed that extending the aforementioned dates is necessary. It should be noted that the parties are not seeking trial continuance at this time, merely additional time to complete discovery.

3) None of the parties will be prejudiced if the dates are extended. In fact, all counsel have agreed to the modified dates indicated above;

4) No modifications of the Scheduling Order or trial-related dates have been sought previously.

4) *Ex Parte* relief is necessary to resolve these issues. Discovery and motion cut-off is rapidly approaching. In addition, a regularly noticed motion would take the parties into late August 2019. Thus, relief may not be timely if sought via regularly noticed motion. All parties agreed to the extended dates and CORONA gave notice of this *ex parte* on **July 24, 2019** via electronic mail to all parties. Based on the instant facts, the parties will suffer immediate and irreparable injury if the instant application is not heard on an *ex parte* basis.

The names, addresses, email and telephone numbers of counsel are as follows:

| | |
|---|---|
| Panda Kroll, Esq. | Bruce Alan Finck, Esq. |
| Law Offices of Panda Kroll | Benton, Orr, Duval & Buckingham |
| 5999-B Ridgeview Street | 39 N. California Street |
| Camarillo, CA 93012 | Ventura, CA 93001 |
| Phone: (805) 764-0315 | Phone: (805) 648-5111 |
| Email: pkroll@pandakrollesq.com | Email: bfinck@bentonorr.com |

1 | Brian Nomi, Esq.  
2 | Law Office of Brian Nomi  
3 | 215 E. Daily Drive, Suite 28  
   | Camarillo, CA 93010  
4 | Phone: (805) 444-5960  
   | Email: briannomi@yahoo.com  
5 |
6 | Eduardo Ayala Maura, Esq.  
   | Ayala Law P.A.  
   | 1390 Brickell Avenue, Suite 335  
   | Miami, FL 33131  
   | Phone: (305) 570-2208  
   | Email: eayala@ayalalawpa.com  

6 | Dale Dorfmeier, Esq.  
7 | PETRIE, LEATH, LARRIVEE & O'ROURKE, LLP  
8 | 6051 N. Fresno Street, Suite 110  
   | Fresno, CA 93710  
9 | Tel: (559) 498-6522  
10 | Email: ddorfmeier@pllolegal.com  

11      Counsel for CORONA contacted all counsel, via electronic mail, regarding

12 CORONA's intent to move *ex parte* for an Order modifying the Scheduling Order. All

13 parties agreed to the modification and do not plan to oppose the application. *See Chen*

14 *Dec.* ¶ 8-10.

15

16 DATED: July 22, 2019         HORTON, OBERRECHT, KIRKPATRICK & MARTHA

17

18

19                      By: _____

20                            Cheryl A. Kirkpatrick

21                            Peter C.L. Chen

                              Attorneys for Corona Seeds, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiffs Agricola Cuyuma SA ("Cuyuma") and Corporacion Agricola Vinasol SAC's ("AVSA")   (collectively referred to as "Plaintiffs") filed their original complaint on December 21, 2017. Plaintiffs subsequently filed their third amended, and operative, complaint on February 26, 2019.  Plaintiffs named, for the first time, Crites Seeds, Inc. (hereinafter referred to as "CRITES") in their third amended complaint (hereinafter referred to as "TAC").  CORONA filed its answer to the operative complaint on March 11, 2019.  CRITES answered on April 26, 2019.

This Court entered the governing scheduling order on January 2, 2019, prior to the filing of the TAC or entry of CRITES.  CRITES is the "manufacture" of the seeds in question.  CORONA sold the seeds to Plaintiffs.  Currently, discovery cut-off is September 10, 2019, motion cut-off September 20, 2019, initial expert disclosure is November 1, 2019 and rebuttal expert disclosure is November 12, 2019.

Because CRITES only appeared in this action in late April 2019, there was little time to conduct discovery prior to cut-off. Because CRITES is the manufacturer of the seeds in question, and Plaintiffs are based in Peru, economic efficiency would be best achieved by conducting discovery, including depositions, testing, etc., simultaneously and after CRITES appeared.  Currently, representatives from CORONA and CRITES are set to appear for deposition in the first week of August 2019.  Representatives from Plaintiffs are set to appear during that same time frame.  However, as several of Plaintiffs' representatives reside in Peru and lack requisite travel Visas, the parties may not be able to conclude the discovery in time.  Furthermore, Plaintiffs' counsel advised that the last week of July 2019 is a period of national celebration in Peru, and will result in delays with respect to Visa processing and deponent availability.

According, for the reasons set forth in this application, the Court should grant CORONA'S *ex parte* application for an Order modifying the Scheduling Order.

## 2. FACTUAL / PROCEDURAL HISTORY

### A. Procedural Background

This is a lawsuit brought by Plaintiffs against a seed distributor, CORONA. Plaintiffs filed their initial complaint on December 21, 2017. After meet-and-confer efforts, Plaintiff filed a first amended complaint ("FAC") on Plaintiffs filed the FAC on February 12, 2018. CORONA filed a motion to dismiss on March 5, 2018. After the Court issued its ruling on August 27, 2018, Plaintiff filed a second amended complaint ("SAC") on September 17, 2018. Plaintiffs ultimately filed a third amended complaint ("TAC") on February 25, 2019, naming an additional defendant, CRITES. The TAC alleged the following causes of action: 1) Breach of Express Warranty; 2) Breach of Implied Warranty; 3) Negligence; 4) Negligent Misrepresentation; 5) Breach of Contract; 6) Strict Products Liability (Crites only); 7) Negligence. CORONA answered the TAC on March 11, 2019 while CRITES answered on April 25, 2019. *See Declaration of Peter C.L. Chen ("Chen Dec.")* ¶ 3.

The Court entered its scheduling order on January 1, 2019. Per the scheduling order, discovery cut-off is September 10, 2019, motion cut-off October 20, 2019, initial expert disclosures October 15, 2019, rebuttal expert disclosures November 12, 2019, the pretrial conference is on December 17, 2019, and trial would commence on January 14, 2020. *See Chen Dec.* ¶ 4.

Because CORONA distributed the seeds that CRITES "manufactured," discovery activities are aligned. Thus, it made economic sense for all parties to conduct discovery simultaneously and after CRITES appearance. However, the September 10, 2019 cut-off is only a few months after CRITES initially appeared in this matter. *See Chen Dec.* ¶¶ 3, 5. Presently, representatives from CORONA and CRITES are set to appear for deposition in the first week of August 2019. Representatives from Plaintiffs are set to appear during that same time frame. However, as several representatives from Peru do not have travel Visas, the parties may not be able to conduct the discovery in time. Notably, Plaintiffs'

counsel advised that the last week of July 2019 is a period of national celebration in Peru, and will result in delays with respect to Visa processing and deponent availability. *See Chen Dec.* ¶ 5-7.

On July 22, 2019, CORONA's counsel contacted all counsel and discussed the upcoming deadlines. It was agreed that continuance of the discovery cut-off, motion cut-off, and expert disclosures would be necessary for the parties to complete discovery. The parties agreed to the following dates: 1) discovery cut-off October 10, 2019; 2) motion cut-off October 20, 2019; 3) initial expert disclosure November 1, 2019; and 4) rebuttal expert disclosure November 15, 2019. No parties have sought modifications of Scheduling Order or trial-related dates. *See Chen Dec.* ¶ 6-8.

### 3. **EX PARTE RELIEF IS NECESSARY**

Plaintiffs amended their complaint to include CRITES as a defendant on February 25, 2019. CRITES appeared on April 25, 2019. This Court set the scheduling order on January 2, 2019, prior to the filing of the TAC or CRITES' appearance in this case. Because the discovery-related dates are rapidly approaching and there are issues related to the upcoming depositions, all counsel discussed the need to continue such dates. All counsel agreed on the dates indicated above. Unless the discovery-related dates are continued, all parties will suffer severe prejudice because they will not be able to complete discovery. In addition, this application had to be brought on an *ex parte* basis as a regularly noticed motion would not be heard until shortly prior to discovery cut-off. *See Chen Dec.* ¶ 10.

On July 24, 2019, this office contacted all counsel via electronic mail, advising of CORONA's intent to move *ex parte* for an Order modifying the Scheduling Order. All counsel agreed to the modified dates. *See Chen Dec.* ¶ 8.

///

///

///

## 4. GOOD CAUSE EXISTS TO MODIFYING THE EXISTING SCHEDULING ORDER

The scheduling order set September 10, 2019 and September 20, 2019 as discovery cut-off and motion cut-off. CORONA brings this *ex parte* so that it can move to modify the Scheduling Order. Federal Rules of Civil Procedure ("FRCP") Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See also Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 608 (9th Cir. 1992) (holding that scheduling orders entered before the final pretrial conference may be amended upon a showing of "good cause."). The good cause standard is met if the party seeking the amendment can demonstrate that, even with the exercise of due diligence, the timetable set forth in the order cannot be met. *Id.* at 609. Factors that a Court will generally consider include whether matters that were not, and could have not have been seen, foreseeable at the time of the scheduling conference caused the need for modification and whether the moving party was diligent in seeking relief once the need became apparent. *See Id.* If the trial court determines that refusal to allow a modification of a pre-trial order could result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than a slight inconvenience to the court, modification is appropriate. *See United States v. First. Nat'l Bank of Circle,* 652 F.2d 882, 887 (9th Cir. 1981).

Here, good cause justifies the modification of the scheduling order. As indicated in this application and declaration of Peter C.L. Chen, the parties have been diligent in seeking the relief sought. As noted above, Plaintiffs filed their TAC on February 25, 2019. CRITES made its first appearance on April 25, 2019. The instant Scheduling Order was issued prior to the filing of the TAC or CRITES' entry into this action. The parties do not have sufficient time to complete discovery in advance of the upcoming deadlines and they are fast-approaching. Once it became clear that the discovery could not be completed in time, the parties discussed the issues and moved immediately to

secure the necessarily relief so that it may have a reasonable opportunity to complete discovery.  *See Chen Dec.* ¶ 5-10.

## 5. THE COURT SHOULD CONTINUE TRIAL AND TRIAL-RELATED DATES AND/OR DEADLINES

As set forth above, the pretrial conference and trial are set for December 17, 2019 and January 14, 2020.  Discovery cut-off is September 10, 2019 and motion cut-off is September 20, 2019.  Initial expert witness designation is October 15, 2019 and rebuttal disclosures are due on November 12, 2019.  Plaintiffs filed their TAC on February 25, 2019 and CRITES did not appear in this lawsuit until April 25, 2019.  Currently, representatives from CORONA and CRITES are set to appear for deposition in the first week of August 2019.  Representatives from Plaintiffs are set to appear during that same time frame.  However, as several representatives from Peru do not have travel Visas, the parties may not be able to conduct the discovery in time.  In addition, Plaintiffs' counsel advised that the last week of July 2019 is a period of national celebration in Peru, and will result in delays with respect to Visa processing and deponent availability.  *See Chen Dec.* ¶ 5 – 6.

The parties will be irreparably harmed if the Court does not hear this request on an *ex parte* basis.  Here, it will be nearly impossible for the parties to complete discovery by September 10, 2019.  Again, Plaintiffs did not file their TAC until February 25, 2019 and CRITES did not appear until April 25, 2019. As CORONA distributed seeds "manufactured" by CRITES, it made economic sense for the parties to conduct discovery on the same "track."  Importantly, none of the parties will be prejudiced if the requested dates are continued.  In fact, all counsel agree that continuance is necessary to avoid prejudice.

In short, *ex parte* relief is necessary to resolve these issues.  The parties need additional time to complete discovery.  In addition, because a regularly noticed motion would not be heard until shortly prior to the pending discovery cut-off date, it would

significantly diminish any potential relief.  All parties have stipulated to the modified dates.  *See Chen Dec.* ¶ 8-10.  CORONA gave notice of this *ex parte* on July 24, 2019 via electronic mail to all parties.  *See Chen Dec.* ¶ 8.

### 6. **CONCLUSION**

For the foregoing reasons, CORONA respectfully request that this court grant this *ex parte* application for an Order to modify the Scheduling Order.

DATED:  July 22, 2019          HORTON, OBERRECHT, KIRKPATRICK & MARTHA

By:  _____
           Cheryl A. Kirkpatrick
           Peter C.L. Chen
           Attorneys for Corona Seeds, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: HORTON, OBERRECHT, KIRKPATRICK & MARTHA, 3 Park Plaza, Suite 350, Irvine, California 92614.

On July 26, 2019, I served the foregoing document described as: **Corona Seeds, Inc.'s Ex Parte Application to Revise Scheduling Order,** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list:

[ ]   **BY MAIL** – I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than (1) day after the date of deposit for mailing in affidavit.

[ X ]   **BY ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ ]   **BY OVERNIGHT DELIVERY** – I deposited such envelope for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

[ X ]   (Federal)     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 26, 2019, at Irvine, California.

*/s/ Crystal Thompson*

Crystal Thompson

# SERVICE LIST

Agricola Cuyuma SA v. Corona Seeds, Inc., et al.
United States District Court Central District of California: 2:17-cv-8220 DMG (SKx)

| | |
|---|---|
| Panda Kroll, Esq.<br>Law Offices of Panda Kroll<br>5999-B Ridgeview Street<br>Camarillo, CA 93012<br>Phone: (805) 764-0315<br>Fax: (805) 764-0339<br>Email: pkroll@pandakrollesq.com | Co-Counsel for Defendant Corona Seeds, Inc. |
| Bruce Alan Finck, Esq.<br>Benton, Orr, Duval & Buckingham<br>39 N. California Street<br>Ventura, CA 93001<br>Phone: (805) 648-5111<br>Fax: (805) 648-7218<br>Email: bfinck@bentonorr.com | Counsel for Defendant Corona Seeds, Inc. |
| Brian Nomi, Esq.<br>Law Office of Brian Nomi<br>215 E. Daily Drive, Suite 28<br>Camarillo, CA 93010<br>Phone: (805) 444-5960<br>Fax: (805) 357-5333<br>Email: briannomi@yahoo.com | Co-Counsel for Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol S.A.C. |
| Eduardo Ayala Maura, Esq.<br>Ayala Law P.A.<br>1390 Brickell Avenue, Suite 335<br>Miami, FL 33131<br>Phone: (305) 570-2208<br>Fax: (305) 305-7206<br>Email: eayala@ayalalawpa.com | Co-Counsel for Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol S.A.C. |
| Dale Dorfmeier, Esq.<br>PETRIE, LEATH, LARRIVEE & O'ROURKE, LLP<br>6051 N. Fresno Street, Suite 110<br>Fresno, CA 93710<br>Tel: (559) 498-6522<br>Email: ddorfmeier@pllolegal.com | Counsel for Crites Seed, Inc. |

CORONA SEEDS, INC.'S EX PARTE APPLICATION FOR AN ORDER MODIFYING THE SCHEDULING ORDER