**HORTON, OBERRECHT, KIRKPATRICK & MARTHA**
Cheryl A. Kirkpatrick, Esq. (SBN 149906)
Peter C.L. Chen, Esq. (SBN 246720)
3 Park Plaza, Suite 350
Irvine, CA 92614
PH:  (949) 251-5100
FX:  (949) 251-5104
Email: ckirkpatrick@hortonfirm.com / pchen@hortonfirm.com

Attorneys for Defendant Corona Seeds, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agricola Cuyuma SA;<br>Corporacion Agricola Vinasol SAC;<br><br>                  Plaintiffs,<br>v.<br><br>Corona Seeds, Inc.;<br><br>                  Defendant. | **CASE NO. 2:17-cv-8220 DMG (SKx)**<br><br>**CORONA SEEDS, INC.'S EVIDENTIARY OBJECTIONS; [PROPOSED] ORDER**<br><br>**[Filed Concurrently with Reply to Opposition to Motion and Motion for Summary Judgment, of Alternatively, Partial Summary Judgment; Reply to Plaintiffs' Additional Facts; Reply to Plaintiffs' Disputed Facts; Reply to Plaintiffs' Objection to Request for Judicial Notice; Declaration of Peter C.L. Chen]**<br><br>**District Judge: Hon. Dolly M. Gee**<br><br>**Date: December 20, 2019**<br>**Time: 3:00 p.m.**<br>**Courtroom: 8C, 8th Floor**<br><br>Complaint Served: December 21, 2017<br>Current Trial Date: February 11, 2020<br><br>Judge: Hon. Dolly M. Gee<br>Magistrate: Hon. Steve Kim |

      Pursuant to Federal Rules of Civil Procedure Rule 56 *et seq.* and Local Rule 56 *et seq.*, defendant Corona Seeds, Inc. ("CORONA") objects to evidence and declarations

1

submitted by plaintiffs Agricola Cuyuma SA ("CUYUMA") and Corporacion Agricola Vinasol SAC's ("AVSA") (collectively "PLAINTIFFS") in opposition to CORONA's Motion for Summary Judgment, or Alternatively, Partial Summary Judgment, as follows:

**Evidentiary Objections to Plaintiffs' Additional Relevant Fact, Including Evidence Cited**

| **Material Objected to:** | **Ground for Objection:** | **Ruling on the Objection:** |
|---|---|---|
| 1. Plaintiffs' Additional Relevant Fact, page 1, paragraph 1.2, lines 10-19<br><br>"*But see* Ex. A to Chen Dec., Newman Depo, 37:9-17. (Where Newman testifies that Corona, once it received the bags, did not read or in general, does not usually read labels on the bags receives from Crities or does not do any due diligence in the Seeds that bear its name.)." | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>The evidence presented, both by CORONA and PLAINTIFFS, indicate that a CORONA employee examines the label. PLAINTIFFS purposefully ignored that testimony. Such testimony is included in Exhibit "F" to the Declaration of Peter C.L. Chen, which was previously produced as part of the moving papers (Page 37), and as part of Exhibit "A" (37 & 38) to the Declaration of Eduardo Maura, which was made in opposition to CORONA's motion. *FRE* § 403; 611 | Sustained:_____<br><br>Overruled:_____ |
| 2. Plaintiffs' Additional Relevant Fact, pages 1-3, paragraph 2.2, lines 24-28, 1-26, 106<br><br>"(a) The "sample pulled from Lot C242606, as of November 2015 did not comply with basic "sampling procedures for | <u>Lacks Foundation:</u><br>No foundation was laid for the introduction of Exhibit "I" or Exhibit "J," as referenced in Fact 2.2. *FRE* § 602<br><br><u>Hearsay / Lacks Authentication:</u><br>Exhibits "I" and "J" lack authentication and constitute inadmissible hearsay. *FRE* § 801; | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| sampling a seed lot" as prescribed by the International Seed Testing Association ("ISTA").<br><br>*See* Rules for Seed Testing, Section 2.5.1. *et seq*., Procedures for Sampling a Seed Lot; at Ex. I.<br><br>(b) The "sample pulled from Lot C242606, as of November 2015 did not comply with basic sampling recommendations of Section 3872 and 3873 of the California Code of Regulation, Title 3, Chapter 5, Subchapter 3, Seed inspection. Ex. J.<br>(c) In Contrast, SGS tests were performed following ISTA rules, and by an ISTA certified and authorized seed sampler, Mr. Cesar Daniel Dulanto Perez.  *See* Certificate and Sampling Agreement at Ex. K.<br><br>*See* Depo of SGS Rep., 21:19-20 at Ex. L, (stating "we have trained [Cesar Dulanto] on the certification [] on sampling ISTA samples.")" | 802.<br><br><u>Legal Conclusion</u><br>Declarant attempts to offer expert opinion despite not having laid a foundation for the basis of assertion that the testing was not performed in conformance with relevant testing standards. Declarant does not purport to be an expert and any such opinion can only be made by an expert. *FRE* § 701-703.<br><br><u>Conclusory:</u><br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br><u>Improper Opinion:</u><br>Declarant is not qualified to render the opinion that the test in question was not performed properly nor is declarant qualified to opine on what proper testing standards are. *FRE* § 701-703.<br><br><u>Improper Methodology:</u><br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 3. Plaintiffs' Additional Relevant Fact, pages 3-4, paragraph 3.2, lines 7-27, 1-5 | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>The evidence presented, both by CORONA and PLAINTIFFS, | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| "See also PDF 2.1 and PAF 2.2, regarding test in Ex. D to Chen Dec., Crities 000007." | indicate that a CORONA employee examines the label. PLAINTIFFS purposefully ignored that testimony.  Such testimony is included in Exhibit "F" to the Declaration of Peter C.L. Chen, which was previously produced as part of the moving papers (Page 37), and as part of Exhibit "A" (37 & 38) to the Declaration of Eduardo Maura, which was made in opposition to CORONA's motion. *FRE* § 403; 611<br><br>Lacks Foundation:<br>No foundation was laid for the introduction of Exhibit "I" or Exhibit "J," as referenced in Fact 2.2.  *FRE* § 602<br><br>Hearsay / Lacks Authentication:<br>Exhibits "I" and "J" lack authentication and constitute inadmissible hearsay.  *FRE* § 801; 802.<br><br>Legal Conclusion<br>Declarant attempts to offer expert opinion despite not having laid a foundation for the basis of assertion that the testing was not performed in conformance with relevant testing standards. Declarant does not purport to be an expert and any such opinion can only be made by an expert. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not | |

4

| | | |
|---|---|---|
| | admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Improper Opinion:<br>Declarant is not qualified to render the opinion that the test in question was not performed properly nor is declarant qualified to opine on what proper testing standards are. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 4. Plaintiffs' Additional Relevant Fact, pages 5-6, paragraph 6.2, lines 7-27, 1-5<br><br>"*But see* PAF 1.2 *supra.*" | Misstates / mischaracterizes facts and/or evidence:<br>The evidence presented, both by CORONA and PLAINTIFFS, indicate that a CORONA employee examines the label. PLAINTIFFS purposely ignored that testimony.  Such testimony is included in Exhibit "F" to the Declaration of Peter C.L. Chen, which was previously produced as part of the moving papers (Page 37), and as part of Exhibit "A" (37 & 38) to the Declaration of Eduardo Maura, which was made in opposition to CORONA's motion. *FRE* § 403; 611 | Sustained:_____<br><br>Overruled:_____ |
| 5. Plaintiffs' Additional Relevant Fact, pages 6-7, paragraph 7.2, lines 4-27, 1- | Lacks Foundation:<br>No foundation was laid for the introduction of Exhibit "I" or | Sustained:_____ |

| 3 | Exhibit "J," as referenced in Fact 2.2. | Overruled:_____ |
|---|---|---|
| "Further, Mr. Koike bases his opinion in a highly suspect test which admittedly is not representative of the batch. See 2.1, 2.2 (a) and (b) *supra*." | No foundation was laid for the improper opinion that the test is "highly suspect" or that it is not representative of the batch. *FRE* § 602 | |
| | Hearsay / Lacks Authentication: Exhibits "I" and "J" lack authentication and constitute inadmissible hearsay. *FRE* § 801; 802. | |
| | Speculation Declarant speculates that the test Mr. Koike relied upon is highly suspect. Declarant further speculates that the test result is not representative of the batch. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| | Legal Conclusion Declarant attempts to offer expert opinion despite not having laid a foundation for the basis of assertion that the testing was not performed in conformance with relevant testing standards. Similarly, Declarant attempts to offer the opinion that Mr. Koike "bases his opinions in a highly suspect test" when Declarant does not purport to be an expert and any such opinion can only be made by an expert. *FRE* § 701-703. | |
| | Improper Opinion: Declarant is not qualified to render | |

6

| | | |
|---|---|---|
| | the opinion that the test in question was highly suspect or that the test is not representative of the batch. *FRE § 701-703.*<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE § 702, 703; Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 6. Plaintiffs' Additional Relevant Fact, pages 12-13, paragraph 20.2, lines 21-27, 1-26<br><br>"(a) The Ramson test did not comply with basic "sampling procedures for sampling a seed lot" as prescribed by the International Seed Testing Association ("ISTA").<br><br>*See* Rules for Seed Testing, Section 2.5.1. *et seq.,* Procedures for Sampling a Seed Lot; at Ex. I.<br><br>(b) The Ramson test did not comply with basic sampling recommendations of Section 3872 and 3873 of the California Code of | Lacks Foundation:<br>No foundation was laid for the introduction of Exhibit "I" or Exhibit "J," as referenced in Fact 2.2.<br><br>No foundation was laid for the improper opinion that the Ramson test did not comply with testing standards. *FRE § 602*<br><br>Hearsay / Lacks Authentication:<br>Exhibits "I" and "J" lack authentication and constitute inadmissible hearsay. *FRE § 801; 802.*<br><br>Speculation<br>Declarant speculates that the Ramsom testing did not comply with relevant standards. *FRE § 702; U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | Sustained:_____<br><br>Overruled:_____ |

Regulation, Title 3, Chapter 5, Subchapter 3, Seed Inspection. Ex. J.

(c) In Contrast, SGS tests were performed following ISTA rules, and by an ISTA certified and authorized seed sampler, Mr. Cesar Daniel Dulanto Perez. *See* Certificate and Sampling Agreement at Ex. K.

*See* Depo of SGS Rep., 21:19-20 at Ex. L, (stating "we have trained [Cesar Dulanto] on the certification [] on sampling ISTA samples.")"

Legal Conclusion
Declarant attempts to offer expert opinion despite not having laid a foundation for the basis of assertion that the testing was not performed in conformance with relevant testing standards. Declarant does not purport to be an expert and any such opinion can only be made by an expert. *FRE* § 701-703.

Improper Opinion:
Declarant is not qualified to render the opinion that the test was not performed in conformance with relevant standards. *FRE* § 701-703.

Conclusory:
Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.

Relevance:
This material fact merely states that CORONA sent samples of the lot to an independent laboratory for testing, which is all. Declarant's assertions are irrelevant. *FRE* § 401.

Improper Methodology:
Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.

## Evidentiary Objections to Plaintiffs' Disputed Facts and Supporting Evidence, Including Evidence Cited

| Material Objected to: | Ground for Objection: | Ruling on the Objection: |
|---|---|---|
| 7. Plaintiffs' Disputed Facts and Supporting Evidence, pages 1-3, paragraph 2.1, lines 24-28, 1-26, 1-6<br><br>"The "subject seeds" were not tested by Eurofins.  Eurofins did not test Lot C242606 but only tested the limited, unverified sample given by Crities.  The Eurofins test itself states that: "results are only reflective of the sample submitted by the customer."  "Eurofins . . . does not warrant the sample is representative of the seed lot from which the sample is drawn."  Lot C242606 was not 87%.  In fact, the record shows that the Eurofins test, even if acceptable, is an outlier even when compared to Defendants' own tests. See Comp. Ex. A to Maura Dec.<br><br>Ex. D to Chen Dec., Crities 000007." | Lacks Foundation:<br>No foundation was laid for the opinion that the Eurofins test was not 87%.  Declarant lacks the qualifications necessary to offer the opinion that the testing was inaccurate. *FRE* § 602; 701-703.<br><br>Speculation<br>The claim that the Eurofins test is incorrect or an outlier is speculation. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Legal Conclusion<br>Declarant attempts to offer expert opinion despite not having laid a foundation for the basis of assertion that the testing was incorrect or an outlier. Declarant does not purport to be an expert and any such opinion can only be made by an expert.  *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | Sustained:_____<br><br>Overruled:_____ |

9

| | | |
|---|---|---|
| | Improper Opinion:<br>Declarant is not qualified to render the opinion that the Eurofins test result was wrong or otherwise an outlier. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 8. Plaintiffs' Disputed Facts and Supporting Evidence, pages 3-4, paragraph 3.1, lines 6-23<br><br>1. "CRITIES affixed a label to the bags"<br><br>Disputed:<br>Misrepresents statement in bag in Ex. B to Chen Dec. Ex. B does not say "87% as to the tested samples."  Label in bag states only: "% germination – 87"<br><br>Further, Ex. C to Chen Dec., Johnson Depo 40:20-25, do not support fact #3 either.  Johnson only says that he recognizes the label.<br><br>Similarly, Johnson Depo 40:19 do not support fact #3.  Cite only reads: "bagging instruction form."  Even if a miscite, prior | Misstates / mischaracterizes facts and/or evidence:<br>The relevant portions of the deposition transcript produced as Exhibits "B," "C," and "D" to CORONA's moving papers support the assertion made. *FRE* § 403; 611 | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| sentence ("as stated in the germ date on the bagging instruction form,") is an after the fact statement by Mr. Johnson and it cannot be extrapolated to the label just because Mr. Johnson said it in his deposition." | | |
| 9. Plaintiffs' Disputed Facts and Supporting Evidence, page 4, paragraph 4.1, lines 6-23<br><br>"Ex. A to Chen Dec., Newman Depo, 92:2-6, does not support fact #4.  In fact, Newman's Depo reflect that Newman completely outsources the bagging process to Crities and does not have first-hand (or any knowledge for that matter) of what happens at Crities. See Ex. A to Dec. of Chen, Newman Depo., 37:9-17.<br><br>Ex. C to Chen Dec., Johnson Depo., 42:15-24 does not support fact #4 either.  Mr. Johnson is asked in this particular cite about the drop in germination rate." | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>The relevant portions of the deposition transcript produced as Exhibit "C" to CORONA's moving papers support the assertion made. In addition, Mr. Newman clearly testified to the material fact number 4.  *FRE* § 403; 611. | Sustained:_____<br><br>Overruled:_____ |
| 10. Plaintiffs' Disputed Facts and Supporting Evidence, pages 4-5, paragraph 5.1, lines 24-28, 1-16 | <u>Lacks Foundation:</u><br>No foundation was laid for the opinion that the seeds were not viable. Declarant did not provide | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| "Plaintiffs' do not contend that the germination "dropped." Rather, they allege that, at the time the Seeds were shipped to AVSA and Cuyuma, the Seeds were 45 and 46 months old respectively and thus not viable.<br><br>See Ex. D to Chen Dec., "Crites 00002." (stating that seeds were planted on April 04/16/2012 and that delivery of finished Seeds was on 06/06/2012)<br><br>Dec. of M. Coffey, ¶26 (stating that life expectancy of pea seeds is 3-years and that Seeds were likely not viable at the time they arrived at the farmers' lands)." | any sources that he relied upon in forming his opinion. *FRE* § 602; 701-703.<br><br>Hearsay / Lacks Authentication:<br>The document declarant purports to rely upon lack authentication and constitute inadmissible hearsay. *FRE* § 801; 802.<br><br>Speculation<br>The claim that the seeds were not viable is speculation. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion that the seeds were not viable. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 11. Plaintiffs' Disputed Facts | Lacks Foundation: | Sustained:_____ |

| | | |
|---|---|---|
| and Supporting Evidence, pages 4-5, paragraph 7.1, lines 24-28, 1-16 | No foundation was laid for the opinion that seeds were not viable or that the seeds were actually with "live" Pythium. Declarant did not provide any sources that he relied upon in forming his opinion. *FRE* § 602; 701-703. | Overruled:_____ |
| "The test referenced in fact #7 does not indicate any of the statements of fact #7.  Fact #7 is simply the opinion of Mr. Koike, not a fact. | <u>Hearsay / Lacks Authentication:</u> The document declarant purports to rely upon lack authentication and constitute inadmissible hearsay.  *FRE* § 801; 802. | |
| The statement is contradicted by the bag label itself.  Label in bag states only: "% germination – 87" Ex. B to Chen Dec. | <u>Speculation</u> The claim that the seeds were not viable or was infected with "live" Pythium is speculation. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| The statement is also contradicted by the Dec. of Coffey, who states among others, that (1) the seeds were likely not viable at delivery, and (2) the seeds had Pythium.  Dec. of Coffey" | <u>Legal Conclusion</u> Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703. | |
| | <u>Conclusory:</u> Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | |
| | <u>Improper Opinion:</u> Declarant has not provided the basis indicating that he is qualified to offer the opinion that the seeds were not viable or were infected with "live" Pythium.  *FRE* § 701-703. | |

13

| | | |
|---|---|---|
| | Improper Methodology: Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 12. Plaintiffs' Disputed Facts and Supporting Evidence, page 7, paragraph 9.1, lines 8-24 <br><br> "In fact the record shows that Corona aggressively marketed, and promoted the Seeds, despite this variety not being the one ordered by AVSA or Cuyuma. <br><br> *See* Dec. of A. Flores." | Relevance This fact references purchase of seeds.  PLAINTIFFS refers to the declaration of Angello Flores regarding CORONA's purported marketing of seeds, which has nothing to do with this assertion. *FRE* § 401. <br><br> Hearsay / Lacks Authentication: The document Mr. Flores references in his declaration lack authentication and constitute inadmissible hearsay.  They are also in Spanish.  *FRE* § 801; 802. | Sustained:_____ <br><br> Overruled:_____ |
| 13. Plaintiffs' Disputed Facts and Supporting Evidence, pages 7-8, paragraph 10.1, lines 25-27, 1-12 <br><br> "Alban Depo 65:18-15 does not support Fact #10. <br><br> Alban only acknowledges that the exhibit shown to him (the Corona's invoice) states the word thiram.  This does not establish that AVSA requested Thiram or that the Seeds were in fact treated with Thiram. | Misstates / mischaracterizes facts and/or evidence: The relevant portions of the deposition transcript produced as Exhibit "E" to CORONA's moving papers support the assertion made. *FRE* § 403; 611. <br><br> Relevance: Edwin Maldonado claims that he never discussed Thiram with CORONA. However, Maldonado does not claim he was in charge of purchasing.  His declaration he is the field manager, not purchaser. *FRE* § 401. <br><br> Sham Affidavit: Oscar Alban testified Thiram was | Sustained:_____ <br><br> Overruled:_____ |

| | | |
|---|---|---|
| See also Dec. of Maldonado (stating that he did not discuss including thiram in the Seeds)." | requested. Submitting a declaration for the sole purposes of creating a disputed fact is not permitted. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 14. Plaintiffs' Disputed Facts and Supporting Evidence, page 8, paragraph 10.1[1], lines 13-17<br><br>    "See Dec. of Flores. See Dec. of Maldonado." | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings with Mr. Cruz in an attempt to show that germination was discussed.  However, even the declarations submitted admit that the term "germination" was never used.  *FRE* § 403; 611.<br><br><u>Sham Affidavit:</u><br>Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings with Mr. Cruz in an attempt to show that germination was discussed.  However, even the declarations submitted admit that the term "germination" was never used.   *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | Sustained:_____<br><br>Overruled:_____ |
| 15. Plaintiffs' Disputed Facts and Supporting Evidence, | <u>Relevance:</u><br>Whether PLAINTIFFS have any | Sustained:_____ |

[1] This was mislabeled as 10.1 when it should be 11.1 on Plaintiffs' pleading.

| | | |
|---|---|---|
| pages 12-13, paragraph 20.1, lines 21-27, 1-4<br><br>"Plaintiffs have no knowledge regarding the independence of Ransom laboratory referred in fact #20.  Moreover, the Ramson tests explicitly says that the result "does not reflect the condition from which the sample was taken."  *See* Ramson Report at Ex. G." | knowledge regarding the independence of Ransom laboratory is irrelevant. Similarly, the fact that the test indicates certain limitations does not change or otherwise alter the veracity of the assertion. *FRE § 401.* | Overruled:_____ |
| 16. Plaintiffs' Disputed Facts and Supporting Evidence, page 14, paragraph 21.1, lines 1-7<br><br>"Ex. I to Chen Dec., does not state fact #21, it states rather that there was no planting and that there was a search for replacement seeds." | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>Exhibits "A" and "I," which CORONA cited to (but PLAINTIFFS apparently ignored "A") support the assertion made. *FRE § 403; 611.* | Sustained:_____<br><br>Overruled:_____ |
| 17. Plaintiffs' Disputed Facts and Supporting Evidence, page 14, paragraph 23.1, lines 12-17<br><br>"TAC referred in Ex. H to Chen Dec., states that SENASA reports found presence of Stemphylium Sarciniforme." | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>CORONA is referring to the time period of May 2016, as read in context with the prior facts. Paragraph 39 to PLAINTIFF'S third amended complaint clearly states the SENASA tests were conducted in November 2016. Thus, CORONA could not have known about any issues regarding disease prior to that time. *FRE § 403; 611.* | Sustained:_____<br><br>Overruled:_____ |

16

| | | |
|---|---|---|
| 18. Plaintiffs' Disputed Facts and Supporting Evidence, pages 14-15, paragraph 25.1, lines 24-27, 1-5<br><br>"Nothing in Newman Depo, 91:24-25, 92:1-22, suggest a new agreement other than the prior agreement, original agreement January 29, 2016 agreement." | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>Mr. Newman clearly explains there was a deal, which is indicative of an agreement. The evidence supports the assertion made. *FRE* § 403; 611. | Sustained:_____<br><br>Overruled:_____ |
| 19. Plaintiffs' Disputed Facts and Supporting Evidence, page 15, paragraph 29.1, lines 18-23<br><br>"Flores Dec., ¶¶23-25." | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings with Mr. Cruz in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *FRE* § 403; 611.<br><br><u>Sham Affidavit:</u><br>Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings with Mr. Cruz in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never | Sustained:_____<br><br>Overruled:_____ |

17

| | | |
|---|---|---|
| | used.   *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 20. Plaintiffs' Disputed Facts and Supporting Evidence, pages 16-17, paragraph 31.1, lines 18-27, 1-10<br><br>"Ex. K to Chen Dec, Flores Depo 24:9-25, 25:1-21, does not support fact #31(30). Nothing in the quoted transcript discusses "warranties" or "claims: or "diseases."<br>Moreover, within the same cite, when asked: "Nobody in Cuyama ever contacted Corona to dispute these terms; is that correct?" Mr. Flores responds: "no because it's a disclaimer." In other words, Mr. Flores clearly states that that language is obviously not subject to change and that Cuyama did not have even the option to "discuss." Corona clearly takes Mr. Flores's words out of context to make a fact where there is an actual dispute." | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>It is unclear what the dispute is. The evidence supports the assertion made. FRE § 403; 611. | Sustained:_____<br><br>Overruled:_____ |
| 21. Plaintiffs' Disputed Facts and Supporting Evidence, page 17, paragraph 32.1, lines 11-25 | <u>Misstates / mischaracterizes facts and/or evidence:</u><br>It is unclear what the dispute is. The evidence supports the assertion made. Mr. Flores clearly | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| "Nothing in Ex. A to Chen Dec., Newman Depo., 86:7-25; 87:1-15, or Ex. K to Chen Dec., Flores Depo., 45:6-24, support fact #32(31). The quoted language concerns Corona's testing, and there is nothing in it regarding "advising CUYUMA of the germination issues" after being "prompted by AVSA" as stated in fact #32." | testified Mr. Newman advised him of the fact asserted. FRE § 403; 611. | |
| 22. Plaintiffs' Disputed Facts and Supporting Evidence, pages 17-18, paragraph 33.1, lines 26-27, 1-12<br><br>"Corona, (once told that the seeds had a 41% viability) knew or could have inferred, that the drastic germination difference between label and reality spoke to poor physiology.<br><br>*See* Coffee Dec., and Ex. G (where Newman is told of 41% viability).<br><br>Further, Corona was advised by Crites against recommending "planting heavy" (i.e.: 3-to-1 ratio). *See* Ex. 34 to Johnson Depo at Ex. M." | Lacks Foundation:<br>No foundation was laid for the opinion as to what CORONA knew or should have known. Declarant did not provide any sources that he relied upon in forming his opinion. *FRE* § 602; 701-703.<br><br>Hearsay / Lacks Authentication:<br>The document declarant purports to rely upon lack authentication and constitute inadmissible hearsay. *FRE* § 801; 802.<br><br>Speculation<br>The claim on what CORONA knew or should have known is speculation. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703. | Sustained:_____<br><br>Overruled:_____ |

19

| | | |
|---|---|---|
| | Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer any of his opinions. *FRE* § 701-703.<br><br>Misstates / mischaracterizes facts and/or evidence:<br>The emails (Ex. M) clearly indicate that Andy Johnson is agreeable to planting heavy based on the information known at the time. *FRE* § 403; 611. | |
| 23. Plaintiffs' Disputed Facts and Supporting Evidence, pages 19-20, paragraph 35.1, lines 15-27<br><br>"On May 25, 2016, Corona's Newman was directly told that the seeds had only 41% viability. Newman, in the seed industry since 1972 knew or should have known that the Seed was ill, beyond simple germination.<br><br>See Ex. G (where Newman is told of 41% viability) and Ex. F, Newman Depo, 8:16." | Lacks Foundation:<br>No foundation was laid for the opinion as to in regards to the opinion the declarant is attempting to introduce. No information regarding qualifications, background, education, experience, or sources relied upon, was identified. He does not claim to have any knowledge of the areas in questions or management practices. *FRE* § 602; 701-703.<br><br>Speculation<br>The claim comparable poor performance 500 kilometers part is due to seed is not supported by any cited evidence. The opinion is pure speculation. *FRE* § 702; *U.S.* | Sustained:_____<br><br>Overruled:_____ |

20

| | | |
|---|---|---|
| | *v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| | Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703. | |
| | Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | |
| | Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He does not claim to have any knowledge of the areas in questions or management practices.  He has no basis for making such opinions. *FRE* § 701-703. | |
| 24. Plaintiffs' Disputed Facts and Supporting Evidence, pages 20-21, paragraph 39.1, lines 11-27, 1-9<br><br>"See Coffey Dec., ¶6 (stating that based on the comparable poor performance of the pea crops in disparate locations nearly 500 kilometers apart, it is highly unlikely that the cause is poor management practices but rather the seed source); ¶24 (stating that the | Lacks Foundation:<br>No foundation was laid for the opinion as to in regards to the opinion the declarant is attempting to introduce.  No information regarding qualifications, background, education, experience, or sources relied upon, was identified. He does not claim to have any knowledge of the areas in questions or management practices.  *FRE* § 602; 701-703.<br><br>Speculation<br>The claim comparable poor | Sustained:_____<br><br>Overruled:_____ |

21

| | | |
|---|---|---|
| NGS data indicates the presence of Pythium.  There should be no Pythium present.  Even in small amounts Pythium can grow very rapidly and spread through a seed batch or planting in just a few days); ¶25 (stating that the NGS results support the presence of diverse decay causing microorganisms, both fungi and bacteria…); and ¶28 (stating that the presence of a particular fungus or bacterium, which was killed or otherwise died prior to planting can and will show up in an NGS test.)." | performance 500 kilometers part is due to seed is not supported by any cited evidence. The opinion is pure speculation. *FRE § 702; U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE § 701-703.*<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He does not claim to have any knowledge of the areas in questions or management practices.  He has no basis for making such opinions. *FRE § 701-703.*<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE § 702, 703; Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 25. Plaintiffs' Disputed Facts and Supporting Evidence, pages 21-22, paragraph 40.1, lines 10-27, 1-11 | Lacks Foundation:<br>No foundation was laid for the opinion as to in regards to the opinion the declarant is attempting to introduce.  No information | Sustained:_____<br><br>Overruled:_____ |

22

"See Coffey Dec., ¶6 (stating that based on the comparable poor performance of the pea crops in disparate locations nearly 500 kilometers apart, it is highly unlikely that the cause is poor management practices but rather the seed source); ¶24 (stating that the NGS data indicates the presence of Pythium.  There should be no Pythium present.  Even in small amounts Pythium can grow very rapidly and spread through a seed batch or planting in just a few days); ¶25 (stating that the NGS results support the presence of diverse decay causing microorganisms, both fungi and bacteria…); and ¶28 (stating that the presence of a particular fungus or bacterium, which was killed or otherwise died prior to planting can and will show up in an NGS test.)."

regarding qualifications, background, education, experience, or sources relied upon, was identified. He does not claim to have any knowledge of the areas in questions or management practices.  *FRE* § 602; 701-703.

Speculation
The claim comparable poor performance 500 kilometers part is due to seed is not supported by any cited evidence. The opinion is pure speculation. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.

Legal Conclusion
Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.

Conclusory:
Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.

Improper Opinion:
Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He does not claim to have any knowledge of the areas in questions or management practices.  He has no basis for making such opinions. *FRE* § 701-703.

Improper Methodology:

23

| | | |
|---|---|---|
| | Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 26. Plaintiffs' Disputed Facts and Supporting Evidence, pages 22-23, paragraph 41.1, lines 12-27, 1-12 | Lacks Foundation: No foundation was laid for the opinion as to in regards to the opinion the declarant is attempting to introduce.  No information regarding qualifications, background, education, experience, or sources relied upon, was identified. He does not claim to have any knowledge of the areas in questions or management practices.  *FRE* § 602; 701-703. | Sustained:_____  Overruled:_____ |
| "See Coffey Dec., ¶6 (stating that based on the comparable poor performance of the pea crops in disparate locations nearly 500 kilometers apart, it is highly unlikely that the cause is poor management practices but rather the seed source); ¶24 (stating that the NGS data indicates the presence of Pythium.  There should be no Pythium present.  Even in small amounts Pythium can grow very rapidly and spread through a seed batch or planting in just a few days); ¶25 (stating that the NGS results support the presence of diverse decay causing microorganisms, both fungi and bacteria…); and ¶27 (stating that he disagrees with Mr. Koike "because to [his] knowledge the postharvest pathology observed is typical of the diverse bacteria and fungi that invade dead plant tissue and generating soft rot condition.")." | Speculation The claim comparable poor performance 500 kilometers part is due to seed is not supported by any cited evidence. The opinion is pure speculation. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.  Legal Conclusion Declarant improperly offers opinion testimony as a legal conclusion. Declarant does not identify the basis of his disagreement with Mr. Koike in regards to the testing performed by Dr. Mattos Calderon. *FRE* § 701-703.  Conclusory: Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local* | |

| | | |
|---|---|---|
| | *No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He does not claim to have any knowledge of the areas in questions or management practices.  He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |

### Evidentiary Objections to Declaration of Michael Coffey

| Material Objected to: | Ground for Objection: | Ruling on the Objection: |
|---|---|---|
| 27. Declaration of Michael Coffey, Page 2, Paragraph 1, lines 3-8<br><br>"I have a postdoctoral fellowship experience from the University of British Columbia where I worked with rust fungi on different plants, as well as their axenic culture. As a senior research associate at the University of Wisconsin I continued this work as well as developed expertise in | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703. | Sustained:_____<br><br>Overruled:_____ |

25

| | | |
|---|---|---|
| cytochemistry." | <u>Conclusory:</u><br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | |
| 28.  Declaration of Michael Coffey, Page 2, Paragraph 2, lines 8-12<br><br>"I have a postdoctoral fellowship experience from the University of British Columbia where I worked with rust fungi on different plants, as well as their axenic culture. As a senior research associate at the University of Wisconsin I continued this work as well as developed expertise in cytochemistry." | <u>Lacks Foundation:</u><br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br><u>Conclusory:</u><br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | Sustained:_____<br><br>Overruled:_____ |
| 29.  Declaration of Michael Coffey, Page 2, Paragraph 3, lines 12-14<br><br>"My first university appointment was at Trinity College Dublin where I taught plant physiology, plant pathology, mycology and cell biology." | <u>Lacks Foundation:</u><br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary | Sustained:_____<br><br>Overruled:_____ |

26

| | | |
|---|---|---|
| | background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | |
| 30.  Declaration of Michael Coffey, Page 2, Paragraph 4, lines 14-18<br><br>"I was also manager of the college Electron Microscope Unit. I developed a close collaboration  with a pathologist and plant breeder at the Agricultural Institute in Carlow where I developed bioassays for evaluating foliar and tuber resistance in their potato late blight breeding program. I was the first recipient of the Butler Medal awarded for services to Irish agriculture." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | Sustained:_____<br><br>Overruled:_____ |
| 31.  Declaration of Michael Coffey, Page 2, Paragraph 5, lines 19-23<br><br>"I joined the University of | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an | Sustained:_____<br><br>Overruled:_____ |

27

| | | |
|---|---|---|
| California Riverside in 1981 where I've been teaching the graduate course in Fungal Plant Pathogens for 30 years. I have also been curator for the World Oomycete Genetic Resource Collection, mainly of Phytophthora and Pythium species." | acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | |
| 32.  Declaration of Michael Coffey, Page 2, Paragraph 6, lines 23-26<br><br>"For the last ten years I have taught the Introductory Microbiology Laboratory course to 240 students each year. This course covers mainly bacteria and methods both traditional and current for species identification." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| 33.  Declaration of Michael Coffey, Page 3, Paragraph 7, lines 1-3<br><br>"I have consul ted for the United Nations Food and Agriculture Organization, in both Indonesia and the Philippines on Phytopbthora diseases of coconut palms and also in Colombia on bud rot problems of oil palm." | <u>Lacks Foundation:</u><br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br><u>Conclusory:</u><br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | Sustained:_____<br><br>Overruled:_____ |
| 34.  Declaration of Michael Coffey, Page 3, Paragraph 8, lines 5-8<br><br>"I have worked with the Avocado, Tomato and Melon industries in California in research projects on major disease-related problems. I am currently a consultant for a company developing NGS-based diagnostics for plant disease characterization and identification." | <u>Lacks Foundation:</u><br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br><u>Conclusory:</u> | Sustained:_____<br><br>Overruled:_____ |

29

| | | |
|---|---|---|
| | Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | |
| 35. Declaration of Michael Coffey, Page 3, Paragraph 10, lines 23-26<br><br>"At the outset, it is important to note that the comparable poor performance of the pea crops in disparate locations nearly 500 kilometers apart is highly unlikely to be due to poor management practices. This, instead, makes one focus suspicion on the poor quality of the seed source." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Speculation<br>The claim that comparable poor performance 500 kilometers part is due to seed is not supported by any citations to evidence. The opinion is pure speculation. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. | Sustained:_____<br><br>Overruled:_____ |

30

| | | |
|---|---|---|
| | 1992) 966 F.2d 443, 447.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He does not claim to have any knowledge of the areas in questions or management practices.  He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| 36.  Declaration of Michael Coffey, Page 3, Paragraph 11, lines 27-28<br><br>"Although damping-off disease of peas can be caused by several different plant pathogens Pythium is by far the most common cause." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | Sustained:_____<br><br>Overruled:_____ |

31

| | Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | |
|---|---|---|
| 37. Declaration of Michael Coffey, Page 4, Paragraph 12, lines 1-2<br><br>"Detailed in depth research on organic peas in Washington has demonstrated that a broad range of Pythium species can cause disease, often in combination." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader.  *FRE* § 401. | Sustained:_____<br><br>Overruled:_____ |
| 38. Declaration of Michael | Lacks Foundation: | Sustained:_____ |

| | | |
|---|---|---|
| Coffey, Page 4, Paragraph 13, lines 4-6 <br><br> "Pythium is an opportunistic pathogen common in most cultivated soils throughout the world. Species such as Pythium ultimum are most commonly identified as being involved but as already stated many Pythium species can be pathogenic." | Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion. *FRE § 602; 701-703.* <br><br> <u>Legal Conclusion</u> <br> Declarant improperly offers opinion testimony as a legal conclusion. *FRE § 701-703.* <br><br> <u>Conclusory:</u> <br> Testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. <br><br> <u>Speculation</u> <br> The opinion is speculation and not supported by any citations to evidence. *FRE § 702; U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. <br><br> <u>Improper Opinion:</u> <br> Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE § 701-703.* | Overruled:_____ |

33

| | | |
|---|---|---|
| | **Improper Methodology:** Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. **Relevance / No Probative Value:** This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | |
| 39. Declaration of Michael Coffey, Page 4, Paragraph 14, lines 7-8 "Pythium and other organisms known to be causes of damping off are primarily soil organisms growing on decaying organic matter." | **Lacks Foundation:** Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703. **Legal Conclusion** Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703. **Conclusory:** Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. | Sustained:_____ Overruled:_____ |

34

| | | |
|---|---|---|
| | 1992) 966 F.2d 443, 447. | |
| | Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| | Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703. | |
| | Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| | Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | |
| 40. Declaration of Michael Coffey, Page 4, Paragraph 15, lines 15<br><br>"Pythium only survives in soil and has no structures that allow persistence above ground in the air." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary | Sustained:_____<br><br>Overruled:_____ |

35

background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE § 602; 701-703.*

Legal Conclusion
Declarant improperly offers opinion testimony as a legal conclusion. *FRE § 701-703.*

Conclusory:
Testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.

Speculation
The opinion is speculation and not supported by any citations to evidence. *FRE § 702; U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.

Improper Opinion:
Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE § 701-703.*

Improper Methodology:
Declarant provides no basis for the assertion made. *FRE § 702, 703; Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.

Relevance / No Probative Value:
This assertion is irrelevant / lacks

36

| | probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | |
|---|---|---|
| 41. Declaration of Michael Coffey, Page 4, Paragraph 16, lines 11-12<br><br>"As a plant pathogen it only attacks during the early seed germination phase attacking the etiolated stem of the pea plant, below or just at the soil surface." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| | **Improper Opinion:**<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>**Improper Methodology:**<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>**Relevance / No Probative Value:**<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | |
| 42. Declaration of Michael Coffey, Page 4, Paragraph 17, lines 13-15<br><br>"It is important that the seed has a high germination rate reflecting its healthy state. Low germination rates like the ones I have seen in this case of 50 percent reflect poor physiology of the germinating pea plants. This leads to even poorer growth rates." | **Lacks Foundation:**<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>**Legal Conclusion**<br>Declarant improperly offers opinion testimony as a legal | Sustained:_____<br><br>Overruled:_____ |

38

| | | |
|---|---|---|
| | conclusion. *FRE § 701-703.* | |
| | Conclusory: | |
| | Testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | |
| | Speculation | |
| | The opinion is speculation and not supported by any citations to evidence. *FRE § 702; U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| | Improper Opinion: | |
| | Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE § 701-703.* | |
| | Improper Methodology: | |
| | Declarant provides no basis for the assertion made. *FRE § 702, 703; Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47. | |
| | Relevance / No Probative Value: | |
| | This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE § 401.* | |
| 43. Declaration of Michael Coffey, Page 4, Paragraph 18, lines 16-17 | Lacks Foundation: | Sustained:_____ |
| | Declarant failed to proffer any preliminary evidence to lay the | Overruled:_____ |

39

| | | |
|---|---|---|
| "Since the plant tissue is more susceptible for longer periods of time, death rates will be high." | foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE § 602; 701-703.*<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE § 701-703.*<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE § 702; U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE § 701-703.*<br><br>Improper Methodology: | |

| | | |
|---|---|---|
| | Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value: This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader.  *FRE* § 401. | |
| 44. Declaration of Michael Coffey, Page 4, Paragraph 19, lines 18-19<br><br>"A seed dressing such as Thiram cannot protect the seedling.  It only protects the seed from pathogen invasion prior to germination." | Lacks Foundation: Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Legal Conclusion Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory: Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | Sustained:_____<br><br>Overruled:_____ |

41

| | | |
|---|---|---|
| | Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | |
| 45. Declaration of Michael Coffey, Page 4, Paragraph 20, lines 20-24<br><br>"The seeds incapable of germination are no longer viable. They are dead and subject to decay. The seed treatment fungicide Thiram cannot protect the dead seeds from this process as it presents only on their | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to | Sustained:_____<br><br>Overruled:_____ |

42

| | |
|---|---|
| surface. Secondary seed decay, commonly referred to as postharvest disease, is caused by a wide range of bacteria and fungi that produce cell wall degrading enzymes." | identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues |

43

| | | |
|---|---|---|
| | in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | |
| 46. Declaration of Michael Coffey, Pages 4-5, Paragraph 21, lines 25-27, 1-2<br><br>"Pythium is primarily a saprophyte living on dead organic matter. It cannot infect living pea seeds prior to their germination. However, if the seed has been improperly harvested the storage conditions for seed provide sufficient moisture for its survival and persistence of Pythiurn. This is because Pythium produces resting structures such as oospores that can survive for many years in such storage conditions." | <u>Lacks Foundation:</u><br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br><u>Legal Conclusion</u><br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br><u>Conclusory:</u><br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br><u>Speculation</u><br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br><u>Improper Opinion:</u><br>Declarant has not provided the | Sustained:_____<br><br>Overruled:_____ |

44

| | | |
|---|---|---|
| | basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader.  *FRE* § 401. | |
| 47. Declaration of Michael Coffey, Page 5, Paragraph 22, lines 4-6<br><br>"Additionally, the dead peas provide an ideal medium for Pythiurn. In my laboratory we use a pea-based medium when we need rapid and luxurious growth of Pythium." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703. | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| | <u>Conclusory:</u><br>Testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br><u>Speculation</u><br>The opinion is speculation and not supported by any citations to evidence. *FRE § 702; U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br><u>Improper Opinion:</u><br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE § 701-703.*<br><br><u>Improper Methodology:</u><br>Declarant provides no basis for the assertion made. *FRE § 702, 703; Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br><u>Relevance / No Probative Value:</u><br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader.  *FRE § 401.* | |
| 48. Declaration of Michael Coffey, Page 5, Paragraph 23, lines 7-9<br><br>"Consequently, it is | <u>Lacks Foundation:</u><br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an | Sustained:_____<br><br>Overruled:_____ |

46

| | | |
|---|---|---|
| extremely important that Pythium be completely excluded from pea seed sources used for organic production where no systemic fungicides can be used." | acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; | |

47

| | | |
|---|---|---|
| | *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | |
| 49. Declaration of Michael Coffey, Page 5, Paragraph 24, lines 10-12<br><br>"The NGS data indicates the presence of Pythium. There should be no Pythium present. Even in small amounts Pythium can grow very rapidly and spread through a seed batch or planting in just a few days." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not | Sustained:_____<br><br>Overruled:_____ |

48

supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.

Improper Opinion:
Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.

Improper Methodology:
Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.

Relevance / No Probative Value:
This assertion lacks probative value. There is no evidence supporting the claim that the Pythium was alive.  In fact, Mr. Coffey testified the Pythium cannot live in the air. *FRE* § 401.

| | | |
|---|---|---|
| 50. Declaration of Michael Coffey, Page 5, Paragraph 25, lines 13-16<br><br>"The NGS results support the presence of diverse decay causing microorganisms, both fungi and bacteria, that reflect a likely serious postharvest pathology scenario at least in part, if not predominantly, explaining the poor seed germination | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this | Sustained:_____<br><br>Overruled:_____ |

49

| | | |
|---|---|---|
| rates." | assertion. *FRE* § 602; 701-703.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the | |

50

| | reader. *FRE* § 401. | |
|---|---|---|
| 51. Declaration of Michael Coffey, Page 5, Paragraph 26, lines 17-24<br><br>"Further, while reviewing Sapphire lot C242606 History (Crites 001-022) documents, it appears the seeds at issue were at least 4 years old or more by the time they were planted at the end locations in Peru. This is important to note because viability of peas is between 1 to 3 years assuming adequate storage conditions. In other words, it is possible that by the times the seeds arrived at the farmers' lands, they were likely not viable already. See Life Expectancy of Vegetable Seeds at: https://hortnews.extension.i astate.ed u/1 999/4-2-1999/veggielife.html (last checked 10/25/1 9)." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br>Hearsay / Lacks Authentication:<br>The document referenced lacks authentication and constitute inadmissible hearsay. *FRE* § 801; 802.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v.* | Sustained:_____<br><br>Overruled:_____ |

51

| | | |
|---|---|---|
| | *Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. *FRE* § 401. | |
| 52. Declaration of Michael Coffey, Pages 5-6, Paragraph 27, lines 25-27, 1-3<br><br>"Mr. Koike states in his Declaration that Dr. Calderon's testing and report are "problematic" because such method "does not allow for the proper recovery and isolation of possible bacterial pathogens and allows non-pathogenic soft rot bacteria to take over the culture and cause misleading results." I disagree with Mr. Koike | Misstates / mischaracterizes facts and/or evidence:<br>Declarant claims to disagree with Steve Koike's opinions but failed to cite to the actual areas where he believes Mr. Koike is wrong. FRE § 403; 611.<br><br>Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary | Sustained:_____<br><br>Overruled:_____ |

52

| | | |
|---|---|---|
| because to my knowledge the postharvest pathology observed is typical of the diverse bacteria and fungi that invade dead plant tissue and generating soft rot conditions." | background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion.<br><br>Again, declarant failed to point to what he believes was incorrect about Mr. Koike's opinions. *FRE* § 602; 701-703.<br><br>Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; | |

53

| | | |
|---|---|---|
| | *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value: This assertion is irrelevant / lacks probative value because he failed to identify what was incorrect about Mr. Koike's opinions. Declarant again offers a general statement that is not specific to the issues in this lawsuit. *FRE* § 401. | |
| 53. Declaration of Michael Coffey, Page 6, Paragraph 29, lines 8-11<br><br>"I disagree with Mr. Koike's statement regarding SGS-Portugal for two reasons. (1) The sampling carried out by SGS was done, not only according to international standards, but on sealed, intact bags. In other words, the organisms, could not have come from "planting"." | Misstates / mischaracterizes facts and/or evidence: Mr. Koike never said the presence of the fungus / bacteria came from planting. Even declarant's own paragraph 28 states *"prior to planting."* FRE § 403; 611.<br><br>Lacks Foundation: Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is. Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience. He also failed to identify what evidence he is relying upon in support of this assertion.<br><br>Again, declarant clearly misinterpreted Mr. Koike's opinion. Mr. Koike specifically stated "prior to planting." *FRE* § 602; 701-703. | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| | Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703.<br><br>Improper Methodology:<br>Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value because declarant clearly misinterpreted Mr. Koike's opinion. *FRE* § 401. | |
| 54. Declaration of Michael | Lacks Foundation: | Sustained:_____ |

| | | |
|---|---|---|
| Coffey, Page 6, Paragraph 30, lines 12-14<br><br>"(2) It doesn't matter if it the DNA was dead or alive. The organisms found wouldn't have been dead to begin with.  The tests reflect that they were there.  If the test detected it, then it had to be living at some point." | Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified expert or that he is an acknowledged authority in the areas he claims he is.  Similarly, declarant did not identify information necessary to support his claim that he has the necessary background, training or experience.  He also failed to identify what evidence he is relying upon in support of this assertion. *FRE* § 602; 701-703.<br><br><u>Legal Conclusion</u><br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br><u>Conclusory:</u><br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br><u>Speculation</u><br>The opinion is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br><u>Improper Opinion:</u><br>Declarant has not provided the basis indicating that he is qualified to offer the opinion he seeks to offer in this instance. He has no basis for making such opinions. *FRE* § 701-703. | Overruled:_____ |

| | | |
|---|---|---|
| | Improper Methodology: Declarant provides no basis for the assertion made. *FRE* § 702, 703; *Gen. Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146-47.<br><br>Relevance / No Probative Value: This assertion is irrelevant / lacks probative value because it provides no information on whether the DNA was ever alive on the seed. It is a general statement and not specific to the issues in this lawsuit. *FRE* § 401. | |

**Evidentiary Objections to Declaration of Angello Flores**

| Material Objected to: | Ground for Objection: | Ruling on the Objection: |
|---|---|---|
| 55. Declaration of Angello Flores, Page 2, Paragraph 5, lines 13-15<br><br>"The following facts are within my personal knowledge, except as to those matters stated upon information and belief, and as to those, I believe them to be true. If called as a witness, I could and would testify competently as to the contents of this Declaration." | Lacks Foundation: Declarant failed to proffer any preliminary evidence to lay the foundation that he knew what Leonel Cruz's position, if any, was with CORONA. *FRE* § 602; 701-703.<br><br>Conclusory: Declarant claims Mr. Cruz is a representative of CORONA with no evidentiary support. Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| | Legal Conclusion<br>Declarant improperly offers opinion testimony as a legal conclusion. *FRE* § 701-703.<br><br>Speculation<br>The statement is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| 56. Declaration of Angello Flores, Page 2, Paragraph 6, lines 16-20<br><br>"In fact, Mr. Cruz himself said in a January 2, 2016 email that he was acting following "instructions" from Corona's owner, Mike Newman ("Mr. Newman"), when he met with us and offered us several varieties of pea seeds, which he knew we needed for our 2016 Campaign.  See email from Mr. Cruz, attached as Exhibit A to this Declaration." | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the statements made in his declaration. *FRE* § 602; 701-703.<br><br>Hearsay / Lacks Authentication:<br>Exhibits "A" attached to declarant's declaration lack authentication and constitute inadmissible hearsay.  It is also in Spanish and lack certified translation. The contents of the email are also hearsay.  *FRE* § 801; 802.<br><br>Conclusory:<br>Declarant statements are conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Legal Conclusion<br>Declarant improperly offers opinion as a legal conclusion. *FRE* | Sustained:_____<br><br>Overruled:_____ |

58

| | | |
|---|---|---|
| | § 701-703.<br><br>Speculation<br>The statement is based on speculation and not supported by any citations to admissible evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| 57. Declaration of Angello Flores, Pages 2-3, Paragraph 9, lines 26-27, 1-3<br><br>"Mr. Newman and Mr. Cruz, however, spoke to us adamantly regarding a "new" variety of Sugar Snap Pea called "Sapphire." Mr. Cruz sent us several brochures regarding several pea varieties Corona had in stock, including the Sapphire peas.  See Brochures, attached as Exhibit B to this Declaration." | Hearsay / Lacks Authentication:<br>Exhibits "B" attached to declarant's declaration lack authentication and constitute inadmissible hearsay.  The contents are also hearsay.  *FRE* § 801; 802.<br><br>Speculation<br>The statement is based on speculation and not supported by any citations to admissible evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | Sustained:_____<br><br>Overruled:_____ |
| 58. Declaration of Angello Flores, Page 3, Paragraph 10, lines 3-5<br><br>"In its brochures, Corona markets the Sapphire variety as a "string-less snap pea for fresh market." Ex. B. This was important to us because our European customers are quite | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the statements made in his declaration, especially as to what level of sophistication the Europeans customers were. *FRE* § 602; 701-703.<br><br>Hearsay / Lacks Authentication:<br>Exhibits "B" attached to | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| sophisticated and prefer string-less peas to the ones with strings." | declarant's declaration lack authentication and constitute inadmissible hearsay.  The contents are also hearsay.  *FRE* § 801; 802.<br><br>Speculation<br>The statement is based on speculation and not supported by any citations to admissible evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| 59. Declaration of Angello Flores, Page 3, Paragraph 11, lines 26-27, 1-3<br><br>"In its brochures, Corona also represented that the Sapphire were "bred for yield, quality, and powdery mildew resistance."  Ex. B." | Lacks Foundation:<br>Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701-703<br><br>Hearsay / Lacks Authentication:<br>Exhibits "B" attached to declarant's declaration lack authentication and constitute inadmissible hearsay.  The contents are also hearsay.  *FRE* § 801; 802.<br><br>Conclusory:<br>Declarant statements are conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Legal Conclusion<br>Declarant improperly offers opinion as a legal conclusion. *FRE* § 701-703. | Sustained:_____<br><br>Overruled:_____ |

60

| | | |
|---|---|---|
| | Speculation<br>The statement is based on speculation and not supported by any citations to admissible evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value because it not specific to the issues in this lawsuit. *FRE* § 401. | |
| 60. Declaration of Angello Flores, Page 3, Paragraph 12, lines 8-9<br><br>"Corona also represented that the Sapphire variety would produce about "7-8 peas per pod borne in pairs on a fairly upright plant." Ex. B." | Lacks Foundation:<br>Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701-703<br><br>Hearsay / Lacks Authentication:<br>Exhibits "B" attached to declarant's declaration lack authentication and constitute inadmissible hearsay.  The contents are also hearsay.  *FRE* § 801; 802.<br><br>Conclusory:<br>Declarant statements are conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Legal Conclusion<br>Declarant improperly offers opinion as a legal conclusion. *FRE* | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| | § 701-703.<br><br>Speculation<br>The statement is based on speculation and not supported by any citations to admissible evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value because it not specific to the issues in this lawsuit. *FRE* § 401. | |
| 61. Declaration of Angello Flores, Page 3, Paragraph 13, lines 10-11<br><br>"Corona also represented that the Sapphire peas had "tolerance to pea enation virus [and] fusarium wilt race 1." Ex. B." | Lacks Foundation:<br>Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701-703<br><br>Hearsay / Lacks Authentication:<br>Exhibits "B" attached to declarant's declaration lack authentication and constitute inadmissible hearsay.  The contents are also hearsay.  *FRE* § 801; 802.<br><br>Conclusory:<br>Declarant statements are conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Legal Conclusion<br>Declarant improperly offers | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| | opinion as a legal conclusion. *FRE* § 701-703.<br><br>Speculation<br>The statement is based on speculation and not supported by any citations to admissible evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value because it not specific to the issues in this lawsuit. *FRE* § 401. | |
| 62. Declaration of Angello Flores, Page 3, Paragraph 14, lines 12-13<br><br>"Corona also represented that the Sapphire variety contained "approximately 1800 seeds per pound." Ex. B." | Lacks Foundation:<br>Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701-703<br><br>Hearsay / Lacks Authentication:<br>Exhibits "B" attached to declarant's declaration lack authentication and constitute inadmissible hearsay.  The contents are also hearsay.  *FRE* § 801; 802.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value because it not specific to the issues in this lawsuit. *FRE* § 401. | Sustained:_____<br><br>Overruled:_____ |
| 63. Declaration of Angello Flores, Page 3, Paragraph 15, lines 14-15 | Lacks Foundation:<br>Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701- | Sustained:_____<br><br>Overruled:_____ |

**DEFENDANTS CORONA SEEDS, INC.'S EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

| | | |
|---|---|---|
| "Corona also represented that the Sapphire peas had a "normal leaf with a plant height of approximately 24 inches in northern latitudes." Ex. B." | 703<br><br>Hearsay / Lacks Authentication: Exhibits "B" attached to declarant's declaration lack authentication and constitute inadmissible hearsay.  The contents are also hearsay.  *FRE* § 801; 802.<br><br>Relevance / No Probative Value: This assertion is irrelevant / lacks probative value because it not specific to the issues in this lawsuit. *FRE* § 401. | |
| 64. Declaration of Angello Flores, Page 3, Paragraph 16, lines 16-19<br><br>"All these representations spoke of a very high-quality product.  The representations induced us to purchase this more expensive seed variety, despite having originally requested the Sugar Daddy variety. We were convinced, as Mr. Cruz stated,<br>that we were purchasing an "improved" Sugar Daddy." | Lacks Foundation: Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701-703<br><br>Hearsay / Lacks Authentication: Any statements attributed to Mr. Cruz are hearsay. *FRE* § 801; 802<br><br>Conclusory: Declarant statements are conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Legal Conclusion Declarant improperly offers opinion as a legal conclusion. *FRE* § 701-703.<br><br>Relevance / No Probative Value: | Sustained:_____<br><br>Overruled:_____ |

64

| | | |
|---|---|---|
| | This assertion is irrelevant / lacks probative value because it not specific to the issues in this lawsuit. *FRE* § 401. | |
| 65. Declaration of Angello Flores, Page 3, Paragraph 17, lines 20-23<br><br>"Mr. Cruz and Mr. Newman's oral representations. specifically, were not only that this "new" variety was much better than other types of Sugar Snap Peas, but that it was perfect for the type of weather and lands where we have our farms-areas Mr. Cruz knew well, as he had visited them in the past." | <u>Lacks Foundation:</u><br>Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701-703<br><br><u>Hearsay / Lacks Authentication:</u><br>Any statements attributed to Mr. Cruz are hearsay. *FRE* § 801; 802<br><br><u>Misstates / mischaracterizes facts and/or evidence:</u><br>Declarants declares, without basis, the Mr. Newman represented anything orally to him. *FRE* § 403; 611<br><br><u>Conclusory:</u><br>Declarant statements are conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br><u>Legal Conclusion</u><br>Declarant improperly offers opinion as a legal conclusion. *FRE* § 701-703.<br><br><u>Speculation</u><br>The statement is based on speculation and not supported by any citations to admissible evidence. Notably, declarant | Sustained:_____<br><br>Overruled:_____ |

65

| | | |
|---|---|---|
| | claims, without basis, that Mr. Cruz knew the farms well.  *FRE §* 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. | |
| 66. Declaration of Angello Flores, Page 4, Paragraph 19, lines 1-3<br><br>"In Mr. Cruz and Mr. Newman's own words, the Sapphire variety was a "Sugar Daddy mejorada" or an "improved Sugar Daddy" or a "better performing" version." | <u>Hearsay / Lacks Authentication:</u> Any statements attributed to Mr. Cruz are hearsay. No support for provided for the contention Mr. Newman said what was attributed to him. *FRE § 801; 802*<br><br><u>Conclusory:</u> Declarant statements are conclusory; testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br><u>Sham Affidavit:</u> Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | Sustained:_____<br><br>Overruled:_____ |
| 67. Declaration of Angello Flores, Page 4, Paragraph 20, lines 4-7<br><br>"According to Mr. Cruz and | <u>Hearsay / Lacks Authentication:</u> Any statements attributed to Mr. Cruz are hearsay. No support for provided for the contention Mr. Newman said what was attributed | Sustained:_____<br><br>Overruled:_____ |

66

| | | |
|---|---|---|
| Mr. Newman, we would have much better results with the Sapphire peas than with the Sugar Daddy pea. (It is important to note that our communications were in Spanish and that Mr. Newman and Mr. Cruz arc both perfectly fluent in Spanish)." | to him. *FRE* § 801; 802<br><br>Conclusory:<br>The claim that Mr. Newman both "perfectly fluent in Spanish" is conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Sham Affidavit:<br>Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 68. Declaration of Angello Flores, Page 4, Paragraph 21, lines 8-11<br><br>"In fact, the price of this "new" Sapphire variety was more than double that of the Oregon Sugar Pod II and the Cascadia varieties, and 50% more than the Sugar Bro variety. They were quite pricey from our standpoint. See Proforma Invoice, attached as Exhibit | Lacks Foundation:<br>Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701-703<br><br>Hearsay / Lacks Authentication:<br>Exhibit "C" lacks authenticate and is hearsay. *FRE* § 801; 802<br><br>Relevance:<br>It is unclear how the price of another product is relevant. *FRE* § 401. | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| C to this Declaration." | | |
| 69. Declaration of Angello Flores, Page 4, Paragraph 22, lines 12-14 <br><br> "Because we plant for export-something that both Mr. Newman and Mr. Cruz knew-we decided to purchase 3,200 lbs. of this "improved" variety, despite the extra cost." | <u>Lacks Foundation:</u> <br> Declarant failed to lay the necessary foundation for the statement made. *FRE § 602; 701-703* <br><br> <u>Conclusory:</u> <br> Declarant statements on what Mr. Newman or Mr. Cruz knew are conclusory; testimony that is conclusory is not admissible. *FRE § 702; Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. <br><br> <u>Speculation</u> <br> Declarant's statement is speculative as to what Mr. Newman and/or Mr. Cruz knew. *FRE § 702; U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094. <br><br> <u>Relevance / No Probative Value:</u> <br> This assertion lack any relevance. *FRE § 401.* | Sustained:_____ <br><br> Overruled:_____ |
| 70. Declaration of Angello Flores, Page 4, Paragraph 23, lines 15-17 <br><br> "I have learned that Corona and its attorneys have taken the position that "they never discussed germination" with us and that they made no representations to us regarding the quality of the | <u>Lacks Foundation:</u> <br> Declarant failed to lay the necessary foundation for the statement made. *FRE § 602; 701-703* <br><br> <u>Speculation</u> <br> Declarant's statement is speculative as to what position CORONA and/or its attorney have taken. *FRE § 702; U.S. v.* | Sustained:_____ <br><br> Overruled:_____ |

68

| | | |
|---|---|---|
| Sapphire peas." | *Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Relevance / No Probative Value:<br>This assertion lack any relevance. *FRE* § 401. | |
| 71. Declaration of Angello Flores, Page 4, Paragraph 24, lines 18-22<br><br>"Corona's assertions are simply untrue. Although we may have not used the word "'germination," at all times Corona promised that this new Sapphire variety was "better performing." When Corona represented to us that the Sapphire peas were "better performing" or an "improved version of the Sugar Daddy," Corona evidently implied that these peas had better germination rates than other varieties." | Lacks Foundation:<br>Declarant failed to lay the necessary foundation for the statements made. *FRE* § 602; 701-703<br><br>Hearsay / Lacks Authentication:<br>Any statements attributed to Mr. Cruz are hearsay. No support for provided for the contention Mr. Newman said what was attributed to him. *FRE* § 801; 802<br><br>Conclusory:<br>The statement regarding what CORONA allegedly promised is conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Legal Conclusion<br>Declarant improperly offers opinion as a legal conclusion. *FRE* § 701-703.<br><br>Speculation<br>Declarant's statement is speculative as to what "better performing" means, or what was allegedly implied. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| | 289 F.3d 1076, 1094. | |
| | Sham Affidavit: Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 72. Declaration of Angello Flores, Pages 4-5, Paragraph 25, lines 23-25 "Moreover, it is common knowledge in the industry--and Corona, with more than 30 years in the industry knows this-that no grower will purchase seeds if it knows they had a germination rate of less than 80%, as they would not be profitable." | Lacks Foundation: Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified to make assertions regarding the industry and/or what Corona knew. It also lacks foundation as to what growers will or will not buy, and whether or not the grower will be profitable. *FRE* § 602; 701-703. Legal Conclusion Declarant's statement is a legal conclusion. *FRE* § 701-703. Conclusory: Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447. Speculation | Sustained:_____ Overruled:_____ |

The statement is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.

<u>Improper Opinion:</u>
Declarant has not provided the basis indicating that he is qualified to make the assertion and has no basis for making such opinions. *FRE* § 701-703.

<u>Relevance / No Probative Value:</u>
This assertion is irrelevant / lacks probative value because it is an unsupported general statement and not specific to the issues in this lawsuit. *FRE* § 401.

<u>Sham Affidavit:</u>
Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544.

/// 
///

## Evidentiary Objections to Declaration of Edwin Maldonado

| Material Objected to: | Ground for Objection: | Ruling on the Objection: |
|---|---|---|
| 73. Declaration of Edwin Maldonado, Page 2, Paragraph 6, lines 14-16 <br><br> "During my meetings and conversations with Mr. Cruz, I told him that we were interested in buying the Sugar Daddy pea variety-a variety we've purchased from Corona in the past." | Hearsay / Lacks Authentication: Any statements attributed to Mr. Cruz is hearsay. *FRE* § 801; 802. <br><br> Relevance / No Probative Value: This assertion is irrelevant / lacks probative value. *FRE* § 401. | Sustained:_____ <br><br> Overruled:_____ |
| 74. Declaration of Edwin Maldonado, Page 2, Paragraph 7, lines 17-19 <br><br> "Mr. Cruz, instead, spoke to me about a variety called the "Sapphire."  According to Mr. Cruz, the Sapphires were an improved version of the Sugar Daddy, perfect for exports abroad-the final destination of our products." | Hearsay / Lacks Authentication: Any statements attributed to Mr. Cruz is hearsay. *FRE* § 801; 802. <br><br> Relevance / No Probative Value: This assertion is irrelevant / lacks probative value. *FRE* § 401. <br><br> Sham Affidavit: Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. | Sustained:_____ <br><br> Overruled:_____ |

72

| | | |
|---|---|---|
| | *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 75. Declaration of Edwin Maldonado, Page 2, Paragraph 8, lines 20-22<br><br>"Mr. Cruz further stated, that the Sugar Daddy was discontinued, and that the Sapphire was better resistant for longer trips; 24 days or more." | <u>Hearsay / Lacks Authentication:</u> Any statements attributed to Mr. Cruz is hearsay. *FRE* § 801; 802.<br><br><u>Relevance / No Probative Value:</u> This assertion is irrelevant / lacks probative value. *FRE* § 401.<br><br><u>Sham Affidavit:</u> Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | Sustained:_____<br><br>Overruled:_____ |
| 76. Declaration of Edwin Maldonado, Page 2, Paragraph 9, lines 22-23<br><br>"Mr. Cruz further stated that Sapphires had a much better performance than the Sugar Daddy." | <u>Hearsay / Lacks Authentication:</u> Any statements attributed to Mr. Cruz is hearsay. *FRE* § 801; 802.<br><br><u>Relevance / No Probative Value:</u> This assertion is irrelevant / lacks probative value. *FRE* § 401.<br><br><u>Sham Affidavit:</u> Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other | Sustained:_____<br><br>Overruled:_____ |

73

| | | |
|---|---|---|
| | dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 77. Declaration of Edwin Maldonado, Page 2, Paragraph 10, lines 24-25<br><br>"Mr. Cruz further stated that Sapphires had a better productivity and they grew in more volume than the Sugar Daddy." | <u>Hearsay / Lacks Authentication:</u> Any statements attributed to Mr. Cruz is hearsay. *FRE § 801; 802.*<br><br><u>Relevance / No Probative Value:</u> This assertion is irrelevant / lacks probative value. *FRE § 401.*<br><br><u>Sham Affidavit:</u> Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | Sustained:_____<br><br>Overruled:_____ |
| 78. Declaration of Edwin Maldonado, Page 2, Paragraph 11, lines 26<br><br>"Mr. Cruz further stated that the Sapphires grew bigger pods." | <u>Hearsay / Lacks Authentication:</u> Any statements attributed to Mr. Cruz is hearsay. *FRE § 801; 802.*<br><br><u>Relevance / No Probative Value:</u> This assertion is irrelevant / lacks probative value. *FRE § 401.*<br><br><u>Sham Affidavit:</u> | Sustained:_____<br><br>Overruled:_____ |

74

| | | |
|---|---|---|
| | Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 79. Declaration of Edwin Maldonado, Page 3, Paragraph 12, lines 1-3<br><br>"I have learned that Corona has taken the position that "germination" was never discussed with us, at the time Corona (through Mr. Cruz) adamantly promoted and sold us the Sapphires." | <u>Lacks Foundation:</u><br>Declarant failed to lay the necessary foundation for the statement made. *FRE* § 602; 701-703<br><br><u>Hearsay / Lacks Authentication:</u><br>Any statements attributed to Mr. Cruz is hearsay. *FRE* § 801; 802.<br><br><u>Conclusory:</u><br>The statement of what CORONA allegedly promoted is conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><u>Speculation</u><br>Declarant's statement is speculative as to what position CORONA has taken. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br><u>Relevance / No Probative Value:</u><br>This assertion lack any relevance. | Sustained:_____<br><br>Overruled:_____ |

75

| | | |
|---|---|---|
| | *FRE* § 401. | |
| 80. Declaration of Edwin Maldonado, Page 3, Paragraph 13, lines 4-7<br><br>"I find that this is a misstatement, because though we may not have used the word "germination," at all times Mr. Cruz promised that his Sapphire variety had a "better performance" than the Sugar Daddy's or other pea varieties.  It was obvious from our communications that a good, better germination was implicit in our conversations." | <u>Lacks Foundation:</u><br>Declarant failed to lay the necessary foundation for the statements made. *FRE* § 602; 701-703<br><br><u>Hearsay / Lacks Authentication:</u><br>Any statements attributed to Mr. Cruz are hearsay. No support for provided for the contention Mr. Newman said what was attributed to him. *FRE* § 801; 802<br><br><u>Conclusory:</u><br>The statement regarding what CORONA allegedly promised is conclusory; testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br><u>Legal Conclusion</u><br>Declarant improperly offers opinion as a legal conclusion. *FRE* § 701-703.<br><br><u>Speculation</u><br>Declarant's statement is speculative as to what "better performance" means, or what was allegedly implied. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br><u>Sham Affidavit:</u><br>Representatives from | Sustained:_____<br><br>Overruled:_____ |

76

| | | |
|---|---|---|
| | PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 81. Declaration of Edwin Maldonado, Page 3, Paragraph 14, lines 8-9<br><br>"We here at AVSA, or nobody that I know of in this industry would purchase a seed with germinations lower than 80% because they would not be otherwise profitable." | **Lacks Foundation:**<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he is a qualified to make assertions regarding the industry and/or what Corona knew.  It also lacks foundation as to what growers will or will not buy, and whether or not the grower will be profitable. *FRE* § 602; 701-703.<br><br>**Legal Conclusion**<br>Declarant's statement is a legal conclusion. *FRE* § 701-703.<br><br>**Conclusory:**<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>**Speculation**<br>The statement is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 | Sustained:_____<br><br>Overruled:_____ |

| | | |
|---|---|---|
| | F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to make the assertion and has no basis for making such opinions. *FRE* § 701-703.<br><br>Relevance / No Probative Value:<br>This assertion is irrelevant / lacks probative value because it is an unsupported general statement and not specific to the issues in this lawsuit. *FRE* § 401.<br><br>Sham Affidavit:<br>Representatives from PLAINTIFFS testified that germination was not discussed. Now, PLAINTIFFS seek to introduce "evidence" of other dealings in an attempt to show that germination was discussed. However, even the declarations submitted admit that the term "germination" was never used. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |
| 82. Declaration of Edwin Maldonado, Page 3, Paragraph 15, lines 10-12<br><br>"Finally, we never, in our conversations with Mr. Cruz, discussed anything related to thiram.  I have general knowledge that seed manufacturers sometimes | Lacks Foundation:<br>Declarant failed to proffer any preliminary evidence to lay the foundation for the claim that he has general knowledge about Thiram, of what seed manufacturers do. *FRE* § 602; 701-703.<br><br>Legal Conclusion | Sustained:_____<br><br>Overruled:_____ |

78

| treat seeds with thiram, but that is not something that we order when we purchase seeds." | Declarant's statement is a legal conclusion. *FRE* § 701-703.<br><br>Conclusory:<br>Testimony that is conclusory is not admissible. *FRE* § 702; *Aguilar v. Int'l Longshoremen's Union Local No. 10* (9th Cir. 1992) 966 F.2d 443, 447.<br><br>Speculation<br>The statement is speculation and not supported by any citations to evidence. *FRE* § 702; *U.S. v. Hermanek* (9th Cir. 2002) 289 F.3d 1076, 1094.<br><br>Improper Opinion:<br>Declarant has not provided the basis indicating that he is qualified to make the assertion and has no basis for making such opinions. *FRE* § 701-703.<br><br>Sham Affidavit:<br>AVSA's representative testified the seeds were treated with Thiram.  This declaration is a sham affidavit designed to create a triable issue and should be disregarded. *Radobenko v. Automated Equipment Corp.* (9th Cir. 1975) 520 F.2d 540, 544. | |

### **Evidentiary Objections to Declaration of Eduardo Maura**

| **Material Objected to:** | **Ground for Objection:** | **Ruling on the Objection:** |
| --- | --- | --- |

DEFENDANTS CORONA SEEDS, INC.'S EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 83. Declaration of Eduardo Maura, Page 2, Paragraph 9, lines 24-25<br><br>"Attached as Exhibit E are true and correct copies of relevant pages to scientific article "Are Stemphylium spp. Seed Borne Pathogens of Pea (Pisum sativum L.)?"" | <u>Hearsay / Lacks Authentication:</u> Exhibit "E" lacks authentication and constitute inadmissible hearsay. *FRE* § 801; 802.<br><br><u>Relevance / No Probative Value:</u> This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | Sustained:_____<br><br>Overruled:_____ |
| 84. Declaration of Eduardo Maura, Page 3, Paragraph 13, lines 5-6<br><br>"Attached as Exhibit I are true and correct copies of relevant pages of the International Rules for Seed Testing." | <u>Hearsay / Lacks Authentication:</u> Exhibit "I" lacks authentication and constitute inadmissible hearsay. *FRE* § 801; 802.<br><br><u>Relevance / No Probative Value:</u> This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | Sustained:_____<br><br>Overruled:_____ |
| 85. Declaration of Eduardo Maura, Page 3, Paragraph 14, lines 5-6<br><br>"Attached as Exhibit JE are true and correct copies of relevant portions of the California Code or Regulations, Article 3. Inspection and Sampling." | <u>Hearsay / Lacks Authentication:</u> Exhibit "J" lacks authentication and constitute inadmissible hearsay. *FRE* § 801; 802.<br><br><u>Relevance / No Probative Value:</u> This assertion is irrelevant / lacks probative value as it is a general statement is not specific to issues in this action. It is also unclear what it is supposed to tell the reader. *FRE* § 401. | Sustained:_____<br><br>Overruled:_____ |
| 86. Declaration of Eduardo | <u>Hearsay / Lacks Authentication:</u> | Sustained:_____ |

| Maura, Page 3, Paragraph 15, lines 9-10 | Exhibit "K" lacks authentication and constitute inadmissible hearsay. *FRE* § 801; 802. | Overruled:_____ |
| "Attached as Exhibit K are true and correct copies of the Certificate of Authority for ISTA Seed Sampling of Mr. Cesar Dulanto and his Sampling License Agreement." | | |

DATED: December 6, 2019

HORTON, OBERRECHT, KIRKPATRICK & MARTHA

By: _____

Cheryl A. Kirkpatrick
Peter C.L. Chen
Attorneys for Corona Seeds, Inc.

**ORDER**

The Court, having considered the foregoing objections and evidence filed in support of plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol SAC's Opposition to defendant Corona Seeds, Inc.'s Motion for Summary Judgment, or Alternatively, Partial Summary Judgment, hereby rules as indicated on each of Defendant's objections.

DATED: _____          _____
                                                           JUDGE OF THE DISTRICT COURT

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  HORTON, OBERRECHT, KIRKPATRICK & MARTHA, 3 Park Plaza, Suite 350, Irvine, California 92614.

On December 6, 2019, I served the foregoing document described as:  **Corona Seed, Inc.'s Evidentiary Objections; [Proposed] Order,** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list:

[  ]    **BY MAIL** – I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited   with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than (1) day after the date of deposit for mailing in affidavit.

[ X ]    **BY ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[  ]    **BY OVERNIGHT DELIVERY** – I deposited such envelope for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.  I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express.  They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

[ X ]    (Federal)      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 6, 2019, at Irvine, California.

_____
Crystal Thompson

## SERVICE LIST

Agricola Cuyuma SA v. Corona Seeds, Inc., et al.
United States District Court Central District of California: 2:17-cv-8220 DMG (SKx)

| | |
|---|---|
| Panda Kroll, Esq.<br>Law Offices of Panda Kroll<br>5999-B Ridgeview Street<br>Camarillo, CA 93012<br>Phone: (805) 764-0315; Fax: (805) 764-0339<br>Email: pkroll@pandakrollesq.com | Co-Counsel for Defendant Corona Seeds, Inc. |
| Bruce Alan Finck, Esq.<br>BENTON, ORR, DUVAL &<br>BUCKINGHAM<br>39 N. California Street<br>Ventura, CA 93001<br>Phone: (805) 648-5111; Fax: (805) 648-7218<br>Email: bfinck@bentonorr.com | Counsel for Defendant Corona Seeds, Inc. |
| Brian Nomi, Esq.<br>Law Office of Brian Nomi<br>215 E. Daily Drive, Suite 28<br>Camarillo, CA 93010<br>Phone: (805) 444-5960<br>Fax: (805) 357-5333<br>Email: briannomi@yahoo.com | Co-Counsel for Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol S.A.C. |
| Eduardo Ayala Maura, Esq.<br>Ayala Law P.A.<br>1390 Brickell Avenue, Suite 335<br>Miami, FL 33131<br>Phone: (305) 570-2208<br>Fax: (305) 305-7206<br>Email: eayala@ayalalawpa.com | Co-Counsel for Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol S.A.C. |
| Dale Dorfmeier, Esq.<br>PETRIE, LEATH, LARRIVEE &<br>O'ROURKE, LLP<br>6051 N. Fresno Street, Suite 110<br>Fresno, CA 93710<br>Tel: (559) 498-6522<br>Email: ddorfmeier@pllolegal.com | Counsel for Crites Seed, Inc. |