**LAW OFFICE OF BRIAN NOMI**
Brian Nomi, Esq. (CBN: 203059)
*Local Counsel*
215 E Daily Dr, Ste 28
Camarillo, CA 93010
Phone: 805-444-5960
Fax: 805-357-5333
Email: briannomi@yahoo.com

**AYALA LAW, P.A.**
Eduardo A. Maura, Esq. (FBN: 91303)
*Pro Hac Vice Counsel* [D.E. 11]
1390 Brickell Ave, Ste 335
Miami, FL 33131
Phone: 305-570-2208
Fax: 305-503-7206
Email: eayala@ayalalawpa.com

Attorneys for Agrícola Cuyuma SA and
Corporación Agrícola Viñasol SAC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agrícola Cuyuma SA, and Corporación Agrícola Viñasol SAC, <br><br> *Plaintiffs*, <br><br> v. <br><br> Corona Seeds, Inc., and Crites Seed, Inc., <br><br> *Defendants*. | Case No. **2:17-cv-08220-DMG-SK** <br><br> **PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br> Judge: Hon. Dolly M. Gee <br><br> Final Pretrial Conference: March 31, 2020 <br><br> Trial Date: April 28, 2020 |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

TABLE OF AUTHORITIES .......................................................................... ii

I.   CLAIMS AND DEFENSES ....................................................................1

   A. PLAINTIFFS' CLAIMS ...................................................................1

   B. ELEMENTS OF PLAINTIFFS' CLAIMS .........................................1

   C. EVIDENCE IN SUPPORT OF PLAINTIFFS' CLAIMS ...................4

   D. DEFENDANTS' AFFIRMATIVE DEFENSES; ELEMENTS OF DEFENDANTS'
   AFFIRMATIVE DEFENSES AND EVIDENCE IN OPPOSITION TO DEFENDANTS'
   AFFIRMATIVE DEFENSES (L.R. 16-4.1 (E)-(F)) ...................8

   E. ANTICIPATED EVIDENTIARY ISSUES .........................................14

   F. ISSUES OF LAW .............................................................................15

II.  BIFURCATION OF ISSUES ................................................................15

III. JURY TRIAL ........................................................................................15

IV. ATTORNEYS' FEES ............................................................................15

V.   ABANDONMENT OF ISSUES ...........................................................15

# <u>TABLE OF AUTHORITIES</u>

## <u>Statutes</u>

California *Civil Code* §1431.2.......................................................................14

## <u>Other Authorities</u>

CACI No. 1201...............................................................................................2, 3
CACI No. 1230...............................................................................................2, 3
CACI No. 1245...................................................................................................18
CACI No. 303........................................................................................2, 3, 16
CACI No. 304.....................................................................................................15
CACI No. 321.....................................................................................................14
CACI No. 338.......................................................................................................9
CACI No. 400...............................................................................................2, 3
CACI No. 405...................................................................................10, 17, 18

## <u>Rules</u>

L.R. 16-4................................................................................................................1
L.R. 16-4.1 (e)-(f).............................................................................................8

ii

1

## PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to L.R. 16-4, Plaintiffs Agrícola Cuyuma SA ("Cuyuma") and Corporación Agrícola Viñasol SAC ("AVSA") respectfully submit the following Memorandum of Contentions of Fact and Law.

## I. CLAIMS AND DEFENSES

### A. Plaintiffs' Claims

Plaintiffs plan to pursue the following claims against Defendants Corona Seeds, Inc. ("Corona") and Crites Seed, Inc. ("Crites"):

Claim 1: Corona breached an express warranty it made to AVSA;

Claim 2: Corona was negligent towards AVSA;

Claim 3: Corona breached its contract with AVSA;

Claim 4: Crites is strictly liable to AVSA for its manufacturing defects;

Claim 5: Crites was negligent towards AVSA;

Claim 6: Corona breached an express warranty it made to Cuyuma;

Claim 7: Corona was negligent towards Cuyuma;

Claim 8: Corona breached its contract with Cuyuma;

Claim 9: Crites is strictly liable to Cuyuma for its manufacturing defects; and

Claim 10: Crites was negligent towards Cuyuma.

### B. Elements of Plaintiffs' Claims

The elements required to establish Plaintiffs' claims are:

AVSA's Claim for Breach of Express Warranty Against Corona

1. Corona made a statement of fact to AVSA that the Seeds had an 87% germination rate;

2. The Seeds did not perform as stated;

3. AVSA took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;

4. AVSA was harmed; and

5. The failure of the Seeds to be as represented was a substantial factor in causing AVSA's harm.

*See* CACI No. 1230.

<u>AVSA's Claim for Negligence Against Corona</u>

1. Corona was negligent;

2. AVSA was harmed; and

3. Corona's negligence was a substantial factor in causing AVSA's harm.

*See* CACI No. 400.

<u>AVSA's Claim for Breach of Contract Against Corona</u>

1. AVSA and Corona entered into a contract;

2. Corona failed to do something that the contract required it to do;

3. AVSA was harmed; and

4. Corona's breach of contract was a substantial factor in causing AVSA's harm.

*See* CACI No. 303.

<u>AVSA's Claim for Strict Products Liability Against Crites</u>

1. Crites manufactured the Seeds;

2. The Seeds contained a manufacturing defect when they left Crites' possession;

3. AVSA was harmed; and

4. The Seeds' defect was a substantial factor in causing AVSA's harm.

*See* CACI No. 1201.

<u>AVSA's Claim for Negligence Against Crites</u>

1. Crites was negligent;

2. AVSA was harmed; and

3. Crites' negligence was a substantial factor in causing AVSA's harm.

*See* CACI No. 400.

<u>Cuyuma's Claim for Breach of Express Warranty Against Corona</u>

1.  Corona made a statement of fact to Cuyuma that the Seeds had an 87% germination rate;

2.  The Seeds did not perform as stated;

3.  Cuyuma took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;

4.  Cuyuma was harmed; and

5.  The failure of the Seeds to be as represented was a substantial factor in causing Cuyuma's harm.

    *See* CACI No. 1230.

    <u>Cuyuma's Claim for Negligence Against Corona</u>

1.  Corona was negligent;

2.  Cuyuma was harmed; and

3.  Corona's negligence was a substantial factor in causing Cuyuma's harm.

    *See* CACI No. 400.

    <u>Cuyuma's Claim for Breach of Contract Against Corona</u>

1.  Cuyuma and Corona entered into a contract;

2.  Corona failed to do something that the contract required it to do;

3.  Cuyuma was harmed; and

4.  Corona's breach of contract was a substantial factor in causing Cuyuma's harm.

    *See* CACI No. 303.

    <u>Cuyuma's Claim for Strict Products Liability Against Crites</u>

1.  Crites manufactured the Seeds;

2.  The Seeds contained a manufacturing defect when they left Crites' possession;

3.  Cuyuma was harmed; and

4.  The Seeds' defect was a substantial factor in causing Cuyuma's harm.

    *See* CACI No. 1201.

    <u>Cuyuma's Claim for Negligence Against Crites</u>

1. Crites was negligent;

2. Cuyuma was harmed; and

3. Crites' negligence was a substantial factor in causing Cuyuma's harm.

   *See* CACI No. 400.

## C. Evidence in Support of Plaintiffs' Claims

In brief, the key evidence Plaintiffs rely on for each of the claims is:

### Claim 1 – Breach of Express Warranty (*AVSA vs. Corona*)

1. Corona made a statement of fact to AVSA that the Seeds had an 87% germination rate.

   *Evidence*: Label affixed to the bags containing the Seeds and testimony of Oscar Alvan and Edwin Maldonado.

2. The Seeds did not perform as stated.

   *Evidence*: Several tests done on the Seeds in 2016; testimony of plant pathologist Michael Coffey; testimony of Oscar Alvan; testimony of Erick Sanchez; and testimony of Edwin Maldonado.

3. AVSA took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented.

   *Evidence*: Email communications between AVSA and Corona and testimony of Oscar Alvan.

4. AVSA was harmed.

   *Evidence*: Expert testimony from David Cowheard and testimony of Alicia Chiang.

5. The failure of the Seeds to be as represented was a substantial factor in causing AVSA's harm.

   *Evidence*: Expert testimony from Michael Coffey; testimony of Erick Sanchez; and testimony of Edwin Maldonado.

### Claim 2 – Negligence (*AVSA vs. Corona*)

1. Corona was negligent.

*Evidence*: Several germination tests done on the Seeds in 2016 and expert testimony from plant pathologist Michael Coffey.

2. AVSA was harmed.

*Evidence*: Expert testimony from David Cowheard and testimony of Alicia Chiang.

3. Corona's negligence was a substantial factor in causing AVSA's harm.

*Evidence*: Expert testimony from plant pathologist Michael Coffey; testimony of Erick Sanchez; and testimony of Edwin Maldonado.

## **Claim 3 – Breach of Contract (*AVSA vs. Corona*)**

1. AVSA and Corona entered into a contract.

*Evidence*: Corona invoice from January 2016.

2. Corona failed to do something that the contract required it to do;

*Evidence*: Several germination tests done on the Seeds in 2016; expert testimony from plant pathologist Michael Coffey; and testimony of Erick Sanchez.

3. AVSA was harmed.

*Evidence*: Expert testimony from David Cowheard and testimony of Alicia Chang.

4. Corona's breach of contract was a substantial factor in causing AVSA's harm.

*Evidence*: Expert testimony from Michael Coffey and testimony of Edwin Maldonado.

## **Claim 4 – Strict Products Liability (*AVSA vs. Crites*)**

1. Crites manufactured the Seeds.

*Evidence*: Phytosanitary field inspection from 2012; Corona's bagging instructions; and testimony of Andy Johnson.

2. The Seeds contained a manufacturing defect when they left Crites' possession.

*Evidence*: Several germination tests done on the Seeds in 2016 and expert testimony of Michael Coffey.

3. AVSA was harmed.

*Evidence*: Expert testimony from David Cowheard and testimony of Alicia Chang.

4. The Seeds' defect was a substantial factor in causing AVSA's harm.

   *Evidence*: Expert testimony from Michael Coffey; testimony of Edwin Maldonado; and testimony of Erick Sanchez.

   **Claim 5 – Negligence (*AVSA vs. Crites*)**

1. Crites was negligent.

   *Evidence*: Several germination tests done on the Seeds in 2016 and expert testimony from plant pathologist Michael Coffey.

2. AVSA was harmed.

   *Evidence*: Expert testimony from David Cowheard and testimony of Angello Flores.

3. Crites' negligence was a substantial factor in causing AVSA's harm.

   *Evidence*: Expert testimony from Michael Coffey; testimony of Federico Camones; testimony of Angello Flores; and testimony of Guillermo de los Rios.

   **Claim 6 – Breach of Express Warranty (*Cuyuma vs. Corona*)**

1. Corona made a statement of fact to Cuyuma that the Seeds had an 87% germination rate.

   *Evidence*: Label affixed to the bags containing the Seeds.

2. The Seeds did not perform as stated.

   *Evidence*: Several germination tests done on the Seeds in 2016; expert testimony from plant pathologist Michael Coffey; testimony of Angello Flores; and testimony of Federico Camones.

3. Cuyuma took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented.

   *Evidence*: Communications between Cuyuma and Corona and testimony of Angello Flores.

4. Cuyuma was harmed.

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

*Evidence*: Expert testimony from David Cowheard and testimony of Angello Flores.

5. The failure of the Seeds to be as represented was a substantial factor in causing Cuyuma's harm.

*Evidence*: Expert testimony from Michael Coffey and testimony of Angello Flores.

### Claim 7 – Negligence (*Cuyuma vs. Corona*)

1. Corona was negligent.

*Evidence*: Several germination tests done on the Seeds in 2016; expert testimony of Michael Coffey; and testimony of Angello Flores.

2. Cuyuma was harmed.

*Evidence*: Expert testimony from David Cowheard and testimony of Angello Flores.

3. Corona's negligence was a substantial factor in causing Cuyuma's harm.

*Evidence*: Expert testimony from Michael Coffey and testimony of Angello Flores.

### Claim 8 – Breach of Contract (*Cuyuma vs. Corona*)

1. Cuyuma and Corona entered into a contract.

*Evidence*: Corona's invoice from April 2016.

2. Corona failed to do something that the contract required it to do.

*Evidence*: Several germination tests done on the Seeds in 2016; expert testimony of Michael Coffey; testimony of Angello Flores; and testimony of Federico Camones.

3. Cuyuma was harmed.

*Evidence*: Expert testimony from David Cowheard and testimony of Angello Flores.

4. Corona's breach of contract was a substantial factor in causing Cuyuma's harm.

*Evidence*: Expert report and testimony from Michael Coffey.

### Claim 9 – Strict Products Liability (*Cuyuma vs. Crites*)

1. Crites manufactured the Seeds.

7

*Evidence*: Phytosanitary field inspection from 2012; Corona's bagging instructions; and testimony of Andy Johnson.

2. The Seeds contained a manufacturing defect when they left Crites' possession.

   *Evidence*: Several germination tests done on the Seeds in 2016; testimony of David Cowheard; testimony of Federico Camones; and testimony of Angello Flores.

3. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; testimony of Angello Flores; and testimony of Federico Camones.

4. The Seeds' defect was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert testimony from Michael Coffey; testimony of Angello Flores; and testimony of Guillermo de Los Rios.

## Claim 10 – Negligence (*Cuyuma vs. Crites*)

1. Crites was negligent.

   *Evidence*: Several germination tests done on the Seeds in 2016 and expert testimony of Michael Coffey.

2. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; testimony of Angello Flores; and testimony of Federico Camones.

3. Crites' negligence was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert testimony from Michael Coffey; testimony of Angello Flores; testimony of Federico Camones; and testimony of Guillermo de los Rios.

**D. Defendants' Affirmative Defenses; Elements of Defendants' Affirmative Defenses and Evidence in Opposition to Defendants' Affirmative Defenses (L.R. 16-4.1 (e)-(f))**

---

## CORONA SEEDS, INC

---

Defendant Corona plans to pursue the following affirmative defenses:

First Affirmative Defense:

Plaintiffs "fail to allege facts sufficient to state the causes of action alleged or damages sought against DEFENDANT."

This defense is moot as the Court upheld the substance of the operative complaint as properly pleaded in its Order Re Defendant's Motion to Dismiss [D.E. 31] and denying Corona's Motion to Dismiss and on the Order Re Defendant's Motion for Summary Judgment. D.E. 88.

Third Affirmative Defense:

"Exclusive remedies are governed by the agreements entered into with defendant."

To the extent this affirmative defense alleges that the contract limits Plaintiffs' recovery, it fails because the Court has already determined that the purchase contracts do not operate to limit Plaintiffs' remedies to the purchase price of the Seeds. *See* MSJ Order, pp. 13-15; D.E. 88.

Fourth Affirmative Defense:

"The damages suffered by PLAINTIFFS, if any, were the direct and proximate result of the negligence, careless, reckless and unlawful conduct of parties, persons, corporations and/or entities, including PLAINTIFFS, other than these answering DEFENDANT. . ."

To prove this defense, Corona will have to show that:

(1) Plaintiffs were negligent. Plaintiffs will rebut this through the expert testimony of Michael Coffey; multiple tests on the Seeds in 2016; and the testimony of Oscar Alvan, Guillermo De Los Rios, Edwin Maldonado, Erick Sanchez, and Federico Camones.

(2) Plaintiffs' negligence was a substantial factor in causing their harm. Plaintiff will rebut this element with the same evidence described in *1 supra.*

*See* CACI No. 405.

Sixth Affirmative Defense:

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

"PLAINTIFFS have waived any and all rights to recover damages from DEFENDANT, including but not limited to disclaimer of warranties, limitation of liability, etc."

This affirmative defense (if any) fails because the Court has already determined that the purchase contracts do not operate to limit Plaintiffs' remedies to the purchase price of the Seeds. *See* MSJ Order, pp. 13-15; D.E. 88.

Seventh Affirmative Defense:

"PLAINTIFFS expressly, voluntarily and knowingly assumed all risks about which they complain and that, therefore, it is barred either totally or to the extent of said assumption from any damages."

To the extent this defense pleads assumption of risk by Plaintiffs, this is not a defense applicable in the contract context under these facts.

Ninth Affirmative Defense:

"DEFENDANT'S practices, policies and procedure comply with all applicable laws."

This is not a cognizable defense under the applicable CACI Instructions, or applicable in the contract context, or under these facts.

Eleventh Affirmative Defense:

"The rights and remedies at issue here are governed by the terms and conditions of the contracts and amendments entered into between PLAINTIFFS and DEFENDANT. DEFENDANT relies upon each and every defense and limitation contained therein and in the documents."

To the extent this affirmative defense alleges that the contract limits Plaintiffs' recovery, it fails because the Court has already determined that the purchase contracts do not operate to limit Plaintiffs' remedies to the purchase price of the Seeds. *See* MSJ Order, pp. 13-15; D.E. 88.

Twelfth Affirmative Defense:

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

"PLAINTIFFS failed to satisfy one or more express or implied conditions precedent to any obligations allegedly owed to PLAINTIFFS, specifically that the agreements at issue contained disclaimer of warranties and limitation of liability clauses that limit, if not entirely dispose of, Plaintiffs' remedies in connection with their claims. These warranties and limitation of liability clauses are contained within the documents that Plaintiffs attached to their pleadings."

To the extent this affirmative defense alleges that the contract limits Plaintiffs' recovery, it fails because the Court has already determined that the purchase contracts do not operate to limit Plaintiffs' remedies to the purchase price of the Seeds. *See* MSJ Order, pp. 13-15.

Fifteenth Affirmative Defense:

"DEFENDANT is entitled to a setoff against any damages owed to PLAINTIFFS by virtue of the conduct of PLAINTIFFS and others responsible for PLAINTIFFS' alleged damages, if any."

To the extent this defense applies to codefendant Crites, Plaintiffs need not respond. To the extent this defense applies to Plaintiffs, it is not a cognizable defense under the applicable CACI instructions or under the facts of this case.

Sixteenth Affirmative Defense:

"DEFENDANT alleges if it is found that DEFENDANT made a warranty, express or implied, which this DEFENDANT denies, then such warranty, if any, was disclaimed, excluded and limited in all of its parts and its entirety, explicitly and conspicuously both orally and in writing, in words that plainly convey the meaning to PLAINTIFFS that such disclaimer and limitation of such warranty, if any, was also excluded and modified in the course of dealing and usage of the trade, all as to preclude PLAINTIFFS from reliance upon a recovery from this warranty."

To the extent this affirmative defense alleges that the contract limits Plaintiffs' recovery, it fails because the Court has already determined that the purchase contracts do

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

not operate to limit Plaintiffs' remedies to the purchase price of the Seeds. *See* MSJ Order, pp. 13-15; D.E. 88.

Eighteenth Affirmative Defense:

"DEFENDANT appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint."

This not a cognizable defense under the applicable CACI instructions. The defense as written, appears to be a denial of Plaintiffs' allegations.

Twentieth Affirmative Defense:

"The conduct of DEFENDANT was justified or otherwise subject to the doctrine of excuse, and by reason of the foregoing, PLAINTIFFS are barred from any recovery."

This not a cognizable defense under the applicable CACI instructions. Plaintiffs do not know the elements of this defense and thus, cannot reply.

Twenty-First Affirmative Defense:

"PLAINTIFFS' Complaint is barred due to the existence of releases and other matters of contract, by which the PLAINTIFFS are bound, which preclude PLAINTIFFS' recovery of damages."

To the extent this affirmative defense alleges that the contract limit Plaintiffs' recovery, it fails because the Court has already determined that the purchase contracts do not operate to limit Plaintiffs' remedies to the purchase price of the Seeds. *See* MSJ Order, pp. 13-15; D.E. 88.

Otherwise, this not a cognizable defense under the applicable CACI instructions. Plaintiffs do not know the elements of this defense and thus, cannot reply.

Twenty-Fourth Affirmative Defense:

"The enforcement of PLAINTIFFS' claims would go against the purpose of the agreements, including but not limited to disclaimer of warranties, limitation of liability, etc., specifically that the agreements at issue contained disclaimer of warranties and

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

limitation of liability clauses that limit, if not entirely dispose of, Plaintiffs' remedies in connection with their claims. These warranties and limitation of liability clauses are contained within the documents that Plaintiffs attached to their pleadings."

To the extent this affirmative defense alleges that the contract limits Plaintiffs' recovery, it fails because the Court has already determined that the purchase contracts do not operate to limit Plaintiffs' remedies to the purchase price of the Seeds. *See* MSJ Order, pp. 13-15; D.E. 88.

Twenty-Seventh Affirmative Defense:

"PLAINTIFFS seek to recover damages that are highly speculative in nature are thus not recoverable against DEFENDANT."

This is not a cognizable affirmative defense under the applicable CACI Instructions. To the extent that this is a properly articulated defense, Plaintiffs have and will provide a comprehensive damage presentation through the testimony of their damage expert Mr. David Cowheard.

Twenty-Ninth Affirmative Defense:

"PLAINTIFFS failed to take reasonable and prudent actions to mitigate its alleged damages."

Under this defense, if Corona breached the contract and the breach caused harm, Plaintiffs are not entitled to recover damages for harm that Defendants prove Plaintiffs could have avoided with reasonable efforts or expenditures. *See* CACI No. 405.

Plaintiffs will show through documents and testimony that they did everything they reasonably could under the circumstances to mitigate the damages caused by the Seeds, such as local sales, salvaging the reduced yield, processing and exporting it.

Thirtieth Affirmative Defense:

"PLAINTIFFS' claims are barred by the doctrine of Accord & Satisfaction."

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

This is not a cognizable defense under the applicable CACI instructions. To the extent it is a valid defense, Plaintiffs are unable to provide the elements of this defense and rebut it.

<div style="border: 1px solid black; text-align: center;">

**CRITES SEEDS, INC**

</div>

Defendant Crites plans to pursue the following affirmative defenses:

<u>First Affirmative Defense</u>: Crites asserts that Plaintiffs' own negligence contributed to their harm. The elements of comparative fault are:

(1) Plaintiffs were negligent;

(2) Plaintiffs' negligence was a substantial factor in causing their harm.

*See* CACI No. 405.

Plaintiffs will rebut both elements through the expert testimony of Michael Coffey; multiple tests on the Seeds in 2016; and the testimony of Angello Flores, Oscar Alvan, Guillermo de los Rios, Federico Camones, Edwin Maldonado and Erick Sanchez.

<u>Fifth Affirmative Defense</u>: Crites asserts that it is not responsible for Plaintiffs' claimed harm because the Seeds were misused after they left Crites' possession.

The elements of this defense are:

1. The Seeds were misused after they left Crites' possession; and

2. The misuse was so highly extraordinary that it was not reasonably foreseeable to Crites, and therefore should be considered as the sole cause of Plaintiffs' harm.

*See* CACI No. 1245.

Plaintiffs will show through the testimonies of Oscar Alvan, Angello Flores, Guillermo de Los Rios, Edwin Maldonado and Erick Sanchez, and Federico Camones that they were responsible, prudent, and experienced growers that properly used the product sold to them.

**E. Anticipated Evidentiary Issues**

Plaintiffs intent to request judicial notice that the Federal Seed Act and the California counterpart establish an 80% minimum for commerciable vegetable pea seeds.

Plaintiffs anticipate that Defendants will object to several Exhibits proposed by Plaintiffs.

**F. Issues of Law**

Plaintiffs do not anticipate issues of law on their side.

## II.   BIFURCATION OF ISSUES

Plaintiffs will not seek a bifurcated trial.

## III.   JURY TRIAL

A timely demand for jury trial has been made. The following issues are triable to a jury as a matter of right:

- Plaintiffs' claims for:

 (1) breach of express warranty; (2) negligence; (3) breach of contract; and (4) strict products liability.

- Defendant Corona's affirmative defenses of:[1]

(2) Statute of Limitations; (4) negligence of plaintiffs; (7) assumption of risk; (9) Corona's practices and procedures; (15) setoff; (20) excuse; (29) mitigation of damages; (30) Accord & Satisfaction.

- Defendant Crites' affirmative defenses of:

(1) comparative fault, and (5) product misuse.

## IV.   ATTORNEYS' FEES

There is no claim for attorneys' fees in this case.

## V.   ABANDONMENT OF ISSUES

Plaintiffs have not and will not abandon any claim.

---

[1] When summarizing Defendants' defenses, Plaintiffs do not include those that Plaintiffs consider a repetition of another defense, are moot due to prior rulings, or inapplicable as a defense to this case as described in the Section D of this brief.

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Dated: March 10, 2020

Respectfully submitted,

By: */s/ Eduardo A. Maura*
**Eduardo A. Maura**
Fla. Bar No. 91303
Ayala Law, P.A.
1390 Brickell Ave, Ste 335
Miami, FL 33131
Phone: 305-570-2208
Fax: 305-503-7206
Email: eayala@ayalalawpa.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed on March 10, 2020 with the Clerk of the Court using the CM/ECF Official Court Electronic Document Filing System which will serve it on all counsel or parties of record listed on the attached Service List.

*/s/ Eduardo A. Maura*
Eduardo A. Maura

PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## SERVICE LIST

Agrícola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.
U.S. District Court for the Central District of California: 2:17-cv-08220-DMG-SK

| | |
|---|---|
| **Bruce Alan Finck, Esq.**<br>Benton, Orr, Duval & Buckingham<br>39 North California Street<br>Ventura, California 93001<br>Phone: 800-350-8921 or 805-648511<br>Fax: 805-648-7218<br>Email: bfinck@bentonorr.com | Counsel for Defendant Corona Seeds, Inc. |
| **Peter C.L. Chen, Esq.**<br>Horton Oberrecht Kirkpatrick & Martha<br>2 Park Plaza, #440<br>Irvine, CA 92604<br>Phone: 949-251-5100<br>Fax: 949-251-5104<br>Email: pchen@hortonfirm.com | Counsel for Defendant Corona Seeds, Inc. |
| **Dale Dorfmeier, Esq.**<br>6051 N. Fresno St., Ste. 110<br>Fresno, CA 93710<br>Phone: 559-498-6522<br>Fax: 559-498-6516<br>Email: ddorfmeier@pdmlegal.com | Counsel for Defendant Crites Seeds, Inc. |
| **Rick Haruthunian Esq.**<br>**Lisa Taylor, Esq.**<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101<br>Phone: 614-544-7210<br>Email: rharuthunian@grsm.com<br>Email: ltaylor@grsm.com | Counsel for Defendant Crites Seeds, Inc. |

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

| **Brian Nomi, Esq.**<br>Law Office of Brian Nomi<br>215 E. Daily Drive, Suite 28<br>Camarillo, CA 93010<br>Phone: 805-444-5960<br>Fax: 805-357-3333<br>Email: briannomi@yahoo.com | Local Co-Counsel for Plaintiffs |
|---|---|

**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**