**LAW OFFICE OF BRIAN NOMI**
Brian Nomi, Esq. (CBN: 203059)
*Local Counsel*
215 E Daily Dr, Ste 28
Camarillo, CA 93010
Phone: 805-444-5960
Fax: 805-357-5333
Email: briannomi@yahoo.com

**AYALA LAW, P.A.**
Eduardo A. Maura, Esq. (FBN: 91303)
*Pro Hac Vice Counsel* [D.E. 11]
1390 Brickell Ave, Ste 335
Miami, FL 33131
Phone: 305-570-2208
Fax: 305-503-7206
Email: eayala@ayalalawpa.com

Attorneys for Agrícola Cuyuma SA and
Corporación Agrícola Viñasol SAC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agrícola Cuyuma SA, and Corporación Agrícola Viñasol SAC, <br><br> *Plaintiffs*, <br><br> v. <br><br> Corona Seeds, Inc., and Crites Seed, Inc., <br><br> *Defendants*. | **Case No. 2:17-cv-08220-DMG-SK** <br><br> **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** <br><br> Judge: Hon. Dolly M. Gee <br><br> Final Pretrial Conference: March 31, 2020 <br><br> Trial Date: April 28, 2020 |

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, IT IS ORDERED:

1. **PARTIES AND PLEADINGS**

The parties are:

- Plaintiff Corporación Agrícola Viñasol SAC ("AVSA");

- Plaintiff Agrícola Cuyuma SA ("Cuyuma");

- Defendant Corona Seeds, Inc. ("Corona"); and
- Defendant Crites Seed, Inc. ("Crites").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

- Plaintiffs' Third Amended Complaint [ECF 52];
- Corona's Answer [ECF 55]; and
- Crites' Answer [ECF 58].

## 2.  **JURISDICTION AND VENUE**

Federal jurisdiction and venue are invoked upon the grounds: the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state (28 U.S.C. § 1332), and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district (28 U.S.C. § 1391). The facts requisite to federal jurisdiction are admitted.

## 3.  **TRIAL DURATION**

Plaintiffs estimate trial will take six (6) to eight (8) trial days.

Crites estimates that the trial will take eight (8) to ten (10) trial days.

Corona estimates trial will take at least eight (8) to ten (10) trial days.

## 4.  **JURY TRIAL**

The trial is to be a jury trial. At least seven (7) days prior to the trial date the parties shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

## 5.  **ADMITTED FACTS**

The following facts are admitted and require no proof:

- At all relevant times, Corona was a California seed seller.
- At all relevant times, Corona was a California corporation.

- At all relevant times, Crites was a business selling various types of seed within the United States, with its corporate office in Moscow, Idaho.
- AVSA is a commercial grower and exporter of agricultural produce in Peru and has been in business since 2001.
- Cuyuma is a commercial grower and exporter of agricultural produce in Peru.
- AVSA and Cuyuma purchased seeds from Corona.
- The seeds Corona sold to Plaintiffs were supplied by Crites.

## 6.   STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

- AVSA is a commercial grower and exporter of agricultural produce in Peru and has been in business since 2001.
- Cuyuma is a commercial grower and exporter of agricultural produce in Peru.
- AVSA and Cuyuma purchased seeds from Corona.
- The seeds Corona sold to Plaintiffs were supplied by Crites. Crites placed the Seeds in bags provided by Corona, sealed the bags, and sent them to Corona.
- Crites affixed labels to the bags.

## 7.   PARTIES' CLAIMS AND DEFENSES

**Plaintiffs:**

(a)   Plaintiffs plan to pursue the following claims against Defendants:

Claim 1: Corona breached an express warranty it made to AVSA;

Claim 2: Corona was negligent towards AVSA;

Claim 3: Corona breached its contract with AVSA;

Claim 4: Crites is strictly liable to AVSA for its manufacturing defects;

Claim 5: Crites was negligent towards AVSA;

Claim 6: Corona breached an express warranty it made to Cuyuma;

3

    <u>Claim 7</u>: Corona was negligent towards Cuyuma;

    <u>Claim 8</u>: Corona breached its contract with Cuyuma;

    <u>Claim 9</u>: Crites is strictly liable to Cuyuma for its manufacturing defects;

    <u>Claim 10</u>: Crites was negligent towards Cuyuma.

**(b)**  The elements required to establish Plaintiffs' claims are:

### Claim 1 – Breach of Express Warranty (*AVSA vs. Corona*)

1. Corona made a statement of fact to AVSA that the Seeds had an 87% germination rate;

2. The Seeds did not perform as stated;

3. AVSA took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;

4. AVSA was harmed; and

5. The failure of the Seeds to be as represented was a substantial factor in causing AVSA's harm.

*Corona disputes the elements AVSA relies on.  AVSA must prove the following:*

1. Corona made a statement of fact to AVSA that the Seeds would have an 87% germination rate;

2. The Seeds did not perform as stated;

3. AVSA took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;

4. That Corona failed to provide any remedies;

5. AVSA was harmed; and

6. The failure of the Seeds to be as represented was a substantial factor in causing AVSA's harm.

### Claim 2 – Negligence (*AVSA vs. Corona*)

1. Corona was negligent;

2. AVSA was harmed; and

4

3.  Corona's negligence was a substantial factor in causing AVSA's harm.

*Corona disputes the elements AVSA relies on.  AVSA must prove the following:*

1.  Corona was negligent;

2.  AVSA sustained damage to property other than the Seeds; and

3.  Corona's negligence was a substantial factor in causing AVSA's harm.

### Claim 3 – Breach of Contract (*AVSA vs. Corona*)

1.  AVSA and Corona entered into a contract;

2.  Corona failed to do something that the contract required it to do;

3.  AVSA was harmed; and

4.  Corona's breach of contract was a substantial factor in causing AVSA's harm.

*Corona disputes the elements AVSA relies on.  AVSA must prove the following:*

1.  AVSA and Corona entered into a contract;

2.  AVSA did all, or substantially all, of the significant things that the contract required it do to;

3.  Corona failed to do something that the contract required it to do;

4.  AVSA was harmed; and

5.  Corona's breach of contract was a substantial factor in causing AVSA's harm.

### Claim 4 – Strict Products Liability (*AVSA vs. Crites*)

1.  Crites manufactured the Seeds;

2.  The Seeds contained a manufacturing defect when they left Crites' possession;

3.  AVSA was harmed; and

4.  The Seeds' defect was a substantial factor in causing AVSA's harm.

*Crites disputes the elements AVSA relies upon. AVSA must prove the following:*

1.  Crites manufactured the Seeds;

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

2.  The Seeds contained a manufacturing defect when they left Crites' possession;

3.  AVSA sustained damage to property other than the Seeds; and

4.  The Seeds' defect was a substantial factor in causing the damage to AVSA's other property.

## Claim 5 – Negligence (*AVSA vs. Crites*)

1.  Crites was negligent;

2.  AVSA was harmed; and

3.  Crites' negligence was a substantial factor in causing AVSA's harm.

*Crites disputes the elements AVSA relies upon. AVSA must prove the following:*

1.  Crites was negligent;

2.  AVSA sustained damage to property other than the Seeds; and

3.  Crites' negligence was a substantial factor in causing the damage to AVSA's other property.

## Claim 6 – Breach of Express Warranty (*Cuyuma vs. Corona*)

1.  Corona made a statement of fact to Cuyuma that the Seeds had an 87% germination rate;

2.  The Seeds did not perform as stated;

3.  Cuyuma took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;

4.  Cuyuma was harmed; and

5.  The failure of the Seeds to be as represented was a substantial factor in causing Cuyuma's harm.

*Corona disputes the elements Cuyuma relies on.  Cuyuma must prove the following:*

1.  Corona made a statement of fact to Cuyuma that the Seeds would have an 87% germination rate;

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

2. The Seeds did not perform as stated;

3. Cuyuma took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;

4. That Corona failed to provide any remedies;

5. Cuyuma was harmed; and

6. The failure of the Seeds to be as represented was a substantial factor in causing Cuyuma's harm.

## Claim 7 – Negligence (*Cuyuma vs. Corona*)

1. Corona was negligent;

2. Cuyuma was harmed; and

3. Corona's negligence was a substantial factor in causing Cuyuma's harm.

*Corona disputes the elements Cuyuma relies on.  Cuyuma must prove the following:*

1. Corona was negligent;

2. Cuyuma sustained damage to property other than the Seeds; and

3. Corona's negligence was a substantial factor in causing Cuyuma's harm.

## Claim 8 – Breach of Contract (*Cuyuma vs. Corona*)

1. Cuyuma and Corona entered into a contract;

2. Corona failed to do something that the contract required it to do;

3. Cuyuma was harmed; and

4. Corona's breach of contract was a substantial factor in causing Cuyuma's harm.

*Corona disputes the elements Cuyuma relies on.  Cuyuma must prove the following:*

1. Cuyuma and Corona entered into a contract;

2. Cuyuma did all, or substantially all, of the significant things that the contract required it do to;

7

3.  Cuyuma failed to do something that the contract required it to do;

4.  Cuyuma was harmed; and

5.  Corona's breach of contract was a substantial factor in causing Cuyuma's harm.

### Claim 9 – Strict Products Liability (*Cuyuma vs. Crites*)

1.  Crites manufactured the Seeds;

2.  The Seeds contained a manufacturing defect when they left Crites' possession;

3.  Cuyuma was harmed; and

4.  The Seeds' defect was a substantial factor in causing Cuyuma's harm.

*Crites disputes the elements Cuyuma relies upon. Cuyuma must prove the following:*

1.  Crites manufactured the Seeds;

2.  The Seeds contained a manufacturing defect when they left Crites' possession;

3.  *Cuyuma* sustained damage to property other than the Seeds; and

4.  The Seeds' defect was a substantial factor in causing the damage to *Cuyuma's* other property.

### Claim 10 – Negligence (*Cuyuma vs. Crites*)

1.  Crites was negligent;

2.  Cuyuma was harmed; and

3.  Crites' negligence was a substantial factor in causing Cuyuma's harm.

*Crites disputes the elements Cuyuma relies upon. Cuyuma must prove the following:*

1.  Crites was negligent;

2.  *Cuyuma* sustained damage to property other than the Seeds; and

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

3.  Crites' negligence was a substantial factor in causing the damage to *Cuyuma's* other property.

(c)   In brief, the key evidence Plaintiffs rely on for each of the claims is:

**Plaintiffs:**

**Claim 1 – Breach of Express Warranty (*AVSA vs. Corona*)**

1.  Corona made a statement of fact to AVSA that the Seeds had an 87% germination rate.

    *Evidence*: Label affixed to the bags containing the Seeds, and testimony of Oscar Alvan and Edwin Maldonado.

2.  The Seeds did not perform as stated.

    *Evidence*: Several tests done on the Seeds in 2016, testimony of plant pathologist Michael Coffey, testimony of Oscar Alvan, testimony Erick Sanchez and testimony of Edwin Maldonado.

3.  AVSA took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented.

    *Evidence*: Email communications between AVSA and Corona. Testimony of Oscar Alvan.

4.  AVSA was harmed.

    *Evidence*: Expert testimony from David Cowheard; Testimony of Alicia Chiang.

5.  The failure of the Seeds to be as represented was a substantial factor in causing AVSA's harm.

    *Evidence*: Expert testimony from Michael Coffey; Testimony of Erick Sanchez; Testimony of Edwin Maldonado.

**Claim 2 – Negligence (*AVSA vs. Corona*)**

1.  Corona was negligent.

    *Evidence*: Several germination tests done on the Seeds in 2016 and expert testimony from plant pathologist Michael Coffey.

2. AVSA was harmed.

*Evidence*: Expert testimony from David Cowheard; Testimony of Alicia Chiang.

3. Corona's negligence was a substantial factor in causing AVSA's harm.

*Evidence*: Expert testimony from plant pathologist Michael Coffey; Testimony of Erick Sanchez; Testimony of Edwin Maldonado.

## Claim 3 – Breach of Contract (*AVSA vs. Corona*)

1. AVSA and Corona entered into a contract.

*Evidence*: Corona invoice from January 2016.

2. Corona failed to do something that the contract required it to do;

*Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony from plant pathologist Michael Coffey; Testimony of Erick Sanchez.

3. AVSA was harmed.

*Evidence*: Expert testimony from David Cowheard; Testimony of Alicia Chang.

4. Corona's breach of contract was a substantial factor in causing AVSA's harm.

*Evidence*: Expert testimony from Michael Coffey; Testimony of Edwin Maldonado.

## Claim 4 – Strict Products Liability (*AVSA vs. Crites*)

1. Crites manufactured the Seeds.

*Evidence*: Phytosanitary field inspection from 2012; Corona's bagging instructions. Testimony of Andy Johnson.

2. The Seeds contained a manufacturing defect when they left Crites' possession.

*Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony of Michael Coffey.

3. AVSA was harmed.

*Evidence*: Expert testimony from David Cowheard; Testimony of Alicia Chang.

4. The Seeds' defect was a substantial factor in causing AVSA's harm.

*Evidence*: Expert testimony from Michael Coffey; Testimony of Edwin Maldonado; Testimony of Erick Sanchez.

### Claim 5 – Negligence (*AVSA vs. Crites*)

1. Crites was negligent.

   *Evidence*: Several germination tests done on the Seeds in 2016. Expert testimony from plant pathologist Michael Coffey.

2. AVSA was harmed.

   *Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores.

3. Crites' negligence was a substantial factor in causing AVSA's harm.

   *Evidence*: Expert testimony from Michael Coffey; Testimony of Federico Camones; Testimony of Angello Flores; Testimony of Guillermo de los Rios.

### Claim 6 – Breach of Express Warranty (*Cuyuma vs. Corona*)

1. Corona made a statement of fact to Cuyuma that the Seeds had an 87% germination rate.

   *Evidence*: Label affixed to the bags containing the Seeds.

2. The Seeds did not perform as stated.

   *Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony from plant pathologist Michael Coffey; Testimony of Angello Flores; Testimony of Federico Camones.

3. Cuyuma took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented.

   *Evidence*: Communications between Cuyuma and Corona; Testimony of Angello Flores.

4. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores.

5. The failure of the Seeds to be as represented was a substantial factor in causing Cuyuma's harm.

*Evidence*: Expert testimony from Michael Coffey; Testimony of Angello Flores.

### Claim 7 – Negligence (*Cuyuma vs. Corona*)

1. Corona was negligent.

   *Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony of Michael Coffey; Testimony of Angello Flores.

2. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores.

3. Corona's negligence was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert testimony from Michael Coffey; Testimony of Angello Flores.

### Claim 8 – Breach of Contract (*Cuyuma vs. Corona*)

1. Cuyuma and Corona entered into a contract.

   *Evidence*: Corona invoice from April 2016.

2. Corona failed to do something that the contract required it to do.

   *Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony of Michael Coffey; Testimony of Angello Flores; Testimony of Federico Camones.

3. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores.

4. Corona's breach of contract was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert report and testimony from Michael Coffey.

### Claim 9 – Strict Products Liability (*Cuyuma vs. Crites*)

1. Crites manufactured the Seeds.

   *Evidence*: Phytosanitary field inspection from 2012; Corona's bagging instructions; Testimony of Andy Johnson.

2. The Seeds contained a manufacturing defect when they left Crites' possession.

   *Evidence*: Several germination tests done on the Seeds in 2016; Testimony of David Cowheard; Testimony of Federico Camones; Testimony of Angello Flores.

3. Cuyuma was harmed.

*Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores; Testimony of Federico Camones.

4. The Seeds' defect was a substantial factor in causing Cuyuma's harm.

*Evidence*: Expert testimony from Michael Coffey; Testimony of Angello Flores; Testimony of Guillermo de Los Rios.

### Claim 10 – Negligence (*Cuyuma vs. Crites*)

1. Crites was negligent.

*Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony of Michael Coffey.

2. Cuyuma was harmed.

*Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores; Testimony of Federico Camones.

3. Crites' negligence was a substantial factor in causing Cuyuma's harm.

*Evidence*: Expert testimony from Michael Coffey; Testimony of Angello Flores; Testimony of Federico Camones; Testimony of Guillermo de los Rios.

**Defendants:**

### CORONA SEEDS, INC

Defendant Corona plans to pursue the following affirmative defenses:

First Affirmative Defense:

Plaintiffs "fail to allege facts sufficient to state the causes of action alleged or damages sought against DEFENDANT."

1. Plaintiffs made no communications regarding germination as part of the sale of the seeds.

*Evidence:* testimony of Oscar Alvan, Edwin Maldonaldo, Erick Sanchez, Angello Flores; invoices.

2. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

   *Evidence:* invoices, labels and bags.

3. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

   *Evidence:* invoices, labels and bags.

4. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

   *Evidence*: invoices, labels and bags.

5. Corona sent replacement seeds to Plaintiffs at no charge.

   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

6. Corona did not make a statement of fact to Plaintiffs that the Seeds would have an 87% germination rate

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, labels, bags.

7. Corona provided remedies to Plaintiffs;

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds;

8. The alleged failure of the Seeds to be as represented as having an 87% germination rate was not a substantial factor in causing Plaintiffs' harm.

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds; testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

9. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*Evidence:* invoices, bags, labels.

10. Plaintiffs did not perform any testing on the seeds prior to planting them.

*Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

11. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior.

*Evidence:* testimony of Edwin Maldonaldo

12. Plaintiffs applied agro-chemicals to the seeds prior to planting, during cultivation, altering / modifying the seeds Corona sold.

*Evidence:* testimony of Angello Flores, Erick Sanchez, Edwin Maldonaldo; lot records.

13. Corona is not responsible for post-germination issues such as cultivation, harvest and sale of the crop.

*Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

14. Crites did not advise Corona of any germination issues until after AVSA planted the seeds;

*Evidence:* testimony of Andy Johnson.

15. Plaintiffs cannot prove they sustained damage to other property.

*Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops.

16. Corona's conduct was not a substantial factor in causing Plaintiffs' harm.

*Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops; testimony of Michael Newman, Andy Johnson, Chuck Stoddard.

*See CACI* § 300 *et seq,* 400 *et seq,* 1200 *et seq,* 3900 *et seq; CCC* § 2316; 2719; *Agricola Baja Best v. Harris Moran Seed Company* (S.D. Cal. 2014) 44 F.Supp.3d 974,

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

991; *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.* (1988) 200 Cal.App.3d 1518, 1533. *Milgard Tempering, Inc. v. Selas Corp. of Am.* (9th Cir. 1990) 902 F.2d 703, 709; *Hughes Tool Co. v. Max Hinrichs Seed Co.* (1980) 112 Cal.App.3d 194, 199-200; *Howard v. American Nat. Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 516.

Third Affirmative Defense:

"Exclusive remedies are governed by the agreements entered into with defendant."

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;
   *Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.
   *Evidence:* invoices, labels and bags.

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.
   *Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.
   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

*See CCC* § 2316; 2719; *Agricola Baja Best v. Harris Moran Seed Company* (S.D. Cal. 2014) 44 F.Supp.3d 974, 991; *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.* (1988) 200 Cal.App.3d 1518, 1533. *Milgard Tempering, Inc. v. Selas Corp. of Am.* (9th Cir. 1990) 902 F.2d 703, 709.

Fourth Affirmative Defense:

"The damages suffered by PLAINTIFFS, if any, were the direct and proximate result of the negligence, careless, reckless and unlawful conduct of parties, persons, corporations and/or entities, including PLAINTIFFS, other than these answering DEFENDANT. . ."

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

1. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease. *Evidence:* invoices, bags, labels.

2. Plaintiffs did not perform any testing on the seeds prior to planting them. *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

3. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior. *Evidence:* testimony of Edwin Maldonaldo

4. Plaintiffs applied agro-chemicals to the seeds prior to planting, during cultivation, altering / modifying the seeds Corona sold. *Evidence:* testimony of Angello Flores, Erick Sanchez, Edwin Maldonaldo; lot records.

5. Corona is not responsible for post-germination issues such as cultivation, harvest and sale of the crop. *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

6. Crites did not advise Corona of any germination issues until after AVSA planted the seeds; *Evidence:* testimony of Andy Johnson.

7. Plaintiffs cannot prove they sustained damage to other property. *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops.

8. Corona's conduct was not a substantial factor in causing Plaintiffs' harm. *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops; testimony of Michael Newman, Andy Johnson, Chuck Stoddard.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*CACI* § 405, 406, 411, 430, 432; *CCC* § 2602, 2603; International Sale of Goods § 38.

Sixth Affirmative Defense:

"PLAINTIFFS have waived any and all rights to recover damages from DEFENDANT, including but not limited to disclaimer of warranties, limitation of liability, etc."

1. Plaintiffs made no communications regarding germination as part of the sale of the seeds.
   *Evidence:* testimony of Oscar Alvan, Edwin Maldonaldo, Erick Sanchez, Angello Flores; invoices.

2. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;
   *Evidence:* invoices, labels and bags.

3. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.
   *Evidence:* invoices, labels and bags.

4. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.
   *Evidence*: invoices, labels and bags.

5. Corona sent replacement seeds to Plaintiffs at no charge.
   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

6. Corona did not make a statement of fact to Plaintiffs that the Seeds would have an 87% germination rate
   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, labels, bags.

7. Corona provided remedies to Plaintiffs;

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds;

8. The alleged failure of the Seeds to be as represented as having an 87% germination rate was not a substantial factor in causing Plaintiffs' harm.

*Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds; testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

9. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.

*Evidence:* invoices, bags, labels.

10. Plaintiffs did not perform any testing on the seeds prior to planting them.

*Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

*CCC* § 2316, 2719, 2602, 2603; International Sale of Goods § 38.

<u>Seventh Affirmative Defense</u>:

"PLAINTIFFS expressly, voluntarily and knowingly assumed all risks about which they complain and that, therefore, it is barred either totally or to the extent of said assumption from any damages."

1. Plaintiffs made no communications regarding germination as part of the sale of the seeds.

*Evidence:* testimony of Oscar Alvan, Edwin Maldonaldo, Erick Sanchez, Angello Flores; invoices.

2. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

*Evidence:* invoices, labels and bags.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

3. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

   *Evidence:* invoices, labels and bags.

4. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

   *Evidence*: invoices, labels and bags.

5. Corona sent replacement seeds to Plaintiffs at no charge.

   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

6. Corona did not make a statement of fact to Plaintiffs that the Seeds would have an 87% germination rate

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, labels, bags.

7. Corona provided remedies to Plaintiffs;

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds;

8. The alleged failure of the Seeds to be as represented as having an 87% germination rate was not a substantial factor in causing Plaintiffs' harm.

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds; testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

9. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.

   *Evidence:* invoices, bags, labels.

10. Plaintiffs did not perform any testing on the seeds prior to planting them.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

*CCC* § 2316, 2719, 2602, 2603; International Sale of Goods § 38.

<u>Ninth Affirmative Defense</u>:

"DEFENDANT'S practices, policies and procedure comply with all applicable laws."

1. Plaintiffs made no communications regarding germination as part of the sale of the seeds.

   *Evidence:* testimony of Oscar Alvan, Edwin Maldonaldo, Erick Sanchez, Angello Flores; invoices.

2. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

   *Evidence:* invoices, labels and bags.

3. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

   *Evidence:* invoices, labels and bags.

4. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

   *Evidence*: invoices, labels and bags.

5. Corona sent replacement seeds to Plaintiffs at no charge.

   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

6. Corona did not make a statement of fact to Plaintiffs that the Seeds would have an 87% germination rate

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, labels, bags.

7. Corona provided remedies to Plaintiffs;

*Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds;

8. The alleged failure of the Seeds to be as represented as having an 87% germination rate was not a substantial factor in causing Plaintiffs' harm.

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds; testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

9. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.

   *Evidence:* invoices, bags, labels.

10. Plaintiffs did not perform any testing on the seeds prior to planting them.

    *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

11. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior.

    *Evidence:* testimony of Edwin Maldonaldo

12. Plaintiffs applied agro-chemicals to the seeds prior to planting, during cultivation, altering / modifying the seeds Corona sold.

    *Evidence:* testimony of Angello Flores, Erick Sanchez, Edwin Maldonaldo; lot records.

13. Corona is not responsible for post-germination issues such as cultivation, harvest and sale of the crop.

    *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

14. Crites did not advise Corona of any germination issues until after AVSA planted the seeds;

*Evidence:* testimony of Andy Johnson.

15. Plaintiffs cannot prove they sustained damage to other property.

*Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops.

16. Corona's conduct was not a substantial factor in causing Plaintiffs' harm.

*Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops; testimony of Michael Newman, Andy Johnson, Chuck Stoddard.

*See CACI* § 300 *et seq,* 400 *et seq,* 1200 *et seq,* 3900 *et seq; CCC* § 2316; 2719; *Agricola,* (S.D. Cal. 2014) 44 F.Supp.3d at 991; *Nunes,* (1988) 200 Cal.App.3d 1518, 1533; *Milgard,* 902 F.2d at 709; *Hughes,* 112 Cal.App.3d at 199-200; *Howard,* 187 Cal.App.4th at 516.

Tenth Affirmative Defense:

"PLAINTIFFS failed to perform all duties and obligations on their part of any agreement, oral or written, with this answering DEFENDANT, and such acts or omissions bar PLAINTIFFS' recovery herein. . . "

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

*Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

*Evidence:* invoices, labels and bags.

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

*Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.

*Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

5. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease. *Evidence:* invoices, bags, labels.

6. Plaintiffs did not perform any testing on the seeds prior to planting them. *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

7. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior. *Evidence:* testimony of Edwin Maldonaldo

8. Plaintiffs applied agro-chemicals to the seeds prior to planting, during cultivation, altering / modifying the seeds Corona sold. *Evidence:* testimony of Angello Flores, Erick Sanchez, Edwin Maldonaldo; lot records.

9. Corona is not responsible for post-germination issues such as cultivation, harvest and sale of the crop. *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

*See CCC* § 2602, 2603, 2316; 2719; International Sale of Goods § 38; *Agricola,* 44 F.Supp.3d 991; *Nunes,* 200 Cal.App.3d at 1533; *Milgard,* 902 F.2d at 709.

<u>Eleventh Affirmative Defense</u>:

"The rights and remedies at issue here are governed by the terms and conditions of the contracts and amendments entered into between PLAINTIFFS and DEFENDANT. DEFENDANT rely upon each and every defense and limitation contained therein and in the documents."

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

   *Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

   *Evidence:* invoices, labels and bags.

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

   *Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.

   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

   *See CCC* § 2316; 2719; *Agricola Baja Best v. Harris Moran Seed Company* (S.D. Cal. 2014) 44 F.Supp.3d 974, 991; *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.* (1988) 200 Cal.App.3d 1518, 1533. *Milgard Tempering, Inc. v. Selas Corp. of Am.* (9th Cir. 1990) 902 F.2d 703, 709.

   <u>Twelfth Affirmative Defense</u>:

   "PLAINTIFFS failed to satisfy one or more express or implied conditions precedent to any obligations allegedly owed to PLAINTIFFS, specifically that the agreements at issue contained disclaimer of warranties and limitation of liability clauses that limit, if not entirely dispose of, Plaintiffs' remedies in connection with their claims. These warranties and limitation of liability clauses are contained within the documents that Plaintiffs attached to their pleadings."

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

   *Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

   *Evidence:* invoices, labels and bags.

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

   *Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.

   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

5. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.

   *Evidence:* invoices, bags, labels.

6. Plaintiffs did not perform any testing on the seeds prior to planting them.

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

7. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior.

   *Evidence:* testimony of Edwin Maldonaldo

   *See CCC* § 2602, 2603, 2316; 2719; International Sale of Goods § 38; *Agricola,* 44 F.Supp.3d 991; *Nunes,* 200 Cal.App.3d at 1533; *Milgard,* 902 F.2d at 709.

   <u>Fifteenth Affirmative Defense</u>:

   "DEFENDANT is entitled to a setoff against any damages owed to PLAINTIFFS by virtue of the conduct of PLAINTIFFS and others responsible for PLAINTIFFS' alleged damages, if any."

1. Corona and Plaintiffs entered into valid agreements in connection with the sale of the subject seeds.

   *Evidence:* testimony of Oscar Alvan, Angello Flores; invoices.

2. The terms, conditions, and language contained on the invoices, bags, and labels clearly set forth the rights and obligations owed by Corona and Plaintiffs to each other.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*Evidence:* invoices, bags and labels.

3. Plaintiffs did not dispute any of the terms and/or conditions identified in the invoices, bags and labels.

   *Evidence: testimony of Oscar Alvan, Angello Flores; invoices, bags, labels.*

4. The terms and conditions indicate that Plaintiffs' recovery is limited to the purchase price of the seeds;

   *Evidence:* invoices, bags and labels.

5. Corona sent replacements seeds to Plaintiffs at no charge.

   *Evidence:* testimony of Michael Newman; replacement seed invoices.

   *See CCC* § 2602, 2603, 2316; 2719; *Agricola,* 44 F.Supp.3d 991; *Nunes,* 200 Cal.App.3d at 1533; *Milgard,* 902 F.2d at 709; *Hughes Tool Co. v. Max Hinrichs Seed Co.* (1980) 112 Cal.App.3d 194, 199-200; *Howard v. American Nat. Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 516.

<u>Sixteenth Affirmative Defense:</u>

"DEFENDANT allege if it is found that DEFENDANT made a warranty, express or implied, which this DEFENDANT denies, then such warranty, if any, was disclaimed, excluded and limited in all of its parts and its entirety, explicitly and conspicuously both orally and in writing, in words that plainly convey the meaning to PLAINTIFFS that such disclaimer and limitation of such warranty, if any, was also excluded and modified in the course of dealing and usage of the trade, all as to preclude PLAINTIFFS from reliance upon a recovery from this warranty."

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

   *Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

   *Evidence:* invoices, labels and bags.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

   *Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.

   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

   *See CCC* § 2316; 2719; *Agricola Baja Best v. Harris Moran Seed Company* (S.D. Cal. 2014) 44 F.Supp.3d 974, 991; *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.* (1988) 200 Cal.App.3d 1518, 1533. *Milgard Tempering, Inc. v. Selas Corp. of Am.* (9th Cir. 1990) 902 F.2d 703, 709.

   <u>Eighteenth Affirmative Defense</u>:

   "DEFENDANT appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint."

1. Plaintiffs made no communications regarding germination as part of the sale of the seeds.

   *Evidence:* testimony of Oscar Alvan, Edwin Maldonaldo, Erick Sanchez, Angello Flores; invoices.

2. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

   *Evidence:* invoices, labels and bags.

3. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

   *Evidence:* invoices, labels and bags.

4. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

   *Evidence*: invoices, labels and bags.

5. Corona sent replacement seeds to Plaintiffs at no charge.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

6. Corona did not make a statement of fact to Plaintiffs that the Seeds would have an 87% germination rate

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, labels, bags.

7. Corona provided remedies to Plaintiffs;

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds;

8. The alleged failure of the Seeds to be as represented as having an 87% germination rate was not a substantial factor in causing Plaintiffs' harm.

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds; testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

9. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.

   *Evidence:* invoices, bags, labels.

10. Plaintiffs did not perform any testing on the seeds prior to planting them.

    *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

11. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior.

    *Evidence:* testimony of Edwin Maldonaldo

12. Plaintiffs applied agro-chemicals to the seeds prior to planting, during cultivation, altering / modifying the seeds Corona sold.

*Evidence:* testimony of Angello Flores, Erick Sanchez, Edwin Maldonaldo; lot records.

13. Corona is not responsible for post-germination issues such as cultivation, harvest and sale of the crop.

    *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

14. Crites did not advise Corona of any germination issues until after AVSA planted the seeds;

    *Evidence:* testimony of Andy Johnson.

15. Plaintiffs cannot prove they sustained damage to other property.

    *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops.

16. Corona's conduct was not a substantial factor in causing Plaintiffs' harm.

    *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops; testimony of Michael Newman, Andy Johnson, Chuck Stoddard.

    *See CACI* § 300 *et seq,* 400 *et seq,* 1200 *et seq,* 3900 *et seq; CCC* § 2316; 2719; *Agricola,* (S.D. Cal. 2014) 44 F.Supp.3d at 991; *Nunes,* (1988) 200 Cal.App.3d 1518, 1533; *Milgard,* 902 F.2d at 709; *Hughes,* 112 Cal.App.3d at 199-200; *Howard,* 187 Cal.App.4th at 516.

    Twentieth Affirmative Defense:

    "The conduct of DEFENDANT was justified or otherwise subject to the doctrine of excuse, and by reason of the foregoing, PLAINTIFFS are barred from any recovery."

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

   *Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*Evidence:* invoices, labels and bags.

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

   *Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.

   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

5. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.

   *Evidence:* invoices, bags, labels.

6. Plaintiffs did not perform any testing on the seeds prior to planting them.

   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

7. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior.

   *Evidence:* testimony of Edwin Maldonaldo.

   *See CCC* § 2602, 2603, 2316; 2719; International Sale of Goods § 38; *Agricola,* 44 F.Supp.3d 991; *Nunes,* 200 Cal.App.3d at 1533; *Milgard,* 902 F.2d at 709.

   <u>Twenty-First Affirmative Defense</u>:

   "PLAINTIFFS' Complaint is barred due to the existence of releases and other matters of contract, by which the PLAINTIFFS are bound, which preclude PLAINTIFFS' recovery of damages."

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

   *Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

   *Evidence:* invoices, labels and bags.

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

*Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.

*Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

*See CCC* § 2316; 2719; *Agricola Baja Best v. Harris Moran Seed Company* (S.D. Cal. 2014) 44 F.Supp.3d 974, 991; *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.* (1988) 200 Cal.App.3d 1518, 1533. *Milgard Tempering, Inc. v. Selas Corp. of Am.* (9th Cir. 1990) 902 F.2d 703, 709.

<u>Twenty-Second Affirmative Defense</u>:

"Granting PLAINTIFFS' demand in the Complaint would result in PLAINTIFFS receiving more money than entitled."

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;

*Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.

*Evidence:* invoices, labels and bags.

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.

*Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.

*Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

*See CCC* § 2316; 2719; *Agricola Baja Best v. Harris Moran Seed Company* (S.D. Cal. 2014) 44 F.Supp.3d 974, 991; *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.*

(1988) 200 Cal.App.3d 1518, 1533. *Milgard Tempering, Inc. v. Selas Corp. of Am.* (9th Cir. 1990) 902 F.2d 703, 709.

<u>Twenty-Fourth Affirmative Defense</u>:

"The enforcement of PLAINTIFFS' claims would go against the purpose of the agreements, including but not limited to disclaimer of warranties, limitation of liability, etc., specifically that the agreements at issue contained disclaimer of warranties and limitation of liability clauses that limit, if not entirely dispose of, Plaintiffs' remedies in connection with their claims. These warranties and limitation of liability clauses are contained within the documents that Plaintiffs attached to their pleadings."

1. The invoices, labels and bags for the seeds contain language that set forth the rights of obligations owed to each other;
   *Evidence:* invoices, labels and bags.

2. Plaintiffs do not dispute any of the terms contained in the invoices, labels and bags.
   *Evidence:* invoices, labels and bags.

3. The terms contained in the invoices, labels and bags limited Plaintiffs' remedies to the purchase price of the seed.
   *Evidence*: invoices, labels and bags.

4. Corona sent replacement seeds to Plaintiffs at no charge.
   *Evidence:* testimony of Angello Flores, Oscar Alvan, Michael Newman; replacement seed invoices.

*See CCC* § 2316; 2719; *Agricola Baja Best v. Harris Moran Seed Company* (S.D. Cal. 2014) 44 F.Supp.3d 974, 991; *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.* (1988) 200 Cal.App.3d 1518, 1533. *Milgard Tempering, Inc. v. Selas Corp. of Am.* (9th Cir. 1990) 902 F.2d 703, 709.

<u>Twenty-Seventh Affirmative Defense</u>:

"PLAINTIFFS seek to recover damages that are highly speculative in nature are thus not recoverable against DEFENDANT."

1. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.
   *Evidence:* invoices, bags, labels.

2. Plaintiffs did not perform any testing on the seeds prior to planting them.
   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

3. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior.
   *Evidence:* testimony of Edwin Maldonaldo

4. Plaintiffs applied agro-chemicals to the seeds prior to planting, during cultivation, altering / modifying the seeds Corona sold.
   *Evidence:* testimony of Angello Flores, Erick Sanchez, Edwin Maldonaldo; lot records.

5. Corona is not responsible for post-germination issues such as cultivation, harvest and sale of the crop.
   *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

6. Plaintiffs cannot prove they sustained damage to other property.
   *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops.

7. Corona's conduct was not a substantial factor in causing Plaintiffs' harm.
   *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops; testimony of Michael Newman, Andy Johnson, Chuck Stoddard.

*See CACI* § 300 *et seq,* 400 *et seq,* 1200 *et seq,* 3900 *et seq; CCC* § 2316; 2719; *Agricola,* (S.D. Cal. 2014) 44 F.Supp.3d at 991; *Nunes,* (1988) 200 Cal.App.3d 1518,

1533; *Milgard,* 902 F.2d at 709; *Hughes,* 112 Cal.App.3d at 199-200; *Howard,* 187 Cal.App.4th at 516.

Twenty-Ninth Affirmative Defense:

"PLAINTIFFS failed to take reasonable and prudent actions to mitigate its alleged damages."

1. Plaintiffs were put on notice that new varieties need to be tested for adaptability prior to commercial use, and that the seeds have not been tested for disease.
   *Evidence:* invoices, bags, labels.

2. Plaintiffs did not perform any testing on the seeds prior to planting them.
   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo.

3. AVSA did not test the fields in question prior to planting, and previously planted peas in those same fields the year prior.
   *Evidence:* testimony of Edwin Maldonaldo

4. Plaintiffs applied agro-chemicals to the seeds prior to planting, during cultivation, altering / modifying the seeds Corona sold.
   *Evidence:* testimony of Angello Flores, Erick Sanchez, Edwin Maldonaldo; lot records.

5. Corona is not responsible for post-germination issues such as cultivation, harvest and sale of the crop.
   *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

6. Plaintiffs cannot prove they sustained damage to other property.
   *Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops.

7. Corona's conduct was not a substantial factor in causing Plaintiffs' harm.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*Evidence:* testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley, Ann McDermott; invoices, bags, labels; all documentation pertaining to the crops; testimony of Michael Newman, Andy Johnson, Chuck Stoddard.

*See CACI* § 300 *et seq,* 400 *et seq,* 1200 *et seq,* 3900 *et seq; CCC* § 2316; 2719; *Agricola,* (S.D. Cal. 2014) 44 F.Supp.3d at 991; *Nunes,* (1988) 200 Cal.App.3d 1518, 1533; *Milgard,* 902 F.2d at 709; *Hughes,* 112 Cal.App.3d at 199-200; *Howard,* 187 Cal.App.4th at 516.

<u>Thirtieth Affirmative Defense</u>:

"PLAINTIFFS' claims are barred by the doctrine of Accord & Satisfaction."

1. AVSA advised CORONA of germination issues with the seed in late May 2016.
   *Evidence:* testimony of Oscar Alvan, Michael Newman; emails.

2. AVSA and CORONA entered into a new agreement wherein CORONA would provide replacement seeds free or charge if germination testing of the previously sent seeds were below a certain percentage.
   *Evidence:* testimony of Michael Newman, Oscar Alvan.

3. In exchange, AVSA agreed to waive any future claims against CORONA.
   *Evidence:* testimony of Michael Newman, Oscar Alvan.

4. CORONA sent seeds, free of charge, to AVSA.
   *Evidence:* replacement seed invoices; testimony of Michael Newman.
   *California Civil Code* § 1521, 1522.

---

## **CRITES SEEDS, INC**

---

Defendant Crites plans to pursue the following affirmative defenses:

(1) <u>Affirmative Defense One</u>: Comparative Fault (Against Both Plaintiffs)

(2) <u>Affirmative Defense Two</u>: Misuse/Abuse of the Product (Against Both Plaintiffs)

The elements required to establish Defendant's affirmative defenses are:

Comparative Fault

(1) Plaintiffs were negligent;

(2) Plaintiffs' negligence was a substantial factor in causing their harm.

See CACI No. 405.

(1) Misuse / Abuse of the ProductThe Seeds were misused and /or abused after they left Crites' possession; and

(2) The misuse and/or abuse was so highly extraordinary that it was not reasonably foreseeable to Crites, and therefore should be considered the sole cause of Plaintiffs' harm.

See CACI No. 1245.

(c)    In brief the key evidence Defendant Crites relies on for each counterclaim and affirmative defense is:

**Comparative Fault (Against Both Plaintiffs)**

1.    Plaintiffs were negligent.

*Evidence:* Testimony of expert witnesses David Kelley, Steve Koike, Pat Brecht, and Dale Rush.

2.    Plaintiffs' negligence was a substantial factor in causing their harm.

*Evidence:*  Testimony of expert witnesses David Kelley, Steve Koike, Pat Brecht, and Dale Rush.

**Misuse/Abuse of the Product (Against Both Plaintiffs)**

1.    The Seeds were misused and/or abused after they left Crites'possession.

*Evidence:*  Testimony of expert witnesses David Kelley, Steve Koike, Pat Brecht, and Dale Rush.

2.    The misuse and/or abuse was so highly extraordinary that it was not reasonably foreseeable to Crites, and therefore should be considered as the sole cause of Plaintiffs' harm.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

*Evidence:* Testimony of expert witnesses David Kelley, Steve Koike,

Pat Brecht, and Dale Rush.

## 8.  REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims and

affirmative defenses, the following issues remain to be tried:

- Plaintiffs' claims for:

 (1) breach of express warranty; (2) negligence; (3) breach of contract; and (4) strict

products liability.

- Defendant Corona's affirmative defenses of:

Corona intends only to pursue the affirmative defenses discussed above, which

includes: (1) failure to state a claim; (3) exclusive remedies; (4) conduct of Plaintiffs and

others; (6) waiver; (7) assumption of risk; (9) compliance with laws; (10) Plaintiffs'

failure to perform all duties and obligations; (11) rights governed by contracts; (12)

conditions to contracts; (15) setoff; (16) limitation of warranties; (18 – combined into

defense number 9); 20 (excuse); (21) limited remedies; (22) excess recovery; (24) claims

contravene contracts; (27) speculative damages; (29) failure to mitigate; and (30) accord

& satisfaction.

Corona does not intend to pursue the following affirmative defenses: 2 (statute of

limitations), 5 (estoppel), 8 (unclean hands), 13 (laches), 14 (no good faith), 17 (lack of

notice), 19 (Prop. 51 apportionment of non-economic damages), 23 (verbal statements),

25 (verbal statements), and 28 (fraud / misrepresentation).

- Defendant Crites' affirmative defenses of:

(1) comparative fault; and (5) product misuse.

## 9.  DISCOVERY

Plaintiffs content that to the extent the discovery cut-offs deadlines have expired,

discovery is complete.

Crites contents that discovery is ongoing.

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**

Corona contents that discovery is ongoing.

**10.  DISCLOSURES AND EXHIBIT LIST**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Please see the concurrently filed Pretrial Exhibit Stipulation.

**11.  WITNESS LISTS**

Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

The parties reserve the right to deposit these depositions if the witnesses cannot appear in person.

**12.  MOTIONS IN LIMINE**

Plaintiff have filed two motions *in limine*.

The Parties anticipate filing other motions after conclusion of expert discovery.

**13.  BIFURCATION**

No bifurcation of trial is requested.

**14.  ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: March 10, 2020.

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Approved as to form and content.

_s/Eduardo A. Maura_
Eduardo A. Maura, Esq.
*Counsel for Plaintiffs*

_s/Peter C.L. Chen, Esq._
Peter C.L. Chen, Esq.
*Counsel for Defendant Corona Seeds, Inc.*

_s/Lisa Taylor_
Lisa Taylor, Esq.
*Counsel for Defendant Crites Seed, Inc.*
*Defendant Crites Seed, Inc.*

**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**