**HORTON, OBERRECHT, KIRKPATRICK & MARTHA**
Cheryl A. Kirkpatrick, Esq. (SBN 149906)
Peter C.L. Chen, Esq. (SBN 246720)
3 Park Plaza, Suite 350
Irvine, CA 92614
PH: (949) 251-5100
FX: (949) 251-5104
Email: ckirkpatrick@hortonfirm.com / pchen@hortonfirm.com

Attorneys for Defendant Corona Seeds, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agricola Cuyuma SA;<br>Corporacion Agricola Vinasol SAC;<br><br>                    Plaintiffs,<br><br>v.<br><br>Corona Seeds, Inc.;<br><br>                    Defendant. | **CASE NO. 2:17-cv-8220 DMG (SKx)**<br><br>**[PROPOSED] JURY INSTRUCTIONS**<br><br>Complaint Served: December 21, 2017<br>Current Trial Date: February 11, 2020<br><br>Judge: Hon. Dolly M. Gee<br>Magistrate: Hon. Steve Kim |

The Parties hereby request that this Court submit the following requested Instructions:

### 9TH CIRCUIT MANUAL OF MODEL INSTRUCTIONS

| Model Instruction No. | Description | Plaintiffs | Corona Seeds, Inc. | Crites Seeds, Inc. | Given |
|---|---|---|---|---|---|
| 1.2 | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL) | | X | X | |
| 1.4 | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE) | | X | X | |

1

| | | | | | |
|---|---|---|---|---|---|
| 1.5 | CLAIMS AND DEFENSES | | X | X | |
| 1.6 | BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE | | X | X | |
| 1.8 | TWO OR MORE PARTIES— DIFFERENT LEGAL RIGHTS | | X | X | |
| 1.9 | WHAT IS EVIDENCE | | X | X | |
| 1.10 | WHAT IS NOT EVIDENCE | | X | X | |
| 1.11 | EVIDENCE FOR LIMITED PURPOSE | | X | X | |
| 1.12 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | | X | X | |
| 1.13 | RULING ON OBJECTIONS | | X | X | |
| 1.14 | CREDIBILITY OF WITNESSES | | X | X | |
| 1.15 | CONDUCT OF THE JURY | | X | X | |
| 1.17 | NO TRANSCRIPT AVAILABLE TO JURY | | X | X | |
| 1.18 | TAKING NOTES | | X | X | |
| 1.19 | QUESTIONS TO WITNESSES BY JURORS DURING TRIAL | | X | X | |
| 1.20 | BENCH CONFERENCES AND RECESSES | | X | X | |
| 1.21 | OUTLINE OF TRIAL | | X | X | |
| 2.1 | STIPULATED TESTIMONY | | X | X | |
| 2.2 | STIPULATIONS OF FACT | | X | X | |
| 2.3 | JUDICIAL NOTICE | | X | X | |
| 2.4 | DEPOSITION IN LIEU OF LIVE TESTIMONY | | X | X | |
| 2.5 | TRANSCRIPT OF RECORDING IN ENGLISH | | X | X | |
| 2.6 | TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE | | X | X | |
| 2.7 | DISPUTED TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE | | X | X | |
| 2.8 | FOREIGN LANGUAGE TESTIMONY | X | X | X | |
| 2.9 | IMPEACHMENT EVIDENCE—WITNESS | | X | X | |
| 2.10 | TESTS AND EXPERIMENTS | | X | X | |
| 2.11 | USE OF INTERROGATORIES | | X | X | |
| 2.12 | USE OF REQUESTS FOR ADMISSION | | X | X | |
| 2.13 | EXPERT OPINION | | X | X | |

2

| 2.14 | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | | X | X | |
| 2.15 | CHARTS AND SUMMARIES RECEIVED IN EVIDENCE | | X | X | |
| 2.16 | EVIDENCE IN ELECTRONIC FORMAT | | X | X | |
| 3.1 | DUTY TO DELIBERATE | | X | X | |
| 3.2 | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY | | X | X | |
| 3.3 | COMMUNICATION WITH COURT | | X | X | |
| 3.4 | READBACK OR PLAYBACK | | X | X | |
| 3.5 | RETURN OF VERDICT | | X | X | |
| 3.6 | ADDITIONAL INSTRUCTIONS OF LAW | | X | X | |
| 3.7 | DEADLOCKED JURY | | | | |
| 3.8 | CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED | | | | |
| 5.1 | DAMAGES—PROOF | | X | X | |
| 5.2 | MEASURES OF TYPES OF DAMAGES | | | | |
| 5.3 | DAMAGES—MITIGATION | | X | X | |

## CACI CIVIL JURY INSTRUCTIONS

| CACI Instruction No. | Description | Plaintiffs | Corona Seeds, Inc. | Crites Seeds, Inc. | Given |
|---|---|---|---|---|---|
| 100 | PRELIMINARY ADMONITIONS | | X | X | |
| 101 | OVERVIEW OF TRIAL | | X | | |
| 102 | TAKING NOTES DURING TRIAL | | X | X | |
| 103 | MULTIPLE PARTIES | | X | X | |
| 104 | NONPERSON PARTY | | X | X | |
| 105 | INSURANCE | | X | X | |
| 106 | EVIDENCE | | X | X | |
| 107 | WITNESSES | | X | X | |
| 108 | DUTY TO ABIDE BY TRANSLATION PROVIDED IN COURT | | X | X | |
| 111 | INSTRUCTION TO ALTERNATIVE JURORS | | X | X | |
| 112 | QUESTIONS FROM JURORS | | X | X | |

| 113 | BIAS | | X | X | |
| 114 | BENCH CONFERENCES AND CONFERENCES IN CHAMBERS | | X | X | |
| 116 | WHY ELECTRONIC COMMUNICATIONS AND RESEARCH ARE PROHIBITED | | X | X | |
| 117 | WEALTH OF PARTIES | | X | X | |
| 200 | OBLIGATION TO PROVE-- MORE LIKELY TRUE THAN NOT TRUE | | X | X | |
| 202 | DIRECT AND INDIRECT EVIDENCE | | X | X | |
| 203 | PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE | | X | X | |
| 204 | WILLFUL SUPPRESSION OF EVIDENCE | | X | X | |
| 205 | FAILURE TO EXPLAIN OR DENY EVIDENCE | | X | X | |
| 206 | EVIDENCE ADMITTED FOR LIMITED PURPOSE | | X | X | |
| 207 | EVIDENCE APPLICABLE TO ONE PARTY | | X | X | |
| 208 | DEPOSITION AS SUBSTANTIVE EVIDENCE | | X | X | |
| 209 | USE OF INTERROGATORIES OF A PARTY | | X | X | |
| 212 | STATEMENTS OF PARTY OPPONENT | | X | X | |
| 213 | ADOPTIVE ADMISSIONS | | X | X | |
| 215 | EXERCISE OF A COMMUNICAITON PRIVILEGE | | X | X | |
| 219 | EXPERT WITNESS TESTIMONY | | X | X | |
| 220 | EXPERTS--QUESTIONS CONTAINING ASSUMED FACTS | | X | X | |
| 221 | CONFLICTING EXPERT TESTIMONY | | X | X | |
| 223 | OPINION OF LAY WITNESSES | | X | X | |
| 300 | BREACH OF CONTRACT – | X | X | | |

| | | INTRODUCTION | | | | |
|---|---|---|---|---|---|---|
| | 302 | CONTRACT FORMATION – ESSENTIAL FACTUAL ELEMENTS | | X | | |
| | 303 | BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS | X | X | | |
| | 314 | INTERPRETATION – DISPUTED WORDS | | X | | |
| | 315 | INTERPRETATION – MEANING OF ORDINARY WORDS | | X | | |
| | 316 | INTERPRETATION – MEANING OF TECHNICAL WORDS | | X | | |
| | 317 | INTERPRETATION – CONSTRUCTION OF CONTRACT AS A WHOLE | | X | | |
| | 318 | INTERPRETATION – CONSTRUCTION BY CONDUCT | | X | | |
| | 319 | INTERPRETATION – REASONABLE TIME | | X | | |
| | 337 | AFFIRMATIVE DEFENSE - NOVATION | | X | | |
| | 350 | INTRODUCTION TO CONTRACT DAMAGES | | X | | |
| | 351 | SPECIAL DAMAGES | | X | | |
| | 352 | LOSS OF PROFITS – NO PROFITS EARNED | | X | | |
| | 353 | LOSS OF PROFITS – SOME PROFITS EARNED | | X | | |
| | 358 | MITIGATION OF DAMAGES | | X | | |
| | 359 | PRESENT CASH VALUE OF FUTURE DAMAGES | | X | | |
| | 400 | NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS | X | X | X | |
| | 401 | BASIC STANDARD OF CARE | X | X | X | |
| | 405 | COMPARATIVE FAULT OF PLAINTIFF | | X | X | |
| | 406 | APPORTIONMENT OF RESPONSIBILITY | | X | X | |
| | 411 | RELIANCE ON GOOD CONDUCT OF OTHERS | | X | X | |

5

| | | | | | |
|---|---|---|---|---|---|
| 413 | CUSTOM OR PRACTICE | | X | X | |
| 430 | CAUSATION: SUBSTANTIAL FACTOR | | X | X | |
| 1200 | STRICT LIABILITY – ESSENTIAL FACTUAL ELEMENTS | | | | |
| 1201 | STRICT LIABILITY—MANUFACTURING DEFECT—ESSENTIAL FACTUAL ELEMENTS | X | | X | |
| 1202 | STRICT LIABILITY—"MANUFACTURING DEFECT" EXPLAINED | X | | X | |
| 1207A | STRICT LIABILITY—COMPARATIVE FAULT OF PLAINTIFF | | | | |
| 1207B | STRICT LIABILITY—COMPARATIVE FAULT OF THIRD PERSON | | | | |
| 1220 | NEGLIGENCE—ESSENTIAL FACTUAL ELEMENTS | X | | | |
| 1221 | NEGLIGENCE – BASIC STANDARD OF CARE | X | | | |
| 1230 | EXPRESS WARRANTY – ESSENTIAL FACTUAL ELEMENTS | X | X | | |
| 1240 | AFFIRMATIVE DEFENSE TO EXPRESS WARRANTY – NOT "BASIS OF BARGAIN" | | X | | |
| 1241 | AFFIRMATIVE DEFENSE TO EXPRESS WARRANTY – EXCLUSION OR MODIFICATION OF EXPRESS WARRANTY | | X | | |
| 1245 | AFFIRMATIVE DEFENSE—PRODUCT MISUSE OR MODIFICATION | | X | X | |
| 3900 | INTRODUCTION TO TORT DAMAGES – LIABILITY CONTESTED | X | | | |
| 3903 | ITEMS OF ECONOMIC DAMAGE | | | | |
| 3903F | DAMAGE TO REAL PROPERTY (ECONOMIC DAMAGE) | | | | |
| 3903H | DAMAGE TO ANNUAL CROP | | X | X | |

6

[PROPOSED] JURY INSTRUCTIONS

| | | | | | |
|---|---|---|---|---|---|
| 3903N | LOST PROFITS | | X | X | |
| 3904A | PRESENT CASH VALUE | | X | X | |
| 3904B | USE OF PRESENT VALUE TABLES | | X | X | |
| 3924 | NO PUNITIVE DAMAGES | | X | X | |
| 3925 | ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES | | X | X | |
| 3931 | MITIGATION OF DAMAGES | | X | | |
| 3933 | DAMAGE FROM MULTIPLE DEFENDANTS | | X | X | |
| 3934 | DAMAGES ON MULTIPLE LEGAL THEORIES | | X | X | |
| 3935 | PREJUDGMENT INTEREST | X | | | |
| 3964 | JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS | | X | X | |
| 5000 | DUTIES OF THE JUDGE AND JURY | | X | X | |
| 5001 | INSURANCE | | X | | |
| 5002 | EVIDENCE | | X | | |
| 5003 | WITNESSES | | X | | |
| 5005 | MULTIPLE PARTIES | | X | | |
| 5006 | NONPERSON PARTY | | X | | |
| 5008 | DUTY TO ABIDE BY TRANSLATION PROVIDED IN COURT | | X | | |
| 5009 | PREDELIBERATION INSTRUCTIONS | | X | X | |
| 5010 | TAKING NOTES DURING THE TRIAL | | X | | |
| 5011 | READING BACK OF TRIAL TESTIMONY IN JURY ROOM | | X | | |
| 5012 | INTRODUCTION TO SPECIAL VERDICT FORM | | X | X | |
| 5013 | DEADLOCKED JURY ADMONITION | | X | | |
| 5014 | SUBSTITUTION OF ALTERNATE JUROR | | X | | |
| 5015 | INSTRUCTION TO ALTERNATE JURORS | | X | X | |
| 5016 | JUDGE'S COMMENTING ON EVIDENCE | | X | X | |
| 5017 | POLLING THE JURY | | X | X | |
| 5018 | AUDIO OR VIDEO RECORDING AND TRANSCRIPTION | | X | | |

7

| 5019 | QUESTIONS FROM JURORS | | X | | |
| 5020 | DEMONSTRATIVE EVIDENCE | | X | | |
| 5021 | ELECTRONIC EVIDENCE | | X | | |
| 5090 | FINAL INSTRUCTION ON DISCHARGE OF JURY | | X | X | |
| | **SPECIAL INSTRUCTIONS – CONTRACTS** | | X | | |
| Sp. 2 | LIMITATION OF LIABILITY | | X | | |
| Sp. 3 | ACCORD & SATISFACTION | | X | | |
| | **SPECIAL INSTRUCTIONS – INTERNATIONAL TREATY ON SALE OF GOODS** | | X | | |
| Article 38 | EXAMINATION OF GOODS | | X | | |
| | | | | | |

The Parties reserve the right to request additional instructions.

Dated: March 10, 2020

_____

*Counsel for Plaintiffs*

_____

*Counsel for Defendant Corona Seeds, Inc.*

_____

*Counsel for Defendant Crites Seed, Inc.*

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 1.

## COUNT I – BREACH OF EXPRESS WARRANTY
*(AVSA vs. Corona)*

AVSA claims that it was harmed by the Seeds because Corona represented, either by words or actions, that the Seeds had an 87% germination rate, but the Seeds were not as represented. To establish this claim, AVSA must prove all of the following:

**1.** That Corona made a statement of fact to AVSA that the Seeds had an 87% germination rate;

**2.** That the Seeds did not perform as stated;

**3.** That AVSA took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;

**4.** That AVSA was harmed; and

**5.** That the failure of the Seeds to be as represented was a substantial factor in causing AVSA's harm.

Authority: CACI 1230.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 2.

### COUNT III – NEGLIGENCE
*(AVSA vs. Corona)*

AVSA claims that it was harmed by Corona's negligence. To establish this claim, AVSA must prove all of the following:

**1.** That Corona was negligent;

**2.** That AVSA was harmed; and

**3.** That Corona's negligence was a substantial factor in causing AVSA's harm.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Corona's situation.

<u>Authority</u>: CACI 400, 401.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 3.

## COUNT V – BREACH OF CONTRACT

*(AVSA vs. Corona)*

AVSA claims that it and Corona entered into a contract for the purchase of the Seeds.

AVSA claims that Corona breached this contract by delivering seeds with less than an 87% germination rate.

AVSA also claims that Corona's breach of this contract caused harm to AVSA for which Corona should pay.

To recover damages from Corona for breach of contract, AVSA must prove all of the following:

**1.** That AVSA and Corona entered into a contract;

**2.** That Corona failed to do something that the contract required it to do;

**3.** That AVSA was harmed; and

**4.** That Corona's breach of contract was a substantial factor in causing AVSA's harm.

Authority: CACI 300, 303.

**<u>PLAINTIFFS' PROPOSED INSTRUCTION NO. 4.</u>**

**COUNT VI – STRICT PRODUCTS LIABILITY**
*(AVSA vs. Crites)*

AVSA claims that the Seeds contained a manufacturing defect. To establish this claim, AVSA must prove all of the following:

**1.** That Crites manufactured the Seeds;

**2.** That the Seeds contained a manufacturing defect when they left Crites' possession;

**3.** That AVSA was harmed; and

**4.** That the Seeds' defect was a substantial factor in causing AVSA's harm.

A product contains a manufacturing defect if the product differs from the manufacturer's design or specifications or from other typical units of the same product line.

<u>Authority</u>: CACI 1201, 1202.

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 5.**

### **COUNT VII – NEGLIGENCE**
*(AVSA vs. Crites)*

AVSA claims that it was harmed by Crites' negligence. To establish this claim, AVSA must prove all of the following:

**1.** That Crites was negligent;

**2.** That AVSA was harmed; and

**3.** That Crites' negligence was a substantial factor in causing AVSA's harm.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Crites' situation.

Authority: CACI 400, 401.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 6.

## COUNT VIII – BREACH OF EXPRESS WARRANTY
*(Cuyuma vs. Corona)*

Cuyuma claims that it was harmed by the Seeds because Corona represented, either by words or actions, that the Seeds had an 87% germination rate, but the Seeds were not as represented. To establish this claim, Cuyuma must prove all of the following:

**1.** That Corona made a statement of fact to Cuyuma that the Seeds had an 87% germination rate;

**2.** That the Seeds did not perform as stated;

**3.** Cuyuma took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;

**4.** That Cuyuma was harmed; and

**5.** That the failure of the Seeds to be as represented was a substantial factor in causing Cuyuma's harm.

Authority: CACI 1230.

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 7.**

### **COUNT X – NEGLIGENCE**
*(Cuyuma vs. Corona)*

Cuyuma claims that it was harmed by Corona's negligence. To establish this claim, Cuyuma must prove all of the following:

**1.** That Corona was negligent;

**2.** That Cuyuma was harmed; and

**3.** That Corona's negligence was a substantial factor in causing Cuyuma's harm.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Corona's situation.

Authority: CACI 400, 401.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 8.

### COUNT XII – BREACH OF CONTRACT

*(Cuyuma vs. Corona)*

Cuyuma claims that it and Corona entered into a contract for the purchase of the Seeds.

Cuyuma claims that Corona breached this contract by delivering seeds with less than an 87% germination rate.

Cuyuma also claims that Corona's breach of this contract caused harm to Cuyuma for which Corona should pay.

To recover damages from Corona for breach of contract, Cuyuma must prove all of the following:

**1.** That Cuyuma and Corona entered into a contract;

**2.** That Corona failed to do something that the contract required it to do;

**3.** That Cuyuma was harmed; and

**4.** That Corona's breach of contract was a substantial factor in causing Cuyuma's harm.

Authority: CACI 300, 303.

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 9.**

## **COUNT XIII – STRICT PRODUCTS LIABILITY**
*(Cuyuma vs. Crites)*

Cuyuma claims that the Seeds contained a manufacturing defect. To establish this claim, Cuyuma must prove all of the following:

**1.** That Crites manufactured the Seeds;

**2.** That the Seeds contained a manufacturing defect when they left Crites' possession;

**3.** That Cuyuma was harmed; and

**4.** That the Seeds' defect was a substantial factor in causing Cuyuma's harm.

A product contains a manufacturing defect if the product differs from the manufacturer's design or specifications or from other typical units of the same product line.

Authority: CACI 1201, 1202.

## **PLAINTIFFS' PROPOSED INSTRUCTION NO. 10.**

## **COUNT XIV – NEGLIGENCE**
### *(Cuyuma vs. Crites)*

Cuyuma claims that it was harmed by Crites' negligence. To establish this claim, Cuyuma must prove all of the following:

    **1.** That Crites was negligent;

    **2.** That Cuyuma was harmed; and

    **3.** That Crites' negligence was a substantial factor in causing Cuyuma's harm.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Crites' situation.

<u>Authority</u>: CACI 400, 401.

# PLAINTIFFS' PROPOSED INSTRUCTION NO. 11.

## DAMAGES

If you decide that Plaintiffs have proved their claims against Defendants, you also must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Defendants' wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

Authority: CACI 3900.

## PLAINTIFFS' PROPOSED INSTRUCTION NO. 12.

## PREJUDGMENT INTEREST

If you decide that Plaintiffs are entitled to recover damages for past economic loss in one or more of the categories of damages that they claim, then you must decide whether they should also receive prejudgment interest on each item of loss in those categories. Prejudgment interest is the amount of interest the law provides to a plaintiff to compensate for the loss of the ability to use the funds. If prejudgment interest is awarded, it is computed from the date on which each loss was incurred until the date on which you sign your verdict.

Whether Plaintiffs should receive an award of prejudgment interest on all, some, or none of any past economic damages that you may award is within your discretion. If you award these damages to Plaintiffs, you will be asked to address prejudgment interest in the special verdict form.

Authority: CACI 3935.

## CRITES' PROPOSED JURY INSTRUCTIONS

INSTRUCTION NO.72

## NEGLIGENCE – ESSENTIAL FACTUAL ELEMENTS

Plaintiffs claim that they were harmed by Defendants negligence. To establish this claim, Plaintiffs must prove all of the following:

1. That Defendants were negligent;

2. That Plaintiffs were harmed; and

3. That Defendants' negligence was a substantial factor in causing Plaintiffs' harm.


Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 400 (2020) [As modified.]

INSTRUCTION NO. 73

**BASIC STANDARD OF CARE**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Defendants' situation.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 401 (2020)

INSTRUCTION NO. 74

**COMPARATIVE FAULT OF PLAINTIFF**

Defendants claims that Plaintiffs' own negligence contributed to their harm. To succeed on this claim, Defendants must prove both of the following:

1. That Plaintiffs were negligent; and

2. That Plaintiffs' negligence was a substantial factor in causing their harm.

If Defendants prove the above, Plaintiffs' damages are reduced by your determination of the percentage of Plaintiffs' responsibility. I will calculate the actual reduction.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 405 (2020) [As modified.]

INSTRUCTION NO. 75

**APPORTIONMENT OF RESPONSIBILITY**

Defendants claims that the negligence of a third party who is not a party in this action contributed to Plaintiffs' harm. To succeed on this claim, Defendants must prove both of the following:

1. That a third party who is not a party in this action was negligent; and

2. That the negligence of a third party who is not a party in this action was a substantial factor in causing Plaintiffs' harm.

If you find that the negligence of more than one person including Defendants, Plaintiffs, and a third party who is not a party in this action was a substantial factor in causing Plaintiffs' harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of Plaintiffs' total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

"Person" can mean an individual or a business entity.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 406 (2020)

INSTRUCTION NO. 76

**RELIANCE ON GOOD CONDUCT OF OTHERS**

Every person has a right to expect that every other person will use reasonable care and will not violate the law, unless he or she knows, or should know, that the other person will not use reasonable care or will violate the law.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 411 (2020)

INSTRUCTION NO. 77

**CUSTOM OR PRACTICE**

You may consider customs or practices in the community in deciding whether Defendants acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in Defendants' situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 413 (2020) [As modified.]

INSTRUCTION NO. 78

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm. Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

<u>Authority</u>: Judicial Council of California Civil Jury Instructions - 1 CACI 430 (2020)

INSTRUCTION NO. 79

**STRICT LIABILITY – MANUFACTURING DEFECT – ESSENTIAL FACTUAL ELEMENTS**

Plaintiffs claim that the seeds contained a manufacturing defect. To establish this claim, Plaintiffs must prove all of the following:

1.   That Crites manufactured, distributed, or sold the seeds;

2.   That the seeds contained a manufacturing defect when they left Crites' possession;

3.   That Plaintiffs was harmed; and

4.   That the seeds' defect was a substantial factor in causing Plaintiffs' harm.

<u>Authority</u>: Judicial Council of California Civil Jury Instructions - 1 CACI 1201 (2020)

INSTRUCTION NO. 80

**STRICT LIABILITY – "MANUFACTURING DEFECT" EXPLAINED**

A product contains a manufacturing defect if the product differs from the manufacturer's design or specifications or from other typical units of the same product line.

<u>Authority</u>: Judicial Council of California Civil Jury Instructions - 1 CACI 1202 (2020)

INSTRUCTION NO. 81

**AFFIRMATIVE DEFENSE – PRODUCT MISUSE OR MODIFICATION**

Defendants claim that they are not responsible for Plaintiffs' claimed harm because the seeds were misused or modified after they left Defendants' possession. To succeed on this defense, Defendants must prove that:

1.  The seeds were misused or modified after they left Defendants' possession; and

2.  The misuse or modification was so highly extraordinary that it was not reasonably foreseeable to Defendants, and therefore should be considered as the sole cause of Plaintiffs' harm.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 1245 (2020) [As modified.]

INSTRUCTION NO. 82

**DAMAGE TO ANNUAL CROP (ECONOMIC DAMAGE)**

Damages for the destruction of part of an annual crop are determined as follows:

1.   Determine the expected market value of the crop before the harm occurred;

2.   Subtract from this amount the estimated costs of producing and marketing the crop. This is the expected net profit

3.   Next, subtract the actual cost of producing and marketing the surviving crop from the actual receipts. This is actual net profit;

4.   Subtract number 3 from number 2. This amount is Plaintiffs' damages for this loss.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 3903(H) (2020)

INSTRUCTION NO. 83

**LOST PROFITS (ECONOMIC DAMAGE)**

To recover damages for lost profits Plaintiffs must prove it is reasonably certain it would have earned profit but for Defendants' conduct. To decide the amount of damages for lost profits you must determine the gross amount Plaintiffs would have received but for Defendants' conduct and then subtract from that amount the expenses, including the value of the labor, materials, rents, and interest of the capital employed, Plaintiffs would have had if Defendants' conduct had not occurred.

The amount of the lost profit need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

<u>Authority</u>: Judicial Council of California Civil Jury Instructions - 1 CACI 3903(N) (2020)

INSTRUCTION NO. 84

**PRESENT CASH VALUE**

If you decide that Plaintiffs' harm includes future economic damages for loss of earnings or lost profits, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Defendant[s] must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiffs with the amount of its future damages.

You may consider expert testimony in determining the present cash value of future damages. [[You must [use the interest rate of percent/[and] [specify other stipulated information]] as agreed to by the parties in determining the present cash value of future [economic] damages.]

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 3904(A) (2020)

INSTRUCTION NO. 85

**USE OF PRESENT-VALUE TABLES**

Use Worksheet B and Table B to compute the present value of [specify future damages that cannot be expressed as a repeating identical dollar amount over a determinable period of time, e.g., future surgeries].

1. Determine the future years in which a future loss will occur. In Column A, starting with the current year, enter each year through the last year that you determined a future loss will occur.

2. Determine the amount of [name of plaintiff]'s future loss for [e.g., future surgeries] for each year that you determine the loss will occur. Enter these future losses in Column B on the worksheet. Enter $0 if no future loss occurs in a given year.

3. Select the interest rate that you decide [based on the expert testimony that you have heard] represents a reasonable rate of return on money invested today over the number of years determined in Step 2. Enter this rate in Column C on the worksheet for each year that future-loss amounts are entered in Column B.

4. Select the appropriate Present Value Factor from Table B for each year for which you have determined that a loss will occur. To locate this factor, use the Number of Years from Column A on the worksheet and the Interest Rate in Column C on the worksheet and fin the number that is the intersection of the Interest Rate column and Number of Years row from the table. (For example, for year 15, if the interest rate is 10 percent, the corresponding Present Value Factor is 0.239.) Enter the appropriate Present Value Factors in Column D. For the current year, the Present Value Factor is 1.000. It is not necessary to select an interest rate for the current year in Step 3.

5. Multiply the amount in Column B by the factor in Column D for each year for which you determined that a loss will occur and enter these amounts in Column E.

6. Add all of the entries in Column E and enter this sum into Total Present Value of Future Loss.

Enter the amount from Step 6 on your verdict form as Plaintiff[s'] total future economic loss for [e.g., future surgeries].]

## **Worksheet B**

| A | B | C | D | E |
|---|---|---|---|---|
| Year | Dollar Amount of Future Loss Each Year | Interest Rate | Present Value Factor | Present Value of Future Loss |
| Current year (20__) | $ | Not applicable | 1.000 | $ |
| Year 1 (20__) | $ | % | | $ |
| Year 2 (20__) | $ | % | | $ |
| Year 3 (20__) | $ | % | | $ |
| Year 4 (20__) | $ | % | | $ |
| Year 5 (20__) | $ | % | | $ |
| Year 6 (20__) | $ | % | | $ |
| Year 7 (20__) | $ | % | | $ |
| Year 8 (20__) | $ | % | | $ |
| Year 9 (20__) | $ | % | | $ |
| Year 10 (20__) | $ | % | | $ |
| Year 11 (20__) | $ | % | | $ |
| Year 12 (20__) | $ | % | | $ |
| Year 13 (20__) | $ | % | | $ |
| Year 14 (20__) | $ | % | | $ |
| Year 15 (20__) | $ | % | | $ |
| Year 16 (20__) | $ | % | | $ |
| Year 17 (20__) | $ | % | | $ |
| Year 18 (20__) | $ | % | | $ |
| Year 19 (20__) | $ | % | | $ |
| Year 20 (20__) | $ | % | | $ |
| Year 21 (20__) | $ | % | | $ |
| Year 22 (20__) | $ | % | | $ |
| Year 23 (20__) | $ | % | | $ |
| Year 24 (20__) | $ | % | | $ |
| Year 25 (20__) | $ | % | | $ |
| Total Present Value of Future Loss (add all amounts in Column E) | | | | $ |

# TABLE B

**Table B - Present Value Factor for Lump Sum** (Present value of $1 from period *t* at *r %*)

| Number of Years | 1% | 2% | 3% | 4% | 5% | 6% | 7% | 8% | 9% | 10% | 11% | 12% | 13% | 14% | 15% | 16% | 17% | 18% | 19% | 20% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0.990 | 0.980 | 0.971 | 0.962 | 0.952 | 0.943 | 0.935 | 0.926 | 0.917 | 0.909 | 0.901 | 0.893 | 0.885 | 0.877 | 0.870 | 0.862 | 0.855 | 0.847 | 0.840 | 0.833 |
| 2 | 0.980 | 0.961 | 0.943 | 0.925 | 0.907 | 0.890 | 0.873 | 0.857 | 0.842 | 0.826 | 0.812 | 0.797 | 0.783 | 0.769 | 0.756 | 0.743 | 0.731 | 0.718 | 0.706 | 0.694 |
| 3 | 0.971 | 0.942 | 0.915 | 0.889 | 0.864 | 0.840 | 0.816 | 0.794 | 0.772 | 0.751 | 0.731 | 0.712 | 0.693 | 0.675 | 0.658 | 0.641 | 0.624 | 0.609 | 0.593 | 0.579 |
| 4 | 0.961 | 0.924 | 0.888 | 0.855 | 0.823 | 0.792 | 0.763 | 0.735 | 0.708 | 0.683 | 0.659 | 0.636 | 0.613 | 0.592 | 0.572 | 0.552 | 0.534 | 0.516 | 0.499 | 0.482 |
| 5 | 0.951 | 0.906 | 0.863 | 0.822 | 0.784 | 0.747 | 0.713 | 0.681 | 0.650 | 0.621 | 0.593 | 0.567 | 0.543 | 0.519 | 0.497 | 0.476 | 0.456 | 0.437 | 0.419 | 0.402 |
| 6 | 0.942 | 0.888 | 0.837 | 0.790 | 0.746 | 0.705 | 0.666 | 0.630 | 0.596 | 0.564 | 0.535 | 0.507 | 0.480 | 0.456 | 0.432 | 0.410 | 0.390 | 0.370 | 0.352 | 0.335 |
| 7 | 0.933 | 0.871 | 0.813 | 0.760 | 0.711 | 0.665 | 0.623 | 0.583 | 0.547 | 0.513 | 0.482 | 0.452 | 0.425 | 0.400 | 0.376 | 0.354 | 0.333 | 0.314 | 0.296 | 0.279 |
| 8 | 0.923 | 0.853 | 0.789 | 0.731 | 0.677 | 0.627 | 0.582 | 0.540 | 0.502 | 0.467 | 0.434 | 0.404 | 0.376 | 0.351 | 0.327 | 0.305 | 0.285 | 0.266 | 0.249 | 0.233 |
| 9 | 0.914 | 0.837 | 0.766 | 0.703 | 0.645 | 0.592 | 0.544 | 0.500 | 0.460 | 0.424 | 0.391 | 0.361 | 0.333 | 0.308 | 0.284 | 0.263 | 0.243 | 0.225 | 0.209 | 0.194 |
| 10 | 0.905 | 0.820 | 0.744 | 0.676 | 0.614 | 0.558 | 0.508 | 0.463 | 0.422 | 0.386 | 0.352 | 0.322 | 0.295 | 0.270 | 0.247 | 0.227 | 0.208 | 0.191 | 0.176 | 0.162 |
| 11 | 0.896 | 0.804 | 0.722 | 0.650 | 0.585 | 0.527 | 0.475 | 0.429 | 0.388 | 0.350 | 0.317 | 0.287 | 0.261 | 0.237 | 0.215 | 0.195 | 0.178 | 0.162 | 0.148 | 0.135 |
| 12 | 0.887 | 0.788 | 0.701 | 0.625 | 0.557 | 0.497 | 0.444 | 0.397 | 0.356 | 0.319 | 0.286 | 0.257 | 0.231 | 0.208 | 0.187 | 0.168 | 0.152 | 0.137 | 0.124 | 0.112 |
| 13 | 0.879 | 0.773 | 0.681 | 0.601 | 0.530 | 0.469 | 0.415 | 0.368 | 0.326 | 0.290 | 0.258 | 0.229 | 0.204 | 0.182 | 0.163 | 0.145 | 0.130 | 0.116 | 0.104 | 0.093 |
| 14 | 0.870 | 0.758 | 0.661 | 0.577 | 0.505 | 0.442 | 0.388 | 0.340 | 0.299 | 0.263 | 0.232 | 0.205 | 0.181 | 0.160 | 0.141 | 0.125 | 0.111 | 0.099 | 0.088 | 0.078 |
| 15 | 0.861 | 0.743 | 0.642 | 0.555 | 0.481 | 0.417 | 0.362 | 0.315 | 0.275 | 0.239 | 0.209 | 0.183 | 0.160 | 0.140 | 0.123 | 0.108 | 0.095 | 0.084 | 0.074 | 0.065 |
| 16 | 0.853 | 0.728 | 0.623 | 0.534 | 0.458 | 0.394 | 0.339 | 0.292 | 0.252 | 0.218 | 0.188 | 0.163 | 0.141 | 0.123 | 0.107 | 0.093 | 0.081 | 0.071 | 0.062 | 0.054 |
| 17 | 0.844 | 0.714 | 0.605 | 0.513 | 0.436 | 0.371 | 0.317 | 0.270 | 0.231 | 0.198 | 0.170 | 0.146 | 0.125 | 0.108 | 0.093 | 0.080 | 0.069 | 0.060 | 0.052 | 0.045 |
| 18 | 0.836 | 0.700 | 0.587 | 0.494 | 0.416 | 0.350 | 0.296 | 0.250 | 0.212 | 0.180 | 0.153 | 0.130 | 0.111 | 0.095 | 0.081 | 0.069 | 0.059 | 0.051 | 0.044 | 0.038 |
| 19 | 0.828 | 0.686 | 0.570 | 0.475 | 0.396 | 0.331 | 0.277 | 0.232 | 0.194 | 0.164 | 0.138 | 0.116 | 0.098 | 0.083 | 0.070 | 0.060 | 0.051 | 0.043 | 0.037 | 0.031 |
| 20 | 0.820 | 0.673 | 0.554 | 0.456 | 0.377 | 0.312 | 0.258 | 0.215 | 0.178 | 0.149 | 0.124 | 0.104 | 0.087 | 0.073 | 0.061 | 0.051 | 0.043 | 0.037 | 0.031 | 0.026 |
| 21 | 0.811 | 0.660 | 0.538 | 0.439 | 0.359 | 0.294 | 0.242 | 0.199 | 0.164 | 0.135 | 0.112 | 0.093 | 0.077 | 0.064 | 0.053 | 0.044 | 0.037 | 0.031 | 0.026 | 0.022 |
| 22 | 0.803 | 0.647 | 0.522 | 0.422 | 0.342 | 0.278 | 0.226 | 0.184 | 0.150 | 0.123 | 0.101 | 0.083 | 0.068 | 0.056 | 0.046 | 0.038 | 0.032 | 0.026 | 0.022 | 0.018 |
| 23 | 0.795 | 0.634 | 0.507 | 0.406 | 0.326 | 0.262 | 0.211 | 0.170 | 0.138 | 0.112 | 0.091 | 0.074 | 0.060 | 0.049 | 0.040 | 0.033 | 0.027 | 0.022 | 0.018 | 0.015 |
| 24 | 0.788 | 0.622 | 0.492 | 0.390 | 0.310 | 0.247 | 0.197 | 0.158 | 0.126 | 0.102 | 0.082 | 0.066 | 0.053 | 0.043 | 0.035 | 0.028 | 0.023 | 0.019 | 0.015 | 0.013 |
| 25 | 0.780 | 0.610 | 0.478 | 0.375 | 0.295 | 0.233 | 0.184 | 0.146 | 0.116 | 0.092 | 0.074 | 0.059 | 0.047 | 0.038 | 0.030 | 0.024 | 0.020 | 0.016 | 0.013 | 0.010 |
| 26 | 0.772 | 0.598 | 0.464 | 0.361 | 0.281 | 0.220 | 0.172 | 0.135 | 0.106 | 0.084 | 0.066 | 0.053 | 0.042 | 0.033 | 0.026 | 0.021 | 0.017 | 0.014 | 0.011 | 0.009 |
| 27 | 0.764 | 0.586 | 0.450 | 0.347 | 0.268 | 0.207 | 0.161 | 0.125 | 0.098 | 0.076 | 0.060 | 0.047 | 0.037 | 0.029 | 0.023 | 0.018 | 0.014 | 0.011 | 0.009 | 0.007 |
| 28 | 0.757 | 0.574 | 0.437 | 0.333 | 0.255 | 0.196 | 0.150 | 0.116 | 0.090 | 0.069 | 0.054 | 0.042 | 0.033 | 0.026 | 0.020 | 0.016 | 0.012 | 0.010 | 0.008 | 0.006 |
| 29 | 0.749 | 0.563 | 0.424 | 0.321 | 0.243 | 0.185 | 0.141 | 0.107 | 0.082 | 0.063 | 0.048 | 0.037 | 0.029 | 0.022 | 0.017 | 0.014 | 0.011 | 0.008 | 0.006 | 0.005 |
| 30 | 0.742 | 0.552 | 0.412 | 0.308 | 0.231 | 0.174 | 0.131 | 0.099 | 0.075 | 0.057 | 0.044 | 0.033 | 0.026 | 0.020 | 0.015 | 0.012 | 0.009 | 0.007 | 0.005 | 0.004 |
| 31 | 0.735 | 0.541 | 0.400 | 0.296 | 0.220 | 0.164 | 0.123 | 0.092 | 0.069 | 0.052 | 0.039 | 0.030 | 0.023 | 0.017 | 0.013 | 0.010 | 0.008 | 0.006 | 0.005 | 0.004 |
| 32 | 0.727 | 0.531 | 0.388 | 0.285 | 0.210 | 0.155 | 0.115 | 0.085 | 0.063 | 0.047 | 0.035 | 0.027 | 0.020 | 0.015 | 0.011 | 0.009 | 0.007 | 0.005 | 0.004 | 0.003 |
| 33 | 0.720 | 0.520 | 0.377 | 0.274 | 0.200 | 0.146 | 0.107 | 0.079 | 0.058 | 0.043 | 0.032 | 0.024 | 0.018 | 0.013 | 0.010 | 0.007 | 0.006 | 0.004 | 0.003 | 0.002 |
| 34 | 0.713 | 0.510 | 0.366 | 0.264 | 0.190 | 0.138 | 0.100 | 0.073 | 0.053 | 0.039 | 0.029 | 0.021 | 0.016 | 0.012 | 0.009 | 0.006 | 0.005 | 0.004 | 0.003 | 0.002 |
| 35 | 0.706 | 0.500 | 0.355 | 0.253 | 0.181 | 0.130 | 0.094 | 0.068 | 0.049 | 0.036 | 0.026 | 0.019 | 0.014 | 0.010 | 0.008 | 0.006 | 0.004 | 0.003 | 0.002 | 0.002 |
| 36 | 0.699 | 0.490 | 0.345 | 0.244 | 0.173 | 0.123 | 0.088 | 0.063 | 0.045 | 0.032 | 0.023 | 0.017 | 0.012 | 0.009 | 0.007 | 0.005 | 0.004 | 0.003 | 0.002 | 0.001 |
| 37 | 0.692 | 0.481 | 0.335 | 0.234 | 0.164 | 0.116 | 0.082 | 0.058 | 0.041 | 0.029 | 0.021 | 0.015 | 0.011 | 0.008 | 0.006 | 0.004 | 0.003 | 0.002 | 0.002 | 0.001 |
| 38 | 0.685 | 0.471 | 0.325 | 0.225 | 0.157 | 0.109 | 0.076 | 0.054 | 0.038 | 0.027 | 0.019 | 0.013 | 0.010 | 0.007 | 0.005 | 0.004 | 0.003 | 0.002 | 0.001 | 0.001 |
| 39 | 0.678 | 0.462 | 0.316 | 0.217 | 0.149 | 0.103 | 0.071 | 0.050 | 0.035 | 0.024 | 0.017 | 0.012 | 0.009 | 0.006 | 0.004 | 0.003 | 0.002 | 0.002 | 0.001 | 0.001 |
| 40 | 0.672 | 0.453 | 0.307 | 0.208 | 0.142 | 0.097 | 0.067 | 0.046 | 0.032 | 0.022 | 0.015 | 0.011 | 0.008 | 0.005 | 0.004 | 0.003 | 0.002 | 0.001 | 0.001 | 0.001 |
| 41 | 0.665 | 0.444 | 0.298 | 0.200 | 0.135 | 0.092 | 0.062 | 0.043 | 0.029 | 0.020 | 0.014 | 0.010 | 0.007 | 0.005 | 0.003 | 0.002 | 0.002 | 0.001 | 0.001 | 0.000 |
| 42 | 0.658 | 0.435 | 0.289 | 0.193 | 0.129 | 0.087 | 0.058 | 0.039 | 0.027 | 0.018 | 0.012 | 0.009 | 0.006 | 0.004 | 0.003 | 0.002 | 0.001 | 0.001 | 0.000 | 0.000 |
| 43 | 0.652 | 0.427 | 0.281 | 0.185 | 0.123 | 0.082 | 0.055 | 0.037 | 0.025 | 0.017 | 0.011 | 0.008 | 0.005 | 0.004 | 0.002 | 0.002 | 0.001 | 0.001 | 0.000 | 0.000 |
| 44 | 0.645 | 0.418 | 0.272 | 0.178 | 0.117 | 0.078 | 0.051 | 0.034 | 0.023 | 0.015 | 0.010 | 0.007 | 0.005 | 0.003 | 0.002 | 0.001 | 0.001 | 0.000 | 0.000 | 0.000 |
| 45 | 0.639 | 0.410 | 0.264 | 0.171 | 0.111 | 0.073 | 0.048 | 0.031 | 0.021 | 0.014 | 0.009 | 0.006 | 0.004 | 0.003 | 0.002 | 0.001 | 0.001 | 0.000 | 0.000 | 0.000 |
| 46 | 0.633 | 0.402 | 0.257 | 0.165 | 0.106 | 0.069 | 0.044 | 0.029 | 0.019 | 0.012 | 0.008 | 0.005 | 0.004 | 0.002 | 0.002 | 0.001 | 0.001 | 0.000 | 0.000 | 0.000 |
| 47 | 0.626 | 0.394 | 0.249 | 0.158 | 0.101 | 0.065 | 0.042 | 0.027 | 0.017 | 0.011 | 0.007 | 0.005 | 0.003 | 0.002 | 0.001 | 0.001 | 0.000 | 0.000 | 0.000 | 0.000 |
| 48 | 0.620 | 0.387 | 0.242 | 0.152 | 0.096 | 0.061 | 0.039 | 0.025 | 0.016 | 0.010 | 0.007 | 0.004 | 0.003 | 0.002 | 0.001 | 0.001 | 0.000 | 0.000 | 0.000 | 0.000 |
| 49 | 0.614 | 0.379 | 0.235 | 0.146 | 0.092 | 0.058 | 0.036 | 0.023 | 0.015 | 0.009 | 0.006 | 0.004 | 0.003 | 0.002 | 0.001 | 0.001 | 0.000 | 0.000 | 0.000 | 0.000 |
| 50 | 0.608 | 0.372 | 0.228 | 0.141 | 0.087 | 0.054 | 0.034 | 0.021 | 0.013 | 0.009 | 0.005 | 0.003 | 0.002 | 0.001 | 0.001 | 0.001 | 0.000 | 0.000 | 0.000 | 0.000 |

Note:  The factors in this table are calculated as $\dfrac{1}{(1+r)^t}$, where r is the interest rate and t is the number of years. This formula can be used to calculate any present value factors not shown on this table.

[PROPOSED] JURY INSTRUCTIONS

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 3904(B) (2020)

INSTRUCTION NO. 86

**NO PUNITIVE DAMAGES**

You must not include in your award any damages to punish or make an example of Defendants. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Plaintiffs for its loss.

<u>Authority</u>: Judicial Council of California Civil Jury Instructions - 1 CACI 3924 (2020)

INSTRUCTION NO. 87

**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 3925 (2020)

INSTRUCTION NO. 88

**DAMAGES FROM MULTIPLE DEFENDANTS**

In this case, Plaintiffs seeks damages from more than one defendant. You must determine the liability of each defendant to Plaintiffs separately.

If you determine that more than one defendant is liable to Plaintiffs for damages, you will be asked to find Plaintiffs' total damages and the comparative fault of Plaintiffs, each defendant, and other nonparties.

In deciding on the amount of damages, consider only Plaintiffs' claimed losses. Do not attempt to divide the damages among the defendants. The allocation of responsibility for payment of damages among multiple defendants is to be done by the court after you reach your verdict.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 3933 (2020)

INSTRUCTION NO. 89

**DAMAGES ON MULTIPLE LEGAL THEORIES**

Plaintiffs seeks damages from Defendants under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Defendant Corona Seeds, Inc. is liable to Plaintiffs under the following legal theories:

1.      Breach of Express Warranty;

2.      Negligence;

3.      Breach of Contract; and

You will be asked to decide whether Defendant Crites Seeds, Inc. is liable to Plaintiffs under the following legal theories:

1.      Negligence; and

2.      Strict Products Liability.

Authority: Judicial Council of California Civil Jury Instructions - 1 CACI 3934 (2020) [As modified.]

INSTRUCTION NO. 90

**JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

<u>Authority</u>: Judicial Council of California Civil Jury Instructions - 1 CACI 3964 (2020).

# CORONA'S JURY INSTRUCTIONS

## 1.5. Claims And Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

As to Corona Seeds, Inc., Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol SAC assert that:

- Corona Seeds, Inc. breached an express warranty made to them;
- Corona Seeds, Inc. breached a contract entered into with them;
- Corona Seeds, Inc. was negligent; and
- They were damaged as a result.

As to Crites Seeds, Inc., Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol SAC assert that

- Crites Seeds, Inc. manufactured, sold and distributed defective or contaminated seeds to them;
- Crites Seeds, Inc. was negligent; and
- they were damaged as a result.

Plaintiffs have the burden of proving these claims.

The defendants deny plaintiffs' claims and contend that plaintiffs' damages were caused by their own conduct. The defendants have the burden of proof on these defenses.

The plaintiffs deny that their conduct was the cause of their damages.

300. Breach of Contract – Introduction

Plaintiffs claims that they and Corona Seeds, Inc. entered into  contracts for purchase of seeds.

Plaintiffs claims that Corona breached these contracts because the seeds did not actually germinate at a 87% rate.

Plaintiffs also claim that Corona's breach of these contracts caused harm to Plaintiffs for which Corona should pay.

Corona denies that any of the contracts it entered into with Plaintiffs guaranteed a specific germination rate. Corona claims that the germination rate applied to a certain sample tested at a certain point in time, and is not a guarantee.

302. Contract Formation – Essential Factual Elements

Plaintiffs claim that the parties entered into a contract. To prove that a contract was created, Plaintiffs must prove all of the following:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value; and

3. That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement. You may not consider the parties' hidden intentions.

If Plaintiffs did not prove all of the above, then a contract was not created.

303. Breach of Contract – Essential Factual Elements

To recover damages from Corona for breach of contract, [*name of plaintiff*] must prove all of the following:

1. That Plaintiffs and Corona entered into contracts;

2. That Plaintiffs did all, or substantially all, of the significant things that the contracts required them to do;

3. That Corona failed to do something that the contracts required it to do;

4. That Plaintiffs were harmed; and

5. That Corona's breach of contract was a substantial factor in causing Plaintiffs' harm.

314. Interpretation – Disputed Words

Plaintiffs and Corona dispute the meaning of the following words in their contract: 87% germination.

Plaintiffs claim that the words mean all of the seeds would actually germinate at 87%. Corona claims that the words mean a sample of the seeds were tested on a given date, and that the testing indicated the seed sample had a germination rate of 87% as of the time of the testing. Plaintiffs must prove that their interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

### 315. Interpretation – Meaning of Ordinary Words

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

### 316. Interpretation – Meaning of Technical Words

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 317. Interpretation – Construction of Contract As A Whole

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

### 318. Interpretation – Construction by Conduct

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

319. Interpretation – Reasonable Time

If a contract does not state a specific time in which the parties are to meet the requirements of the contract, then the parties must meet them within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter of the contract, the reasons each party entered into the contract, and the intentions of the parties at the time they entered the contract.

337. Affirmative Defense - Novation

Corona claims that the original contract with AVSA cannot be enforced because the parties substituted a new and different contract for the original.

To succeed, Corona must prove that all parties agreed, by words or conduct, to cancel the original contract and to substitute a new contract in its place.

If you decide that Corona has proved this, then the original contract is not enforceable.

[PROPOSED] JURY INSTRUCTIONS

350. Introduction to Contract Damages

If you decide that Plaintiffs has proved their claim against Corona for breach of contract, you also must decide how much money will reasonably compensate Plaintiffs for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Plaintiffs in as good a position as they would have been if Corona had performed as promised.

To recover damages for any harm, Plaintiffs must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Plaintiffs also must prove the amount of their damages according to the following instructions. They do not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

[*Name of plaintiff*] claims damages for [*identify general damages claimed*].

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

351. Special Damages

Plaintiffs' claim damages for [*identify special damages*].


To recover for this harm, Plaintiffs must prove that when the parties made the contract, Corona knew or reasonably should have known of the special circumstances leading to the harm.

352. Loss of Profits – No Profits Earned

To recover damages for lost profits, Plaintiffs must prove that it is reasonably certain they would have earned profits but for Corona's breach of the contract.

To decide the amount of damages for lost profits, you must determine the gross, or total, amount Plaintiffs would have received if the contract had been performed and then subtract from that amount the costs including the value of the labor/materials/rents/expenses/interest on loans invested in the business Plaintiffs would have had if the contract had been performed.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

[PROPOSED] JURY INSTRUCTIONS

### 353. Loss of Profits – Some Profits Earned

To recover damages for lost profits, Plaintiffs must prove that it is reasonably certain they would have earned more profits but for Corona's breach of the contract(s).

To decide the amount of damages for lost profits, you must:

1. First, calculate Plaintiffs' estimated total profit by determining the gross amount they would have received if the contract(s) had been performed, and then subtracting from that amount the costs,  including the value of the labor, materials, rents, expenses, interest on loans invested in the business Plaintiffs  would have had if the contract had been performed;

2. Next, calculate Plaintiffs' actual profit by determining the gross amount they actually received, and then subtracting from that amount Plaintiffs' actual costs including the value of the labor, materials, rents, expenses, interest on loans invested in the business; and

3. Then, subtract Plaintiffs' actual profit, which you determined in the second step, from their estimated total profit, which you determined in the first step. The resulting amount is Plaintiffs' lost profit.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

### 358. Mitigation of Damages

If Corona breached the contract and the breach caused harm, Plaintiffs are not entitled to recover damages for harm that Corona proves Plaintiffs could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Plaintiffs' efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm, then your award should include reasonable amounts that they spent for this purpose.

[PROPOSED] JURY INSTRUCTIONS

### 359. Present Cash Value of Future Damages

To recover for future harm, Plaintiffs must prove that the harm is reasonably certain to occur and must prove the amount of those future damages. The amount of damages for future harm must be reduced to present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Corona must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiffs with the amount of their future damages.

You may consider expert testimony in determining the present cash value of future damages. You must use the interest rate of percent agreed to by the parties in determining the present cash value of future damages.

[PROPOSED] JURY INSTRUCTIONS

400. Negligence – Essential Factual Elements

Plaintiffs claim that they were harmed by defendants' negligence. To establish this claim, Plaintiffs must prove all of the following:

1. That defendants were negligent;

2. That Plaintiffs were harmed; and

3. That defendants' negligence was a substantial factor in causing Plaintiffs' harm.

## 401. Negligence – Basic Standard of Care

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Plaintiffs and defendants' situation.

405. Comparative Fault of Plaintiff

Defendants claim that Plaintiffs' own negligence contributed to [his/her] harm. To succeed on this claim, defendants must prove both of the following:

1. That Plaintiffs were negligent; and

2. That Plaintiffs' negligence was a substantial factor in causing their harm.

If defendants prove the above, Plaintiffs' damages are reduced by your determination of the percentage of Plaintiffs' responsibility. I will calculate the actual reduction

## 406. Apportionment Of Responsibility

Defendants claim that the negligence or fault] of the other parties contributed to Plaintiffs' harm. To succeed on this claim, defendants must prove both of the following:

1. That the other party was negligent or at fault]; and

2. That the negligence or fault the other party was a substantial factor in causing plaintiffs' harm.

If you find that the negligence or fault of more than one person was a substantial factor in causing Plaintiffs' harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form. The percentages must total 100 percent.

You will make a separate finding of Plaintiffs' total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

### 411. Reliance On Good Conduct Of Others

Every person has a right to expect that every other person will use reasonable care, unless he or she knows, or should know, that the other person will not use reasonable care.

[PROPOSED] JURY INSTRUCTIONS

### 413. Custom Or Practice

You may consider customs or practices in the community in deciding whether Plaintiffs and/or defendants acted reasonably. Customs and practices do not necessarily determine what a reasonable person would have done in Plaintiffs and/or defendants' situation. They are only factors for you to consider.

Following a custom or practice does not excuse conduct that is unreasonable. You should consider whether the custom or practice itself is reasonable.

430. Causation: Substantial Factor

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

[PROPOSED] JURY INSTRUCTIONS

## 1230. Express Warranty – Essential Factual Elements

Plaintiffs' claim that they were harmed by the seeds  because Corona represented, either by words or actions, that the seeds would have an 87% germination rate, but the seeds were not as represented. To establish this claim, Plaintiffs must prove all of the following:

1. That Corona made a statement of fact to Plaintiffs that the seeds would have an 87% germination rate;

2. That the seeds did not perform as stated;

3. That Plaintiffs took reasonable steps to notify Corona within a reasonable time that the seeds were not as represented;

4. That Corona failed to provide any remedies; ;

5. That Plaintiffs were harmed; and

6. That the failure of the seeds to be as represented was a substantial factor in causing Plaintiffs' harm.

Formal words such as "warranty" or "guarantee" are not required to create a warranty. It is also not necessary for Corona to have specifically intended to create a warranty. But a warranty is not created if Corona simply stated the value of the goods or only gave its opinion of or recommendation regarding the goods.

1240. Affirmative Defense To Express Warranty – Not "Basis of Bargain"

Corona is not responsible for any harm to Plaintiffs if Corona proves that its statement was not a basis of the parties' bargain.

The statement is presumed to be a basis of the bargain. To overcome this presumption, Corona must prove that the resulting bargain was not based in any way on the statement.

If Corona proves that Plaintiffs had actual knowledge of the true condition of the seeds before agreeing to buy, the resulting bargain was not based in any way on the statement.

## 1241. Affirmative Defense to Express Warranty – Exclusion or Modification of Express Warranty

Corona claims that it is not responsible for any harm to Plaintiffs because Corona, by words or conduct, limited its representations regarding the seeds. To succeed, Corona must prove that it clearly limited the representations regarding the seeds, specifically stating that Corona makes no express warranties, and further that Corona does not guarantee any results.

1245. Affirmative Defense – Product Misuse or Modification

Corona claims that it is not responsible for Plaintiffs' claimed harm because the seeds were modified after they left Corona's possession. To succeed on this defense, Corona must prove that:

1. The seeds were modified after they left Corona's possession; and

2. The modification was so highly extraordinary that it was not reasonably foreseeable to Corona, and therefore should be considered as the sole cause of Plaintiffs' harm.

3903H. Damage to Annual Crop (Economic Damage)

Damages for the destruction of part of an annual crop are determined as follows:

1. Determine the expected market value of the crop before the harm occurred;

2. Subtract from this amount the estimated costs of producing and marketing the crop. This is the expected net profit.

3. Next, subtract the actual cost of producing and marketing the surviving crop from the actual receipts. This is actual net profit.

4. Subtract number 3 from number 2. This amount is Plaintiffs' damages for this loss.

3903N. Lost Profits

To recover damages for lost profits, Plaintiffs must prove they are reasonably certain they would have earned profits but for defendants' conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Plaintiffs would have received but for defendants' conduct and then subtract from that amount the expenses including the value of the labor, materials, packing, and all expenses Plaintiffs would have had if defendants' conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

[PROPOSED] JURY INSTRUCTIONS

3904A. Present Cash Value

If you decide that Plaintiffs harm includes future economic] damages for lost profits, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Defendants must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiffs with the amount of their future damages.

You may consider expert testimony in determining the present cash value of future lost profits.  You must use the interest rate of percent as agreed to by the parties in determining the present cash value of future economic damages.

3904B. Use Of Present Value Tables

*See Worksheets*

[PROPOSED] JURY INSTRUCTIONS

### 3924. No Punitive Damages

You must not include in your award any damages to punish or make an example of defendants. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate each plaintiff for its loss.

3925. Arguments of Counsel Not Evidence of Damages

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

### 3931. Mitigation of Damages

If you decide defendants are responsible for the original harm, Plaintiffs are not entitled to recover damages for harm that defendants proves Plaintiffs could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of Plaintiffs efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue risk or hardship.

If Plaintiffs made reasonable efforts to avoid harm, then your award should include reasonable amounts that they spent for this purpose.

[PROPOSED] JURY INSTRUCTIONS

# 3933. Damage From Multiple Defendants

In this case, Plaintiffs seeks damages from more than one defendant. You must determine the liability of each defendant to Plaintiffs separately.

If you determine that more than one defendant is liable to Plaintiffs for damages, you will be asked to find Plaintiffs' total damages and the comparative fault of Plaintiffs, defendants, and other nonparties.

In deciding on the amount of damages, consider only Plaintiffs' claimed losses. Do not attempt to divide the damages among the defendants. The allocation of responsibility for payment of damages among multiple defendants is to be done by the court after you reach your verdict

## 3934. Damage on Multiple Legal Theories

Plaintiffs seek damages from defendants under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether defendants are liable to Plaintiffs under the following legal theories:

Corona Seeds, Inc.

1. breach of express warranty;

2. breach of contract;

3. negligence.

Crites Seeds, Inc.

1. strict products liability;

2. negligence.

Plaintiffs may recover damages only once under all of the above legal theories.

[PROPOSED] JURY INSTRUCTIONS

3964. Jurors Not to Consider Attorney Fees and Court Costs

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

[PROPOSED] JURY INSTRUCTIONS

Special Instruction No. 1

Parties may exclude or modify warranties in connection with the sale of goods, such as the goods here. Contracting parties are permitted to limit the availability of remedies. Contracting parties may limit recovery to repayment of the purchase price as the exclusive remedy.

*See: California Commercial Code* § 2316, 2719; *Nat'l Rural Tele. Coop. v. DIRECTV, Inc.* (C.D. Cal 2003) 319 F.Supp.2d 1040, 1048; *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.* (1988) 200 Cal.App.3d 1518, 1533.

Special Instruction No. 2

An accord is an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept is entitled. Acceptance, by the other party, of the consideration of an accord extinguishes the obligation, and is called satisfaction.

*See: California Civil Code* § 1521, 1523.

[PROPOSED] JURY INSTRUCTIONS

Special Instruction No. 3

The buyer must examine the goods, or cause them to be examined, within as short a period as is practicable in the circumstances.

*See: International Treaty On Sale of Goods 38(1)*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  HORTON, OBERRECHT, KIRKPATRICK & MARTHA, 3 Park Plaza, Suite 350, Irvine, California 92614.

On March 10, 2020, I served the foregoing document described as:  **[Proposed] Jury Instructions,** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list:

[  ]    **BY MAIL** – I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than (1) day after the date of deposit for mailing in affidavit.

[  ]    **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by [name of process server].

[ X ]   **BY ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ X ]   (Federal)      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 10, 2020, at Irvine, California.

_____
Crystal Thompson

1

## SERVICE LIST

2

Agricola Cuyuma SA v. Corona Seeds, Inc., et al.

3

United States District Court Central District of California: 2:17-cv-8220 DMG (SKx)

4

| | |
|---|---|
| Panda Kroll, Esq.<br>Law Offices of Panda Kroll<br>5999-B Ridgeview Street<br>Camarillo, CA 93012<br>Phone: (805) 764-0315<br>Fax: (805) 764-0339<br>Email: pkroll@pandakrollesq.com | Co-Counsel for Defendant Corona Seeds, Inc. |
| Bruce Alan Finck, Esq.<br>BENTON, ORR, DUVAL &<br>BUCKINGHAM<br>39 N. California Street<br>Ventura, CA 93001<br>Phone: (805) 648-5111<br>Fax: (805) 648-7218<br>Email: bfinck@bentonorr.com | Counsel for Defendant Corona Seeds, Inc. |
| Brian Nomi, Esq.<br>Law Office of Brian Nomi<br>215 E. Daily Drive, Suite 28<br>Camarillo, CA 93010<br>Phone: (805) 444-5960<br>Fax: (805) 357-5333<br>Email: briannomi@yahoo.com | Co-Counsel for Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol S.A.C. |
| Eduardo Ayala Maura, Esq.<br>Ayala Law P.A.<br>1390 Brickell Avenue, Suite 335<br>Miami, FL 33131<br>Phone: (305) 570-2208<br>Fax: (305) 305-7206<br>Email: eayala@ayalalawpa.com | Co-Counsel for Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol S.A.C. |
| Jason F. Meyer, Esq.<br>J. Todd Konold, Esq.<br>Zorik Haruthunian, Esq.<br>GORDON REES SCULLY<br>MANSUKHANI, LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101 | Counsel for Crites Seed, Inc. |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

85

Tel: (619) 230-7468
Fax: (619) 696-7124
Email: jmeyer@grsm.com;
tkonold@grsm.com;
rharuthunian@grsm.com

[PROPOSED] JURY INSTRUCTIONS