**HORTON, OBERRECHT, KIRKPATRICK & MARTHA**
Cheryl A. Kirkpatrick, Esq. (SBN 149906)
Peter C.L. Chen, Esq. (SBN 246720)
3 Park Plaza, Suite 350
Irvine, CA 92614
PH: (949) 251-5100
FX: (949) 251-5104
Email: ckirkpatrick@hortonfirm.com / pchen@hortonfirm.com

Attorneys for Defendant Corona Seeds, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agricola Cuyuma SA;<br>Corporacion Agricola Vinasol SAC;<br><br>    Plaintiffs,<br>v.<br><br>Corona Seeds, Inc.;<br><br>    Defendant. | **CASE NO. 2:17-cv-8220 DMG (SKx)**<br><br>**CORONA SEEDS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #1 TO ADMIT SUMMARY CHARTS OF VOLUMINOUS EVIDENCE**<br><br>**District Judge: Hon. Dolly M. Gee**<br><br>**Date: March 31, 2020<br>Time: 2:00 p.m.<br>Courtroom: 8C - 8th Floor**<br><br>Complaint Served: December 21, 2017<br><br>Judge: Hon. Dolly M. Gee<br>Magistrate: Hon. Steve Kim |

**TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

  Defendant Corona Seeds, Inc. ("CORONA") hereby submit its Opposition to plaintiffs Agricola Cuyuma SA ("Cuyuma") and Corporacion Agricola Vinasol SAC's ("AVSA")   (collectively referred to as "Plaintiffs") motion in limine #1 to admit summary charts of voluminous evidence, as follows:

///

1

**CORONA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #1**

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

The Court should deny Plaintiffs' motion in limine #1 because Plaintiffs have not demonstrated that the proper foundation has been laid, or authentication provided, for the evidence that Plaintiffs seek to include into summary charts. Unless such evidence is actually admissible, introduction of a summary chart should not be permitted. Plaintiffs, however, have not explained how any of the purported evidence is authentic or otherwise admissible. Therefore, the Court should deny Plaintiffs' motion.

## 2. RELEVANT LAW

Documentary evidence is admissible if the following is proven by the moving party: 1) relevance; 2) properly authentication; 3) comports with the requirements of the "best evidence" rule; and 4) is not otherwise inadmissible (i.e. hearsay). *Federal Rules of Evidence ("FRE")* § 403. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. *FRE* § 401. "Of consequence" to the case has been interpreted to mean "material" to a decision in a case. *Id.*

Authentication is a condition precedent to admissibility. *Orr v. Bank of American* (9th Cir. 2002) 285 F.3d 764, 773-774, fn.8). Evidence has no probative value if it is not what the proponent claims it is. *Ricketts v. City of Hartford* (2nd Cir. 1996) 74 F.3d 1397, 1409-1410. Authentication requires evidence sufficient to sustain a finding that the item is what the proponent claims it to be, or facts need to established to constitute self-authentication. *FRE 901; FRE 902; See United States v. Thomas* (2nd Cir. 1995) 54 F.3d 73, 82 (holding that authentication may be conducted through testimony of knowledgeable witness). The party offering the evidence has the burden of presenting sufficient evidence of authenticity. *FRE* § 901(a); *United States v. Gagliardi* (2nd Cir. 2007) 506 F.3d 140, 151.

The Best Evidence rule, as described in FRE § 1002, states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these

rules or a federal statute provides otherwise. The purpose of the rule is to prevent inaccuracy and fraud when attempting to prove the contents of a writing. *United States v. Davis* (DC Cir. 2010) 596 F.3d 852, 858, fn. 4. As for hearsay, they are not admissible unless they fall into a hearsay exception. *FRE 803, 804, 807*.

Here, Plaintiffs seek to introduce summary charts of the results of testing performed by various entities. A review of the charts indicate that much of the testing was performed by third-parties, and that the test result documents came from these third parties. Plaintiffs, however, have not explained how any of the documents from where the test results were obtained are admissible. Unless the underlying evidence itself is admissible, Plaintiffs cannot publish the summary charts at trial. For the reasons discussed below, the Court should deny Plaintiffs' motion in limine #1.

### 3. **ARGUMENT**

As indicated above, documentary evidence is only admissible if it is 1) relevant; 2) properly authenticated; 3) meets with the requirements of the "best evidence" rule; and 4) is not otherwise inadmissible (i.e. hearsay). The law is clear that evidence has no probative value if it is not what the proponent claims it is. *Ricketts,* 74 F.3d 1409-1410. In fact, authentication is a condition precedent to admissibility. *Orr,* 285 F.3d at 773-774, fn.8). *Ricketts v. City of Hartford* (2nd Cir. 1996) 74 F.3d 1397, 1409-1410. The party offering the evidence has the burden of presenting sufficient evidence of authenticity. *FRE* § 901(a).

Here, Plaintiffs' Exhibit A makes it clear that most of the testing was performed by third-parties who are not in this lawsuit and that these third-parties generated the documents containing the test results. Plaintiffs' motion, however, failed to discuss how any of the purported test results are admissible at trial. Plaintiffs do not claim that any proper foundation has been lain for the introduction of these third-party test results. Nothing in the motion sheds any light on whether any of these documents have been authenticated or the manner of authentication. Similarly, Plaintiffs' motion does not identify or otherwise claim that the documents fall within any hearsay exception.

Moreover, CORONA did not stipulate that the underlying documents were authentic or otherwise admissible.

Because Plaintiffs seek to introduce a summary chart of test results performed by third-parties, it is Plaintiffs' burden to prove that such evidence has been properly authenticated and is not inadmissible hearsay. Plaintiffs have not done so and the Court should deny their motion.

## 4. CONCLUSION

For the foregoing reasons, CORONA respectfully request that this court denies Plaintiffs' motion in limine #1.

DATED:  March 17, 2020         HORTON, OBERRECHT, KIRKPATRICK & MARTHA

By: _____
    Cheryl A. Kirkpatrick
    Peter C.L. Chen
    Attorneys for Corona Seeds, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: HORTON, OBERRECHT, KIRKPATRICK & MARTHA, 3 Park Plaza, Suite 350, Irvine, California 92614.

On March 17, 2020, I served the foregoing document described as: **Corona Seeds, Inc.'s Opposition to Plaintiffs' Motion in Limine # 1 to Admit Summary Charts of Voluminous Evidence,** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list:

[ ]   **BY MAIL** – I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than (1) day after the date of deposit for mailing in affidavit.

[ ]   **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by [name of process server].

[ X ]   **BY ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ X ]   (Federal)   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 17, 2020, at Irvine, California.

_____
Crystal Thompson

# SERVICE LIST

Agricola Cuyuma SA v. Corona Seeds, Inc., et al.
United States District Court Central District of California: 2:17-cv-8220 DMG (SKx)

| | |
|---|---|
| Panda Kroll, Esq.<br>Law Offices of Panda Kroll<br>5999-B Ridgeview Street<br>Camarillo, CA 93012<br>Phone: (805) 764-0315<br>Fax: (805) 764-0339<br>Email: pkroll@pandakrollesq.com | Co-Counsel for Defendant Corona Seeds, Inc. |
| Bruce Alan Finck, Esq.<br>BENTON, ORR, DUVAL & BUCKINGHAM<br>39 N. California Street<br>Ventura, CA 93001<br>Phone: (805) 648-5111<br>Fax: (805) 648-7218<br>Email: bfinck@bentonorr.com | Counsel for Defendant Corona Seeds, Inc. |
| Brian Nomi, Esq.<br>Law Office of Brian Nomi<br>215 E. Daily Drive, Suite 28<br>Camarillo, CA 93010<br>Phone: (805) 444-5960<br>Fax: (805) 357-5333<br>Email: briannomi@yahoo.com | Co-Counsel for Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol S.A.C. |
| Eduardo Ayala Maura, Esq.<br>Ayala Law P.A.<br>1390 Brickell Avenue, Suite 335<br>Miami, FL 33131<br>Phone: (305) 570-2208<br>Fax: (305) 305-7206<br>Email: eayala@ayalalawpa.com | Co-Counsel for Plaintiffs Agricola Cuyuma SA and Corporacion Agricola Vinasol S.A.C. |
| Jason F. Meyer, Esq.<br>J. Todd Konold, Esq.<br>Zorik Haruthunian, Esq.<br>GORDON REES SCULLY MANSUKHANI, LLP<br>101 W. Broadway, Suite 2000<br>San Diego, CA 92101<br>Tel: (619) 230-7468 | Counsel for Crites Seed, Inc. |

| Fax: (619) 696-7124<br>Email: jmeyer@grsm.com;<br>tkonold@grsm.com;<br>rharuthunian@grsm.com | |

**CORONA'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE #1**