UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-8220 DMG (SK)** | Date | October 15, 2020 |

| | | | |
|---|---|---|---|
| Title | *Agricola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE PLAINTIFFS' MOTIONS *IN LIMINE* [103, 104, 112, 113, 114, 115]**

Plaintiffs Agricola Cuyuma, SA and Corporacion Agricola Vinasol, SAC have filed their motions *in limine* ("MIL") and Defendants Corona Seeds, Inc. and Crites Seed, Inc. have filed their oppositions thereto.  [Doc. ## 103-04 (Plaintiffs' MILs), 112-13 (Crites' Oppositions), 114-15 (Corona's Oppositions)].  The Court also granted Plaintiffs leave to file Reply briefs in support of their MILs.  [Doc. # 128-1, 129-1.]  Having considered the parties' written submissions, the Court issues the following rulings.

**I.
DISCUSSION**

**A.      Plaintiffs' MIL No. 1 [Doc. # 103]**

Plaintiffs first request that the Court permit them to introduce certain "voluminous" evidence at trial by way of summaries or charts under Federal Rule of Evidence 1006.  Plaintiffs claim that the full 75 pages of text detailing the results of the various germination tests that the seeds at issue underwent "cannot be conveniently examined in court" without resort to explanatory summaries.  Pls.' MIL No. 1 at 4.  Rule 1006 provides that a litigant may "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  Fed. R. Evid. 1006.  Neither Defendant objects to Plaintiffs' intended use of summaries *per se*.  Instead, both Defendants argue that the underlying test results are irrelevant, prejudicial, and not properly authenticated.  *See* Crites Opp. to Pls.' MIL No. 1 [Doc. # 112]; Corona Opp. to Pls.' MIL No. 1 [Doc. # 114].

The admissibility of the underlying test results, however, is not the subject of this motion. The only question that Plaintiffs have presented to the Court is whether they may summarize the test results on which they intend to rely using charts or other demonstratives.  If Defendants wanted to move *in limine* for an order excluding certain test results from trial, they could have done so. Because they did not, the Court will not gauge the tests' admissibility based on contentions in

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-8220 DMG (SK)** | Date | October 15, 2020 |
|---|---|---|---|

| Title | *Agricola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.* | Page | 2 of 5 |
|---|---|---|---|

opposition to Plaintiffs' MIL No. 1.  *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by *motion*.") (emphasis added).  In the absence of any proper objection to Plaintiffs' use of summaries and charts to aid their presentation of admissible test results to the jury, the Court **GRANTS** Plaintiffs' MIL No. 1.

Should Defendants wish to object to any underlying test results at trial, they may do so.  If the Court sustains any of those objections, Plaintiffs will need to adjust their summaries and charts accordingly such that no explanatory materials contain or reference inadmissible evidence. Additionally, Plaintiffs must "make the originals or duplicates" of the test results on which they rely "available for examination or copying, or both, by [Defendants] at a reasonable time and place," as Rule 1006 requires.  *United States v. Aubrey*, 800 F.3d 1115, 1130 (9th Cir. 2015) (quoting Fed. R. Evid. 1006).  The Court urges the parties to meet and confer and resolve any differences they may have regarding summaries, charts, and/or demonstratives well in advance of trial to avoid needless and time-consuming disputes and objections at trial.

**B.     Plaintiffs' MIL No. 2 [Doc. # 104]**

Plaintiffs next request that the Court take judicial notice of federal and California regulations setting germination rate standards for crops, including peas, placed into commerce.  7 C.F.R. § 201.31; Cal. Code Regs., tit. 3, §§ 3865, 3900.  Both the California and federal regulations require that peas sold into commerce achieve an 80% germination rate.  *See id.*

Courts may, and often do, take judicial notice of relevant statutes and regulations.  *See Roemer v. Board of Public Works of Maryland*, 426 U.S. 736, 743 n. 2 (1976) (taking judicial notice of state regulations); *Mora v. Vasquez*, 199 F.3d 1024, 1028 n. 7 (9th Cir.1999) (taking judicial notice of federal regulation).  The Court therefore concludes that these types of regulations qualify as judicially noticeable materials.  Fed. R. Evid. 201 (facts that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" are subject to judicial notice).  Defendants nevertheless argue that, for separate reasons, the Court should not take notice of the regulations because they are irrelevant.  *See* Crites Opp. to Pls.' MIL No. 2 [Doc. # 113]; Corona Opp. to Pls.' MIL No. 2 [Doc. # 115]; *see also Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th Cir. 2006) (declining to take judicial notice of irrelevant facts).

**1.     Crites' Arguments**

Crites contends that the standard germination rates are irrelevant because "because germination rate is only useful as a potential measure of the ability of the seeds in question to conform to plaintiffs' **contractual expectations**, and any deviation from those contractual expectations . . . **is an item of purely economic loss which plaintiffs cannot recover in tort from Crites**."  Crites Opp. to Pls.' MIL No. 2 at 2; *see Giles v. Gen. Motors Acceptance Corp*.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-8220 DMG (SK)** | Date | October 15, 2020 |
|---|---|---|---|

| Title | *Agricola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.* | Page | 3 of 5 |
|---|---|---|---|

494 F.3d 865, 874 (9th Cir. 2007) ("Whether or not the plaintiff is in a contractual relationship with the manufacturer, the plaintiff can sue the manufacturer in tort only for damages resulting from physical injury to persons or to property other than the product itself."). Crites supports this argument by stating that it "will offer evidence at trial that a seed's germination rate, no matter when it was obtained, has nothing to do with the only items of damage plaintiffs are legally-entitled to pursue against Crites:  **damage done by Crites' product (the seeds) to other property owned by plaintiffs**." *Id*. at 3.  But, because the Court has not yet seen the evidence that Crites plans to introduce at trial, and Crites does not attach any such evidence to its Opposition, it would be premature to exclude the regulations as irrelevant based only on Crites' representations about the evidence's contents.  At this stage, and without any evidence in support, the Court cannot conclude that the seeds' germination rates are irrelevant to the damage they may have caused to Plaintiffs' other property.

### 2.      Corona's Arguments

Corona argues that the California and federal regulations are irrelevant because they do not apply to the transactions at issue in this case.  Corona Opp. to Pls.' MIL No. 2 at 2.  The federal regulation, 7 C.F.R. § 201.31, sets the standard germination rate for seeds sold in "interstate commerce," which the Federal Seed Act defines to mean:

> (A) commerce between any State, Territory, possession, or the District of Columbia, and any other State, Territory, possession, or the District of Columbia; or
> (B) commerce between points within the same State, Territory, or possession, or the District of Columbia, but through any place outside thereof; or
> (C) commerce within the District of Columbia.

7 U.S.C § 1561(a)(3).

Given that Crites and Corona are both located within California, and Plaintiffs are both located in Peru, Corona is correct that none of the sales relevant to this case—Crites' sale of seeds to Corona, Corona's sale of seeds to Agricola Cuyuma, or Corona's sale of seeds to Cuyuma Vinasol—fall within the federal regulation's plain language.  Plaintiffs argue in their Reply brief that the Court should nonetheless take judicial notice of the federal regulation because it would assist the factfinder in establishing the "maximum acceptable deviation from" the germination rate that appeared on the seeds' labels by demonstrating the appropriate industry standard for germination rates.  Reply at 3-4.  But Plaintiffs' short argument on this issue supplies no authority showing that litigants can establish industry standards by using regulations that, by their terms, do

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-8220 DMG (SK)** | Date | October 15, 2020 |
|---|---|---|---|

| Title | *Agricola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.* | Page | 4 of 5 |
|---|---|---|---|

not control the transaction at issue.[1]  To the contrary, to the extent that the federal regulations can serve as evidence of an industry-standard germination rate, their utility appears limited to transactions concerning goods placed in "interstate commerce," as defined above.

The analysis is slightly different regarding the California regulations.  Those regulations, California Code of Regulations, title 3, sections 3865 and 3900, govern the sale of crops, including peas, within the State of California.  *See also* Cal. Food & Agric. Code § 52453.[2]  It is undisputed that Crites supplied the seeds at issue to Corona—a transaction that took place within California— before Corona sold them to Plaintiffs.  The California regulations therefore govern Crites' sale of seeds to Corona, and would be relevant to the extent that Plaintiffs wish to argue that the seeds fell below California's industry-standard germination rates, at the time that Corona acquired them from Crites.  *See, e.g.*, CACI No. 418 (presumption of negligence *per se*).  Whether the evidence supports such an argument is a matter of fact for proof at trial, not a question of its admissibility.

Accordingly, Plaintiffs MIL No. 2 is **GRANTED in part** and **DENIED in part**.  The Court will take judicial notice of the California germination rate requirements for the limited purpose described above.  It declines to take judicial notice of those regulations, or the federal germination rate requirements, for any other purpose.

**II.
CONCLUSION**

In light of the foregoing, the Court issues the following orders:

1.    Plaintiffs' MIL No. 1 [Doc. # 103] is **GRANTED**.  Plaintiffs may use charts or summaries to aid in the presentation to the jury of any admissible test results, provided that they comply with Rule 1006's requirements; and

2.    Plaintiffs' MIL No. 2 [Doc. # 104] is **GRANTED in part** and **DENIED in part**. The Court takes judicial notice of the California germination rate requirements as

---

[1] Plaintiffs cite only to cases further establishing the uncontroversial principle that courts may take judicial notice of regulatory guidance for the purpose of informing the factfinder as to applicable industry standards.  Reply at 3-4.

[2] Section 3900 sets the standard germination rate for peas at 80%.  Section 3865 states that the standards set out in section 3900 are "the germination standards for vegetable seeds for the purpose of the label statements required by Section 52453, Food and Agricultural Code."  Section 52453 governs the labelling requirements for "seed that is for sale or sold within this state."

---

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-8220 DMG (SK)** | Date | October 15, 2020 |
|---|---|---|---|

| Title | *Agricola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.* | Page | 5 of 5 |
|---|---|---|---|

described above, but declines to take judicial notice of the federal germination rate requirements.

**IT IS SO ORDERED.**