# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Agrícola Cuyuma SA, and<br>Corporación Agrícola Viñasol SAC,<br><br>         *Plaintiffs*,<br><br>v.<br><br>Corona Seeds, Inc., and<br>Crites Seed, Inc.,<br><br>         *Defendants*. | Case No.: CV 17-8220-DMG (SKx)<br><br>**FINAL PRETRIAL CONFERENCE ORDER [108]** |

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16,

IT IS HEREBY ORDERED:

1. **PARTIES AND PLEADINGS**

The parties are:

- Plaintiff Corporación Agrícola Viñasol SAC ("AVSA");
- Plaintiff Agrícola Cuyuma SA ("Cuyuma");
- Defendant Corona Seeds, Inc. ("Corona"); and
- Defendant Crites Seed, Inc. ("Crites").

Each of the defendants has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

- Plaintiffs' Third Amended Complaint [Doc. # 52];
- Corona's Answer [Doc. # 55]; and
- Crites' Answer [Doc. # 58].

## 2. JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the grounds: the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state (28 U.S.C. § 1332), and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district (28 U.S.C. § 1391). The facts requisite to federal jurisdiction are admitted.

## 3. TRIAL DURATION

The trial shall be concluded within five court days. Each side shall be allocated nine (9) hours, inclusive of direct and cross-examination, but excluding *voir dire*, opening statements, and closing arguments. Multiple parties on each side shall coordinate with each other regarding the allocation of the time allotted to their side.

## 4. JURY TRIAL

The trial is to be a jury trial. The parties have filed their proposed jury instructions. [Doc. # 87.] Due to the ongoing COVID-19 pandemic, the courthouse has been closed to the public and civil jury trials have been suspended until further notice. Within 10 days from the date of this Order, the parties shall meet and confer regarding a new date for their jury trial and submit a stipulation with a proposed new date or, if they are unable to agree on a new date, a joint status report.

## 5. ADMITTED FACTS

The following facts are admitted and require no proof:

- At all relevant times, Corona was a California seed seller.

- At all relevant times, Corona was a California corporation.
- At all relevant times, Crites was a business selling various types of seed within the United States, with its corporate office in Moscow, Idaho.
- AVSA is a commercial grower and exporter of agricultural produce in Peru and has been in business since 2001.
- Cuyuma is a commercial grower and exporter of agricultural produce in Peru.
- AVSA and Cuyuma purchased seeds from Corona.
- The seeds Corona sold to Plaintiffs were supplied by Crites.

6. **STIPULATED FACTS**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

- AVSA is a commercial grower and exporter of agricultural produce in Peru and has been in business since 2001.
- Cuyuma is a commercial grower and exporter of agricultural produce in Peru.
- AVSA and Cuyuma purchased seeds from Corona.
- The seeds Corona sold to Plaintiffs were supplied by Crites. Crites placed the Seeds in bags provided by Corona, sealed the bags, and sent them to Corona.
- Crites affixed labels to the bags.

7. **PARTIES' CLAIMS AND DEFENSES**

**Plaintiffs:**

(a) Plaintiffs plan to pursue the following claims against Defendants:

Claim 1: Corona breached an express warranty it made to AVSA;

Claim 2: Corona was negligent towards AVSA;

Claim 3: Corona breached its contract with AVSA;

Claim 4: Crites is strictly liable to AVSA for its manufacturing defects;

Claim 5: Crites was negligent towards AVSA;

<u>Claim 6</u>: Corona breached an express warranty it made to Cuyuma;

<u>Claim 7</u>: Corona was negligent towards Cuyuma;

<u>Claim 8</u>: Corona breached its contract with Cuyuma;

<u>Claim 9</u>: Crites is strictly liable to Cuyuma for its manufacturing defects;

<u>Claim 10</u>: Crites was negligent towards Cuyuma.

**(b)** The elements required to establish Plaintiffs' claims are:

**Claim 1 – Breach of Express Warranty (*AVSA vs. Corona*)**

1. Corona made a statement of fact to AVSA that the Seeds would have an 87% germination rate;
2. The Seeds did not perform as stated;
3. AVSA took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;
4. Corona failed to provide any remedies;
5. AVSA was harmed; and
6. The failure of the Seeds to be as represented was a substantial factor in causing AVSA's harm.

California Civil Jury Instruction No. 1230.

**Claim 2 – Negligence (*AVSA vs. Corona*)**

1. Corona was negligent;
2. AVSA was harmed; and
3. Corona's negligence was a substantial factor in causing AVSA's harm.

California Civil Jury Instruction No. 400.

**Claim 3 – Breach of Contract (*AVSA vs. Corona*)**

1. AVSA and Corona entered into a contract;
2. AVSA did all, or substantially all, of the significant things that the contract required it do to;
3. Corona failed to do something that the contract required it to do;

    4. AVSA was harmed; and

    5. Corona's breach of contract was a substantial factor in causing AVSA's harm.

California Civil Jury Instruction No. 303.

### Claim 4 – Strict Products Liability (*AVSA vs. Crites*)

1. Crites manufactured the Seeds;
2. The Seeds contained a manufacturing defect when they left Crites' possession;
3. AVSA was harmed; and
4. The Seeds' defect was a substantial factor in causing AVSA's harm.

California Civil Jury Instruction No. 1201.

### Claim 5 – Negligence (*AVSA vs. Crites*)

1. Crites was negligent;
2. AVSA was harmed; and
3. Crites' negligence was a substantial factor in causing AVSA's harm.

California Civil Jury Instruction No. 400.

### Claim 6 – Breach of Express Warranty (*Cuyuma vs. Corona*)

1. Corona made a statement of fact to Cuyuma that the Seeds would have an 87% germination rate;
2. The Seeds did not perform as stated;
3. Cuyuma took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented;
4. Corona failed to provide any remedies;
5. Cuyuma was harmed; and
6. The failure of the Seeds to be as represented was a substantial factor in causing Cuyuma's harm.

California Civil Jury Instruction No. 1230.

### Claim 7 – Negligence (*Cuyuma vs. Corona*)

1. Corona was negligent;
2. Cuyuma was harmed; and
3. Corona's negligence was a substantial factor in causing Cuyuma's harm.

California Civil Jury Instruction No. 400.

### Claim 8 – Breach of Contract (*Cuyuma vs. Corona*)

1. Cuyuma and Corona entered into a contract;
2. Cuyuma did all, or substantially all, of the significant things that the contract required it do to;
3. Corona failed to do something that the contract required it to do;
4. Cuyuma was harmed; and
5. Corona's breach of contract was a substantial factor in causing Cuyuma's harm.

California Civil Jury Instruction No. 303.

### Claim 9 – Strict Products Liability (*Cuyuma vs. Crites*)

1. Crites manufactured the Seeds;
2. The Seeds contained a manufacturing defect when they left Crites' possession;
3. Cuyuma was harmed; and
4. The Seeds' defect was a substantial factor in causing Cuyuma's harm.

California Civil Jury Instruction No. 1201.

### Claim 10 – Negligence (*Cuyuma vs. Crites*)

1. Crites was negligent;
2. Cuyuma was harmed; and
3. Crites' negligence was a substantial factor in causing Cuyuma's harm.

California Civil Jury Instruction No. 400.

   **(c)**   In brief, the key evidence Plaintiffs rely on for each of the claims is:

**Plaintiffs:**

   **Claim 1 – Breach of Express Warranty (*AVSA vs. Corona*)**

   1. Corona made a statement of fact to AVSA that the Seeds had an 87% germination rate.

      *Evidence*: Label affixed to the bags containing the Seeds, and testimony of Oscar Alvan and Edwin Maldonado.

   2. The Seeds did not perform as stated.

      *Evidence*: Several tests done on the Seeds in 2016, testimony of plant pathologist Michael Coffey, testimony of Oscar Alvan, testimony Erick Sanchez and testimony of Edwin Maldonado.

   3. AVSA took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented.

      *Evidence*: Email communications between AVSA and Corona. Testimony of Oscar Alvan.

   4. Corona failed to provide any remedies.

   5. AVSA was harmed.

      *Evidence*: Expert testimony from David Cowheard; Testimony of Alicia Chiang.

   6. The failure of the Seeds to be as represented was a substantial factor in causing AVSA's harm.

      *Evidence*: Expert testimony from Michael Coffey; Testimony of Erick Sanchez; Testimony of Edwin Maldonado.

   **Claim 2 – Negligence (*AVSA vs. Corona*)**

   1. Corona was negligent.

      *Evidence*: Several germination tests done on the Seeds in 2016 and expert testimony from plant pathologist Michael Coffey.

   2. AVSA was harmed.

   *Evidence*:  Expert testimony from David Cowheard; Testimony of Alicia Chiang.

3. Corona's negligence was a substantial factor in causing AVSA's harm.

   *Evidence*:  Expert testimony from plant pathologist Michael Coffey; Testimony of Erick Sanchez; Testimony of Edwin Maldonado.

**Claim 3 – Breach of Contract (*AVSA vs. Corona*)**

1. AVSA and Corona entered into a contract.

   *Evidence*:  Corona invoice from January 2016.

2. AVSA did all, or substantially all, of the significant things that the contract required it do to.

3. Corona failed to do something that the contract required it to do;

   *Evidence*:  Several germination tests done on the Seeds in 2016; Expert testimony from plant pathologist Michael Coffey; Testimony of Erick Sanchez.

4. AVSA was harmed.

   *Evidence*:  Expert testimony from David Cowheard; Testimony of Alicia Chang.

5. Corona's breach of contract was a substantial factor in causing AVSA's harm.

   *Evidence*:  Expert testimony from Michael Coffey; Testimony of Edwin Maldonado.

**Claim 4 – Strict Products Liability (*AVSA vs. Crites*)**

1. Crites manufactured the Seeds.

   *Evidence*:  Phytosanitary field inspection from 2012; Corona's bagging instructions. Testimony of Andy Johnson.

2. The Seeds contained a manufacturing defect when they left Crites' possession.

   *Evidence*:  Several germination tests done on the Seeds in 2016; Expert testimony of Michael Coffey.

3. AVSA was harmed.

   *Evidence*:  Expert testimony from David Cowheard; Testimony of Alicia Chang.

4. The Seeds' defect was a substantial factor in causing AVSA's harm.

*Evidence*:  Expert testimony from Michael Coffey; Testimony of Edwin Maldonado; Testimony of Erick Sanchez.

### Claim 5 – Negligence (*AVSA vs. Crites*)

1. Crites was negligent.

   *Evidence*:  Several germination tests done on the Seeds in 2016. Expert testimony from plant pathologist Michael Coffey.

2. AVSA was harmed.

   *Evidence*:  Expert testimony from David Cowheard; Testimony of Angello Flores.

3. Crites' negligence was a substantial factor in causing AVSA's harm.

   *Evidence*:  Expert testimony from Michael Coffey; Testimony of Federico Camones; Testimony of Angello Flores; Testimony of Guillermo de los Rios.

### Claim 6 – Breach of Express Warranty (*Cuyuma vs. Corona*)

1. Corona made a statement of fact to Cuyuma that the Seeds had an 87% germination rate.

   *Evidence*:  Label affixed to the bags containing the Seeds.

2. The Seeds did not perform as stated.

   *Evidence*:  Several germination tests done on the Seeds in 2016; Expert testimony from plant pathologist Michael Coffey; Testimony of Angello Flores; Testimony of Federico Camones.

3. Cuyuma took reasonable steps to notify Corona within a reasonable time that the Seeds were not as represented.

   *Evidence*:  Communications between Cuyuma and Corona; Testimony of Angello Flores.

4. Corona failed to provide any remedies.

5. Cuyuma was harmed.

   *Evidence*:  Expert testimony from David Cowheard; Testimony of Angello Flores.

6. The failure of the Seeds to be as represented was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert testimony from Michael Coffey; Testimony of Angello Flores.

**Claim 7 – Negligence (*Cuyuma vs. Corona*)**

1. Corona was negligent.

   *Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony of Michael Coffey; Testimony of Angello Flores.

2. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores.

3. Corona's negligence was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert testimony from Michael Coffey; Testimony of Angello Flores.

**Claim 8 – Breach of Contract (*Cuyuma vs. Corona*)**

1. Cuyuma and Corona entered into a contract.

   *Evidence*: Corona invoice from April 2016.

2. Cuyuma did all, or substantially all, of the significant things that the contract required it do to.

3. Corona failed to do something that the contract required it to do.

   *Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony of Michael Coffey; Testimony of Angello Flores; Testimony of Federico Camones.

4. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores.

5. Corona's breach of contract was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert report and testimony from Michael Coffey.

**Claim 9 – Strict Products Liability (*Cuyuma vs. Crites*)**

1. Crites manufactured the Seeds.

   *Evidence*: Phytosanitary field inspection from 2012; Corona's bagging instructions; Testimony of Andy Johnson.

2. The Seeds contained a manufacturing defect when they left Crites' possession.

   *Evidence*: Several germination tests done on the Seeds in 2016; Testimony of David Cowheard; Testimony of Federico Camones; Testimony of Angello Flores.

3. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores; Testimony of Federico Camones.

4. The Seeds' defect was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert testimony from Michael Coffey; Testimony of Angello Flores; Testimony of Guillermo de Los Rios.

**Claim 10 – Negligence (*Cuyuma vs. Crites*)**

1. Crites was negligent.

   *Evidence*: Several germination tests done on the Seeds in 2016; Expert testimony of Michael Coffey.

2. Cuyuma was harmed.

   *Evidence*: Expert testimony from David Cowheard; Testimony of Angello Flores; Testimony of Federico Camones.

3. Crites' negligence was a substantial factor in causing Cuyuma's harm.

   *Evidence*: Expert testimony from Michael Coffey; Testimony of Angello Flores; Testimony of Federico Camones; Testimony of Guillermo de los Rios.

**Defendants:**

**CORONA SEEDS, INC**

Defendant Corona plans to pursue the following affirmative defenses[1]:

---

[1] Corona's affirmative defenses 1, 3, 9, 10, 11, 12, 16, 18, 20, 21, 22, 24, and 27 are either not properly characterized as affirmative defenses or are duplicative and are hereby stricken.

    Fourth Affirmative Defense:

"The damages suffered by PLAINTIFFS, if any, were the direct and proximate result of the negligence, careless, reckless and unlawful conduct of parties, persons, corporations and/or entities, including PLAINTIFFS, other than these answering DEFENDANT. . ." [Comparative Fault]

1. Plaintiffs were negligent.
   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo; invoices, bags, labels; lot records.
2. Plaintiffs' negligence was a substantial factor in causing Plaintiffs' harm.
   *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo; invoices, bags, labels; lot records.

California Civil Jury Instruction No. 405.

    Sixth Affirmative Defense:

"PLAINTIFFS have waived any and all rights to recover damages from DEFENDANT, including but not limited to disclaimer of warranties, limitation of liability, etc." [Waiver]

1. Plaintiffs knew that Corona was required to deliver seeds with an 87% germination rate.
   *Evidence:* testimony of Oscar Alvan, Edwin Maldonaldo, Erick Sanchez, Angello Flores; invoices, labels, and bags.
2. Plaintiffs freely and knowingly gave up their right to have Corona perform this obligation.
   *Evidence:* testimony of Oscar Alvan, Edwin Maldonaldo, Erick Sanchez, Angello Flores; invoices, labels and bags.

California Civil Jury Instruction No. 336.

Seventh Affirmative Defense:

"PLAINTIFFS expressly, voluntarily and knowingly assumed all risks about which they complain and that, therefore, it is barred either totally or to the extent of said assumption from any damages." [Express Assumption of Risk]

1. Plaintiffs agreed before the incident that they would not hold Corona responsible for any damages.

    *Evidence:* testimony of Oscar Alvan, Edwin Maldonaldo, Erick Sanchez, Angello Flores; invoices, labels, and bags.

2. Corona was not grossly negligent and did not intentionally harm Plaintiffs.

    *Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo, Michael Newman; invoices, bags and labels; invoices for replacement seeds; testimony of Steve Koike, Pat Brecht, Dale Rush, David Kelley and Ann McDermott.

California Civil Jury Instruction No. 451.

Fifteenth Affirmative Defense:

"DEFENDANT is entitled to a setoff against any damages owed to PLAINTIFFS by virtue of the conduct of PLAINTIFFS and others responsible for PLAINTIFFS' alleged damages, if any." [Set-off]

1. Cross-demands for money have existed between Corona and Plaintiffs at one point in time.
2. The two demands are compensated so far as they equal each other.

California Civil Procedure Code § 431.70.

Twenty-Ninth Affirmative Defense:

"PLAINTIFFS failed to take reasonable and prudent actions to mitigate its alleged damages." [Failure to Mitigate]

1. Plaintiffs could have avoided their damages with reasonable efforts or expenditures.

*Evidence:* testimony of Oscar Alvan, Angello Flores, Erick Sanchez, Edwin Maldonaldo; invoices, bags, labels; lot records.

California Civil Jury Instruction No. 3930.

<u>Thirtieth Affirmative Defense</u>:

"PLAINTIFFS' claims are barred by the doctrine of Accord & Satisfaction."

[Accord and Satisfaction]

1. Plaintiffs agreed to accept, in extinction of Corona's original obligation, something different from or less than that to which Plaintiffs are entitled.

*Evidence:* testimony of Oscar Alvan, Michael Newman; emails; replacement seed invoices.

California Civil Code § 1521.

### **CRITES SEEDS, INC**

Defendant Crites plans to pursue the following affirmative defenses:

(1) <u>Affirmative Defense One</u>:  Comparative Fault (Against Both Plaintiffs)

(2) <u>Affirmative Defense Two:</u>  Misuse/Abuse of the Product (Against Both Plaintiffs)

The elements required to establish Defendant's affirmative defenses are:

<u>Comparative Fault</u>

(1) Plaintiffs were negligent;

(2) Plaintiffs' negligence was a substantial factor in causing their harm.

California Civil Jury Instructions No. 405.

<u>Misuse / Abuse of the Product</u>

(1) The Seeds were misused and /or abused after they left Crites' possession; and

(2) The misuse and/or abuse was so highly extraordinary that it was not reasonably foreseeable to Crites, and therefore should be considered the sole cause of Plaintiffs' harm.

California Civil Jury Instructions No. 1245.

In brief, the key evidence Defendant Crites relies on for each counterclaim and affirmative defense is:

### Comparative Fault (Against Both Plaintiffs)

1. Plaintiffs were negligent.

   *Evidence:* Testimony of expert witnesses David Kelley, Steve Koike, Pat Brecht, and Dale Rush.

2. Plaintiffs' negligence was a substantial factor in causing their harm.

   *Evidence:* Testimony of expert witnesses David Kelley, Steve Koike, Pat Brecht, and Dale Rush.

### Misuse/Abuse of the Product (Against Both Plaintiffs)

1. The Seeds were misused and/or abused after they left Crites' possession.

   *Evidence:* Testimony of expert witnesses David Kelley, Steve Koike, Pat Brecht, and Dale Rush.

2. The misuse and/or abuse was so highly extraordinary that it was not reasonably foreseeable to Crites, and therefore should be considered as the sole cause of Plaintiffs' harm.

   *Evidence:* Testimony of expert witnesses David Kelley, Steve Koike, Pat Brecht, and Dale Rush.

## 8. REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

- Plaintiffs' claims for:

(1) breach of express warranty; (2) negligence; (3) breach of contract; and (4) strict products liability.

- Defendant Corona's affirmative defenses of:

Corona intends only to pursue the affirmative defenses discussed above, which includes: (4) comparative fault; (6) waiver; (7) assumption of risk; (15) setoff; (29) failure to mitigate; and (30) accord & satisfaction.

- Defendant Crites' affirmative defenses of:

(1) comparative fault; and (5) product misuse.

9. **DISCOVERY**

All discovery is complete.

10. **DISCLOSURES AND EXHIBIT LIST**

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The parties' joint exhibit list has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial through an appropriate witness, except those exhibits as to which an objection has been interposed in the parties' Pretrial Exhibit Stipulation.

11. **WITNESS LISTS**

The parties' witness lists have been filed.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

The parties reserve the right to deposit depositions if the witnesses are unavailable and cannot appear in person.

12. **MOTIONS IN LIMINE**

Plaintiff filed two motions *in limine*, which the Court has resolved.

13. **BIFURCATION**

No bifurcation of trial is requested.

14. **ADMISSIONS**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED: October 15, 2020

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE