UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-8220-DMG (SKx)** | Date | June 25, 2021 |
| Title | *Agricola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.* | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

During trial, following the close of Plaintiffs' case-in-chief, Defendants brought a motion for judgment as a matter of law under Rule 50(a) against Plaintiffs' tort claims. Defendants argued that Plaintiffs provided no evidence of injury to property other than the allegedly defective Seeds—and the crops that grew from them—and so the economic loss rule bars any recovery from Plaintiffs' tort claims. The following order memorializes the Court's oral ruling.

Plaintiffs responded, *inter alia*, that the economic loss rule does not apply to Defendant Crites because they are not in contractual privity with Crites, the manufacturer of the Seeds. Plaintiffs primarily rely upon two unpublished California district court decisions, as well as other unpublished district court cases from other states applying those states' law. *See Veterans Rideshare, Inc. v. Navistar Int'l Corp.*, No. 20-CV-01304-BAS-LL, 2021 WL 2206479, at *4 (S.D. Cal. June 1, 2021) ("The absence of privity between parties to a lawsuit has been found to preclude the application of the economic loss rule."); *UMG Recordings, Inc. v. Glob. Eagle Ent., Inc.*, No. CV 14-3466 MMM (JPRx), 2015 WL 12746208, at *11 (C.D. Cal. Oct. 30, 2015) ("If there is no contractual relationship between a plaintiff and a defendant, then defendant cannot invoke the economic loss rule."). Both of these cases rely heavily upon *Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920 (9th Cir. 2009), an opinion that involved Washington state law and did not actually answer the question of whether the economic loss rule applies absent contractual privity, but rather certified the issue to the Washington State Supreme Court. *Id.* at 921-22 ("This case provides the Washington State Supreme Court an opportunity to explain more fully how, if at all, the economic loss rule applies to parties who have not contracted with each other.").

More fundamentally, Plaintiffs' authorities misunderstand the key principle behind the economic loss rule, at least as it operates in California. In the seminal case establishing the rule in product liability cases, *Seely v. White Motor Co.*, 63 Cal. 2d 9 (1965), the California Supreme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-8220-DMG (SKx)** | Date | June 25, 2021 |
| Title | ***Agricola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.*** | Page | 2 of 3 |

Court reasoned that contract law provides a remedy when a product does not perform as warranted, whereas tort law provides a remedy for physical injuries:

> The distinction [between contract and tort] rests . . . on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demands.

*Id*. at 18. The plaintiff in *Seely* had sued the manufacturer in both contract and tort for damages solely to the product itself. Based on the foregoing rationale, Court held that "Defendant is liable only because of its agreement as defined by its continuing practice over eleven months. Without an agreement, defined by practice or otherwise, defendant should not be liable for these commercial losses." *Id.* at 17.

*Seely* therefore stands for the principle that manufacturers cannot be liable to end users for purely economic losses unless an agreement exists through which the user can sue in contract. Otherwise, the manufacturer "would be liable for business losses of other [users] caused by the failure of its [product] to meet the specific needs of their businesses, even though those needs were communicated only to the [seller]." *Id*; *see also E. River S.S. Corp. v. Transamerica Delaval, Inc*., 476 U.S. 858, 874 (1986) ("Permitting recovery for all foreseeable claims for purely economic loss could make a manufacturer liable for vast sums. It would be difficult for a manufacturer to take into account the expectations of persons downstream who may encounter its product."). *Seely* is the seminal case on this issue not just in California, but in tort law jurisprudence generally. *See* Restatement (Third) of Torts: Prod. Liab. § 21, comm. (d) ("*Seely* is the leading state court case taking the position that damage to the product itself is economic loss and remedies for such losses are to be decided under the [Uniform Commercial Code]."); *see also E. River*, 476 U.S. at 871 ("[W]e adopt an approach similar to *Seely* and hold that a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself.").

To apply the economic loss rule only in cases where the parties are in contractual privity would undermine the core rationale of *Seely*, not to mention conflict with its holding. Cases like *Veterans Rideshare* protest that if the rule applied when there is no contractual privity, then there would be no remedy at all. 2021 WL 2206479, at *4. But that is precisely the point. The policy underlying the economic loss rule is that manufacturers owe no general duty to provide a product

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-8220-DMG (SKx)** | Date | June 25, 2021 |
| Title | ***Agricola Cuyuma SA, et al., v. Corona Seeds, Inc., et al.*** | Page | 3 of 3 |

with a certain level of performance absent a contract or warranty (express or implied) that promises such performance. "Without an agreement, defined by practice or otherwise, defendant should not be liable for these commercial losses." *Seely*, 63 Cal. 2d at 17; *see also Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 874 (9th Cir. 2007) ("*Whether or not the plaintiff is in a contractual relationship with the manufacturer*, the plaintiff can sue the manufacturer in tort only for damages resulting from physical injury to persons or to property other than the product itself.") (emphasis added).

Accordingly, the Court finds Plaintiffs' authorities unpersuasive. Plaintiffs' tort claims against Crites are limited to damages arising from physical injuries to property other than the allegedly defective Seeds[1] themselves.

The Court therefore finds that there is enough circumstantial evidence in the record to allow a reasonable jury to decide whether the Seeds caused a contamination of Plaintiffs' soil that damaged other crops planted in that soil, which is an injury to property other than the Seeds themselves. Therefore, Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

---

[1] Injuries to the plants that grew out of these same Seeds are also precluded from tort recovery under the economic loss rule. *See Agricola Baja Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.*, 44 F. Supp. 3d 974, 987 (S.D. Cal. 2014) ("[T]he tomato seed and resulting tomato plant are the same product.").