

**FILED**
CLERK, U.S. DISTRICT COURT

Jun 28, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ____KT____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Agrícola Cuyuma SA and
Corporación Agrícola Viñasol SAC,

        *Plaintiffs*,

v.

Corona Seeds, Inc. and
Crites Seed, Inc.,

        *Defendants*.

**Case No. CV 17-8220-DMG (SKx)**

**PRELIMINARY INSTRUCTIONS**

1

**INDEX**

2

| Number | Title | Page No. |
|--------|-------|----------|
| 1. | Duty of Jury | 3 |
| 2. | Claims and Defenses | 4 |
| 3. | Obligation to Prove – More Likely True Than Not True | 6 |
| 4. | Highly Probable – Clear and Convincing Proof | 7 |
| 5. | Two or More Parties – Different Legal Rights | 8 |
| 6. | What Is Evidence | 9 |
| 7. | What Is Not Evidence | 10 |
| 8. | Direct and Circumstantial Evidence | 11 |
| 9. | Expert Opinion | 12 |
| 10. | Ruling on Objections | 13 |
| 11. | Credibility of Witnesses | 14 |
| 12. | Conduct of the Jury | 15 |
| 13. | No Transcript Available to Jury | 19 |
| 14. | Taking Notes | 20 |
| 15. | Bench Conferences and Recesses | 21 |
| 16. | Jury to be Guided by Official English Translation | 22 |
| 17. | Outline of Trial | 23 |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 1**
**Duty of Jury**

Ladies and gentlemen:  You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

# INSTRUCTION NO. 2
## Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil lawsuit brought by Plaintiffs Agrícola Cuyuma SA ("Cuyuma"), and Corporación Agrícola Viñasol SAC ("AVSA"), commercial growers and exporters of agricultural produce in Peru, against Defendants Corona Seeds, Inc. ("Corona"), a California seed seller, and Crites Seed, Inc. ("Crites"), an Idaho seed seller. Plaintiffs purchased seeds from Corona. The seeds Corona sold to Plaintiffs were supplied by Crites.

Plaintiffs allege that the seeds were defective, and that as a result of the planting of defective seeds they incurred damages. Specifically, Plaintiffs assert the following claims against Corona:

- Breach of express warranty;
- Negligence;
- Breach of contract.

Plaintiffs assert the following claims against Crites:

- Strict products liability
- Negligence

Plaintiffs have the burden of proving these claims. Defendants deny those claims.

Defendants contend that Plaintiffs' claims are barred or limited by Plaintiffs' actions.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Specifically, Defendant Corona asserts affirmative defenses for comparative fault, waiver, express assumption of risk, setoff, failure to mitigate, and accord and satisfaction. Defendant Crites asserts affirmative defenses for comparative fault and misuse/abuse of the product.  Plaintiffs deny each of these affirmative defenses.

## INSTRUCTION NO. 3

## Obligation to Prove – More Likely True Than Not True

The parties must persuade you, by the evidence presented in court, that what they are required to prove is more likely to be true than not true.  This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it.  You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt.  But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

**INSTRUCTION NO. 4**

**Highly Probable – Clear and Convincing Proof**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof.  This means the party must persuade you that it is highly probable that the fact is true.  I will tell you specifically which facts must be proved by clear and convincing evidence.

## INSTRUCTION NO.  5
### Two or More Parties – Different Legal Rights

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO.  6
## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

# INSTRUCTION NO.  7
## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO.  8
## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 9
### Expert Opinion

You will hear testimony from individuals who will testify to opinions and the reasons for his or her opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION NO.  10
## Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.   If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# INSTRUCTION NO.  11
## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but you do not necessarily have to decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about

something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## INSTRUCTION NO.  12
### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start

over.  If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO.  13
### No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given.   During deliberations you will not have a transcript of the trial testimony.

If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know so that I can correct the problem.

**INSTRUCTION NO.  14**
**Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you.  When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

## INSTRUCTION NO.  15
### Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.   I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO.  16**

**Jury to be Guided by Official English Translation**

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court translators. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

**INSTRUCTION NO.  17**
**Outline of Trial**


Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.


The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.


After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.


After that, you will go to the jury room to deliberate on your verdict.